FILED
CLERK, U.S. DISTRICT COURT
8/29/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: ___JB___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 2:22-cr-00394-JLS |
|---|---|
| Plaintiff, | I N F O R M A T I O N |
| v. | [18 U.S.C. § 1001(a)(2): Making False Statements] |
| YASIEL PUIG VALDES, | |
| Defendant. | |

The Acting United States Attorney charges:

[18 U.S.C. § 1001(a)(2)]

A.  INTRODUCTORY ALLEGATIONS

At times relevant to this Information:

1. Defendant YASIEL PUIG VALDES was a professional baseball player who played for the Los Angeles Dodgers between 2013 and 2018. The Dodgers traded defendant PUIG to the Cincinnati Reds in December 2018, and the Reds traded defendant PUIG to the Cleveland Indians on July 31, 2019. As of June 2022, defendant PUIG played for the Kiwoom Heroes of the Korean Baseball Organization League, based in South Korea.

2. The Department of Homeland Security, Homeland Security Investigations ("HSI") and the Internal Revenue Service – Criminal

Investigation Division ("IRS-CI") in Los Angeles and the United States Attorney's Office ("USAO") for the Central District of California were conducting a federal criminal investigation into federal crimes, including illegal sports gambling and money laundering (the "Federal Investigation").

3. The operation of a sports gambling business in California was prohibited by 18 U.S.C. § 1955 and California Penal Code § 337a.

<u>The Wayne Nix Illegal Sports Gambling Business</u>

4. Wayne Nix was a resident of Orange County, California. Nix was a minor league baseball player from 1995 to 2001.

5. Sometime after 2001, Nix began operating an illegal bookmaking business in the Los Angeles area that accepted and paid off bets from bettors in California and elsewhere in the United States based on the outcomes of sporting events at agreed-upon odds (the "Nix Gambling Business"). Through contacts he had developed during his own career in professional sports, Nix created a client list of current and former professional athletes, and others.

6. Nix used agents to place and accept bets from others for the Nix Gambling Business, thus expanding the business.

7. Sand Island Sports operated Internet sports gambling websites, including www.sandislandsports.com and www.betprestige.com (hereinafter, the "Sand Island Sports websites"), hosted on servers primarily located outside the United States. Sand Island Sports also operated toll-free telephone services (the "call center") to facilitate sports betting. The Sand Island Sports websites and call center facilitated unlawful sports gambling by providing a platform to book makers to track bets placed by their clients.

8. Agent 1 was a former collegiate baseball player and a private baseball coach. Beginning in 2019, Agent 1 worked for the Nix Gambling Business as an agent. Agent 1 placed and accepted bets from others and helped Nix maintain the Nix Gambling Business by, among other things, demanding and collecting money owed to the Nix Gambling Business by bettors and others.

9. As part of the Nix Gambling Business, Nix and Agent 1 used the Sand Island Sports websites and call center to create accounts through which wagers would be placed and tracked, and to set credit limits for bettors.

10. Nix provided bettors with account numbers and passwords for the Sand Island Sports websites and directed the bettors to use the Sand Island Sports websites to place bets with the Nix Gambling Business.

11. Bettors would place bets online through the Sand Island Sports websites, and through Nix, Agent 1, and others working at Nix's direction.

12. In January 2019, defendant PUIG met Agent 1 at a youth baseball camp, and Agent 1 later assisted defendant PUIG in preparing for the upcoming baseball season.

13. Individual A was a client of the Nix Gambling Business who, in or about June 2019, was owed at least $200,000 in gambling winnings from the Nix Gambling Business.

14. Individual B was a private baseball coach who assisted defendant PUIG in placing sports bets with Agent 1 and assisted Agent 1's efforts to collect gambling debts from defendant PUIG.

Defendant PUIG's Use of the Nix Gambling Business

15. Beginning no later than May 2019, defendant PUIG began placing bets on sporting events with the Nix Gambling Business through Agent 1. By June 17, 2019, defendant PUIG owed the Nix Gambling Business $282,900 for sports gambling losses.

16. Between June 25, 2019, and July 3, 2019, in a series of text messages, Agent 1 and Individual B instructed defendant PUIG to make a check or wire transfer payable to Individual A.

17. On June 25, 2019, defendant PUIG withdrew $200,000 from a Bank of America financial center in Glendale, California, and purchased two cashiers' checks for $100,000 each that were made payable to Individual A.

18. On July 3, 2019, defendant PUIG sent the cashiers' checks to Individual A via the United Parcel Service ("UPS") and sent a photo of the UPS shipping label to Agent 1 and Individual B via text message.

19. On July 4, 2019, via text message, Nix provided defendant PUIG direct access to the Sand Island Sports websites, assigned defendant PUIG player identification number "R182" and password "yp," and provided defendant PUIG the Sand Island Sports website addresses.

20. Between July 4, 2019, and September 29, 2019, defendant PUIG placed 899 bets on sporting events through the Nix Gambling Business, Agent 1, and Sand Island Sports.

Investigation into Wayne Nix and Agent 1

21. On January 27, 2022, defendant PUIG was interviewed in the presence of his attorney by HSI, IRS-CI, and the USAO regarding the Federal Investigation, including the cashiers' checks defendant PUIG

sent to Individual A.  Defendant PUIG, through his counsel, requested that HSI not record the interview.

22. At the beginning of the interview, a Special Agent from HSI admonished defendant PUIG that lying to federal law enforcement agents is a crime, and defendant PUIG stated that he understood.

B.   FALSE STATEMENTS

23. On or about January 27, 2022, in Los Angeles County, within the Central District of California, and affecting the Federal Investigation in the Central District of California, and in a matter within the jurisdiction of the executive branch of the government of the United States, namely, HSI, IRS-CI, and the USAO, defendant PUIG knowingly and willfully made materially false statements and representations to HSI, IRS-CI, and the USAO knowing that these statements and representations were untrue:

    a. Defendant PUIG falsely stated that he had never discussed sports betting with Agent 1.  In fact, as defendant PUIG then knew, defendant PUIG discussed sports betting with Agent 1 via telephone and text messages on numerous occasions, and Agent 1 assisted defendant PUIG in placing at least 899 bets on sporting events between in or about May 2019 and on or about September 29, 2019.

    b. Defendant PUIG falsely stated that he had placed a bet online with an unknown person on an unknown website which resulted in a loss of $200,000.  In fact, as defendant PUIG then knew, defendant PUIG placed a series of bets directly through Agent 1 that resulted in the gambling loss, and not through a website.

    c. Defendant PUIG falsely stated that he did not know the individual who instructed him to send $200,000 in cashiers' checks to

Individual A and that he had never communicated with that person via text message.  In fact, as defendant PUIG then knew, Agent 1 and Individual B, who defendant PUIG knew, instructed defendant PUIG via text messages to send $200,000 to Individual A, and defendant PUIG had communicated with Agent 1 and Individual B on multiple occasions.

STEPHANIE S. CHRISTENSEN
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

KRISTEN A. WILLIAMS
Assistant United States Attorney
Acting Chief, Major Frauds Section

ALEXANDER B. SCHWAB
Assistant United States Attorney
Deputy Chief, Major Frauds Section

JEFF MITCHELL
Assistant United States Attorney
Major Frauds Section

DANIEL BOYLE
Assistant United States Attorney
Asset Forfeiture & Recovery Section