1 | E. MARTIN ESTRADA
United States Attorney
2 | SCOTT M. GARRINGER
Assistant United States Attorney
3 | Chief, Criminal Division
JEFF MITCHELL (Cal. Bar No. 236225)
4 | Assistant United States Attorney
Major Frauds Section
5 | DAN G. BOYLE (Cal. Bar No. 332518)
Assistant United States Attorney
6 | Asset Forfeiture & Recovery Section
      1100 United States Courthouse
7 |    312 North Spring Street
      Los Angeles, California 90012
8 |    Telephone: (213) 894-0698/2426
      Facsimile: (213) 894-6269/0141
9 |    E-mail:   jeff.mitchell@usdoj.gov
                 daniel.boyle2@usdoj.gov
10 |
Attorneys for Plaintiff
11 | UNITED STATES OF AMERICA

12 |                  UNITED STATES DISTRICT COURT

13 |           FOR THE CENTRAL DISTRICT OF CALIFORNIA

14 | UNITED STATES OF AMERICA,              No. CR 22-394-DMG

15 |           Plaintiff,                   STIPULATION REGARDING REQUEST FOR
                                            (1) CONTINUANCE OF TRIAL DATE AND
16 |             v.                         (2) FINDINGS OF EXCLUDABLE TIME
                                            PERIODS PURSUANT TO SPEEDY TRIAL
17 | YASIEL PUIG VALDES,                    ACT

18 |           Defendant.                   **CURRENT TRIAL DATE:**   1-10-23
                                            **PROPOSED TRIAL DATE:**  2-14-23
19 |

20 |

21 |

22 |      Plaintiff United States of America, by and through its counsel

23 | of record, the United States Attorney for the Central District of

24 | California and Assistant United States Attorney Jeff Mitchell, and

25 | defendant YASIEL PUIG VALDES ("defendant"), both individually and by

26 | and through his counsel of record, Keri Curtis Axel, hereby stipulate

27 | as follows:

28 |

1      1.    The Information in this case was filed on August 29, 2022,

2  and unsealed on November 14, 2022.  Defendant first appeared before a

3  judicial officer of the court in which the charges in this case were

4  pending on November 15, 2022.  At that time, the Honorable Patricia

5  Donahue, United States Magistrate Judge, did not set a trial date

6  because of the filed plea agreement and referred the parties to this

7  Court for a change of plea hearing.

8      2.    The Speedy Trial Act, 18 U.S.C. § 3161, originally required

9  that the trial commence on or before January 24, 2023.

10     3.    On December 2, 2022, the Court set a trial date of January

11  10, 2023, and a status conference date of December 13, 2022.

12     4.    Defendant is released on his own recognizance pending

13  trial.  The parties estimate that the trial in this matter will last

14  approximately five days.

15     5.    By this stipulation, defendant moves to continue the trial

16  date to February 14, 2023, and the status conference date to February

17  1, 2023, at 2:00pm.  This is the first request for a continuance.

18     6.    Defendant requests the continuance based upon the following

19  facts, which the parties believe demonstrate good cause to support

20  the appropriate findings under the Speedy Trial Act:

21        a.    Defendant is charged with a violation of 18 U.S.C.

22  § 1001(a)(2): Making False Statements.  The government has produced

23  approximately 3,496 pages of discovery to the defense; however, the

24  parties are engaged in ongoing discussions related to additional

25  discovery, including discovery related to individuals in the larger

26  investigation.  This discovery is voluminous, and includes wiretaps,

27  search warrants, bank records, interview reports, and computer

28

1   forensics, among other items.  Most of this discovery must be

2   redacted or produced in a protective order.

3          b.   Due to the nature of the investigation, the unique

4   procedural history in this matter, the possibility of additional

5   charges, and the voluminous discovery made available to defendant,

6   this case is so unusual and so complex that it is unreasonable to

7   expect adequate preparation for pretrial proceedings or for the trial

8   itself within the Speedy Trial Act time limits.

9          c.   In light of the foregoing, counsel for defendant also

10  represents that additional time is necessary to confer with

11  defendant, conduct and complete an independent investigation of the

12  case, conduct and complete additional legal research including for

13  potential pre-trial motions, review the discovery and potential

14  evidence in the case, and prepare for trial in the event that a

15  pretrial resolution does not occur.  Defense counsel represents that

16  failure to grant the continuance would deny her reasonable time

17  necessary for effective preparation, taking into account the exercise

18  of due diligence.

19         d.   Defendant believes that failure to grant the

20  continuance will deny him continuity of counsel and adequate

21  representation.

22         e.   The government does not object to the continuance.

23         f.   The requested continuance is not based on congestion

24  of the Court's calendar, lack of diligent preparation on the part of

25  the attorney for the government or the defense, or failure on the

26  part of the attorney for the Government to obtain available

27  witnesses.

28

7.   For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of January 10, 2023, to February 14, 2023, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(ii) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the investigation, the unique procedural history, the possibility of additional charges, and the voluminous discovery, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8.   Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy

//

//

//

1  Trial Act may in the future authorize the exclusion of additional

2  time periods from the period within which trial must commence.

3       IT IS SO STIPULATED.

4  Dated: December 7, 2022          Respectfully submitted,

5                                   E. MARTIN ESTRADA
                                     United States Attorney
6
                                     SCOTT M. GARRINGER
7                                    Assistant United States Attorney
                                     Chief, Criminal Division
8

9                                        /s/ Jeff Mitchell
                                     JEFF MITCHELL
10                                   Assistant United States Attorney

11                                   Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA
12

13       I am Yasiel Puig Valdes' attorney.  I have carefully discussed

14  every part of this stipulation and the continuance of the trial date

15  with my client. I have fully informed my client of his Speedy Trial

16  rights.  To my knowledge, my client understands those rights and

17  agrees to waive them.  I believe that my client's decision to give up

18  the right to be brought to trial earlier than February 14, 2023, is

19  an informed and voluntary one.

20  _____          12/11/2022
                                         _____
21  KERI CURTIS AXEL                     Date
    Attorney for Defendant
22  Yasiel Puig Valdes

23

24       I have read this stipulation and have carefully discussed it

25  with my attorney.  This agreement has been read to me in Spanish, the

26  language I understand best, and I have carefully discussed every part

27  of it with my attorney.  I understand my Speedy Trial rights.  I

28  voluntarily agree to the continuance of the trial date, and give up

5

my right to be brought to trial earlier than February 14, 2023.  I
understand that I will be ordered to appear in Courtroom 8C of the
Federal Courthouse, 350 W. 1st Street, Los Angeles, California on
February 14, 2023, at 8:30am.

_____          12-10-2022
YASIEL PUIG VALDES                        Date
Defendant

## CERTIFICATION OF INTERPRETER

I, Jesus Garcia, am fluent in the written and spoken English
and Spanish languages.  I accurately translated this entire agreement
from English into Spanish to defendant Yasiel Puig Valdes on this
date.

_____          12/10/2022
INTERPRETER                               Date

6