E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JEFF MITCHELL (Cal. Bar No. 236225)
Assistant United States Attorney
Major Frauds Section
DAN G. BOYLE (Cal. Bar No. 332518)
Assistant United States Attorney
Asset Forfeiture & Recovery Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0698/2426
     Facsimile: (213) 894-6269/0141
     E-mail:    jeff.mitchell@usdoj.gov
                daniel.boyle2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 22-394-DMG |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION FOR BREACH OF PLEA AGREEMENT; MEMORANDUM OF POINTS AND AUTHORITIES |
| v. | |
| YASIEL PUIG VALDES, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Jeff Mitchell and Daniel Boyle, hereby moves for a Court finding that defendant YASIEL PUIG VALDES breached the terms of his plea agreement.

//

//

This motion is based upon the attached memorandum of points and authorities, the attached exhibits, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: December 14, 2022         Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division


         */s/ Jeff Mitchell*
JEFF MITCHELL
DANIEL BOYLE
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   PROCEDURAL BACKGROUND**

On August 29, 2022, the government filed plea agreement for defendant YASIEL PUIG VALDES ("defendant"). The plea agreement required defendant to plead guilty. In exchange for his guilty plea, the government agreed not to prosecute defendant for the more serious offense of Obstruction of Justice.

Defendant appeared for his guilty plea on November 23, 2022, but refused to plead guilty. The government hereby seeks to be relieved of its contractual obligations.

**II.   ARGUMENT**

The Ninth Circuit Court of Appeals has determined that "[p]lea agreements are contractual in nature and are measured by contract law standards." United States v. De la Fuente, 8 F.3d 1333, 1337 (9th Cir. 1993) (internal citation omitted).

"When the government seeks to revoke a plea agreement, it must demonstrate to the trial court that the defendant has not fulfilled his promises." United States v. Gonzalez Sanchez, 825 F.2d 572, 578 (1st Cir. 1987). The government has the burden of proving a breach of the plea agreement by a preponderance of the evidence. See United States v. Packwood, 848 F.2d 1009, 1011 (9th Cir. 1988); accord United States v. Tilley, 964 F.2d 66, 71 (1st Cir. 1992); United States v. Verrusio, 803 F.2d 885, 894 (7th Cir. 1986).

   **A.   Defendant Breached His Plea Agreement by Refusing to Plead Guilty**

The plea agreement required defendant to plead guilty. (Dkt. No. 6, Plea Agreement ¶ 2(a).) In exchange for his guilty plea, the government agreed not to prosecute defendant for the more serious

offense of Obstruction of Justice, in violation of 18 U.S.C. § 1503, arising out of defendant's conduct described in the factual basis of the plea agreement. (Id. ¶ 3(d).)

Defendant appeared for his guilty plea on November 23, 2022, but refused to plead guilty. (Dkt. No. 24.) At defense counsel's request, both the Court and the government gave defendant a second opportunity to plead guilty on November 29, 2022, but defendant again refused to plead guilty. (Dkt. No. 26.) In addition, defendant has stipulated that he longer intends to plead guilty in this matter and has requested a trial date. (Id.)

### B. The Remedy for Defendants' Breach of the Plea Agreement Is to Relieve the Government of Its Obligations Under the Agreement

When a defendant is found to have breached a plea agreement, the appropriate remedy is to relieve the government of its obligations under the agreement. See Gonzalez-Sanchez, 825 F.2d at 578 ("the failure of the defendant to fulfill his promise to cooperate and testify fully and honestly releases the government from the plea agreement," and the government was entitled to "indict and try the defendant regardless of whatever it may have promised earlier"); United States v. Sandoval-Lopez, 122 F.3d 797, 800 (9th Cir. 1997) ("Where a defendant has breached a plea agreement, courts have found the government to be free from its obligations."). As the Ninth Circuit succinctly stated in Sandoval-Lopez:

> Plea bargains are contractual in nature and subject to contract-law standards. Just as with other forms of contracts, a negotiated guilty plea is a "bargained-for quid pro quo." Thus, either party can be said to 'breach' a plea bargain if it fails to live up to the promises it made under the terms of the agreement. Where a defendant has breached a plea agreement courts have found the government to be free from its obligations.

2

122 F.3d. at 800 (internal citations omitted).

In this case, the plea agreement signed by defendant, with advice of counsel, explicitly state that violating any of its provisions will constitute a breach:

> Defendant agrees that if defendant, at any time after the effective date of this agreement, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

(Plea Agreement ¶ 21.)

As a consequence, in the event of a breach, the government is no longer bound by its agreements. (Id.) For all of these reasons, the Court should find defendant in breach of his plea agreement.

**III. CONCLUSION**

The government requests that the Court make a finding that defendant breached his plea agreement. Pursuant to the above terms, such a finding will relieve the government of its obligations under the plea agreement.

3