E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JEFF MITCHELL (Cal. Bar No. 236225)
Assistant United States Attorney
Major Frauds Section
DAN G. BOYLE (Cal. Bar No. 332518)
Assistant United States Attorney
Asset Forfeiture & Recovery Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0698/2426
     Facsimile: (213) 894-6269/0141
     E-mail:    jeff.mitchell@usdoj.gov
                daniel.boyle2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 22-394-DMG |
|---|---|
| Plaintiff, | EX PARTE APPLICATION FOR A PROTECTIVE ORDER REGARDING DISCOVERY |
| v. | |
| YASIEL PUIG VALDES, | PROPOSED ORDER FILED SEPARATELY |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Jeff Mitchell and Dan Boyle, for the reasons set forth below, hereby moves this Court Ex Parte requesting that the Court enter a protective order pursuant to Federal Rule of Criminal Procedure Rule 16(d)(1), in the form accompanying this application (the "Protective Order") governing the use and dissemination of personal identifying information of real persons, proprietary and confidential business and financial

information of third-parties, the identity of cooperating individuals, wiretap material, and information involving ongoing criminal, civil, and regulatory investigations.

Introduction

1. Defendant is charged in this matter with a violation of 18 U.S.C. § 1001. Defendant is released on bond pending trial.

2. Trial is currently set for February 14, 2023, with a final pretrial conference set for February 1, 2023. See ECF No. 32.

3. The parties have repeatedly met-and-conferred in good faith, both telephonically and by email and as recently as December 13, 2022, regarding a proposed Protective Order. In an effort to reach an agreement and produce discovery as quickly as possible, the government agreed to modify its standard Protective Order, based on suggestions from defendant. The instant application and proposed Protective Order incorporate defendant's suggestions, with the exception of one: as described herein, the government proposes that any filings containing confidential information be filed under seal and pursuant to the Court's individual practices for sealed filings in criminal actions, while defendant requests that the Court use a modified version of Local Civil Rule 79-5.2.2.

4. Because the parties could not reach agreement on this final term, and in consideration of the present trial date, the government now brings this application ex parte.

Grounds for Protective Order

5. The government submits that a protective order is necessary because the government intends to produce to the defense materials containing PII, proprietary and confidential business and financial information of third-parties, the identity of cooperating

individuals, wiretap material, and information involving related and unrelated ongoing criminal, civil, and regulatory investigations. The government submits that disclosure of this information without limitation risks the privacy and security of the information's legitimate owners. Because the government has an ongoing obligation to protect such information, the government cannot produce to defendant an unredacted set of discovery containing this information without the Court entering the Protective Order. Moreover, this information makes up a significant part of the discovery in this case and such information itself, in many instances, has evidentiary value. If the government were to attempt to redact all of this information in strict compliance with Federal Rule of Criminal Procedure 49.1, the Central District of California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, the defense would receive a set of discovery that would be highly confusing and difficult to understand.

6. The purpose of the Protective Order is to (a) allow the government to comply with its discovery obligations while protecting this sensitive information from unauthorized dissemination, and (b) provide the defense with sufficient information to adequately represent defendant.

Definitions

7. The government submits the following definitions:

a. "PII" includes any information that can be used to identify a person, including a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, email address, or personal identification number.

b. "Confidential Information" refers to any document or information containing PII Materials; proprietary or confidential business and financial information of third-parties; the identity of cooperating individuals; wiretap material; or information involving nonpublic criminal, civil, and regulatory investigations that the government produces to the defense pursuant to this Protective Order and any copies thereof.

c. "Defense Team" includes (1) defendant's counsel of record ("defense counsel"); (2) other attorneys at defense counsel's law firm who may be consulted regarding case strategy in this case; (3) defense investigators who are assisting defense counsel with this case or other consultants retained by the defense team; (4) retained experts or potential experts; and (5) paralegals, legal assistants, and other support staff to defense counsel who are providing assistance on this case. The Defense Team does not include defendant and his personal Agents or attorneys, defendant's family members, or any other associates of defendant.

Terms of the Protective Order

8. The government requests the Court enter the Protective Order, which will permit the government to produce Confidential Information in a manner that preserves the privacy and security of third parties. The government submits that the following conditions in the Protective Order will serve these interests:

a. The government is authorized to provide defense counsel with Confidential Information marked with the following legend: "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER." Where possible, each document containing Confidential Information shall be marked with this legend. For digital

4

materials/ESI, the government may put that legend on the digital medium (such as DVD or hard drive) or simply label a digital folder on the digital medium to cover the content of that digital folder. The government may also redact any PII contained in the production of Confidential Information.

  b. If defendant objects to a designation that material contains Confidential Information, the parties shall meet and confer.  In addition to potentially de-designating the materials, the government shall consider whether the material can be produced in a redacted form such that it would not need to be considered Confidential.  If the parties cannot reach an agreement regarding defendant's objection, defendant may apply to the Court to have the designation removed.

  c. Defendant and his personal Agents or attorneys and the Defense Team shall use the Confidential Information solely to prepare for any pretrial motions, plea negotiations, trial, and sentencing hearing in this case, as well as any appellate and post-conviction proceedings related to this case.

  d. The Defense Team shall not permit anyone other than the Defense Team to have possession of Confidential Information, including defendant and his personal Agents or attorneys, while outside the presence of the Defense Team.

  e. At no time, under no circumstance, will any Confidential Information be left in the possession, custody, or control of defendant and/or his personal Agents or attorneys, regardless of defendant's custody status.

  f. Defendant and his personal Agents or attorneys may review Confidential Information only in the presence of a member of

the Defense Team, who shall ensure that defendant and his personal Agents or attorneys are never left alone with any Confidential Information.  At the conclusion of any meeting with defendant at which defendant and his personal Agents or attorneys is permitted to view Confidential Information, defendant and his personal Agents or attorneys must return any Confidential Information to the Defense Team, and a member of the Defense Team present shall take all such materials with him or her.  Defendant and his personal Agents or attorneys may not take any Confidential Information out of the room in which defendant and his personal Agents or attorneys are meeting with the Defense Team.

      g.   Defendant and his personal Agents or attorneys may see and review Confidential Information as permitted by this Protective Order, but defendant and his personal Agents or attorneys may not copy, keep, maintain, or otherwise possess any Confidential Information in this case at any time.  Defendant and his personal Agents or attorneys also may not write down or memorialize any data or information contained in the Confidential Information.

      h.   The Defense Team may review Confidential Information with a witness or potential witness in this case, including defendant and his personal Agents or attorneys.  A member of the Defense Team must be present if Confidential Information are being shown to a witness or potential witness.  Before being shown any portion of Confidential Information, however, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order.  No member of the Defense Team shall permit a witness or potential witness to

6

retain Confidential Information or any notes generated from Confidential Information.

    i.    The Defense Team shall maintain Confidential Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than members of the Defense Team, defendant and his personal Agents or attorneys, witnesses, and potential witnesses, as restricted above, to see Confidential Information; (2) not divulging to anyone other than members of the Defense Team, defendant and his personal Agents or attorneys, witnesses, and potential witnesses, the contents of Confidential Information; and (3) not permitting Confidential Information to be outside the Defense Team's offices, homes, vehicles, or personal presence.

    j.    To the extent that defendant and his personal Agents or attorneys, the Defense Team, witnesses, or potential witnesses create notes that contain, in whole or in part, Confidential Information, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Confidential Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

    k.    The Defense Team shall use Confidential Information only for the litigation of this matter and for no other purpose. Litigation of this matter includes any appeal filed by defendant and any motion filed by defendant pursuant to 28 U.S.C. § 2255. In the event that a party needs to file Confidential Information with the Court or divulge the contents of Confidential Information in court filings, the filing should be made under seal in accordance with the

Court's individual practices for sealed filings in criminal cases. If the Court rejects the request to file such information under seal, the party seeking to file such information publicly shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention.  If the other party does not object to the proposed filing, the party seeking to file such information shall redact any Confidential Information and make all reasonable attempts to limit the divulging of Confidential Information.

   l. Any Confidential Information inadvertently produced in the course of discovery prior to entry of the Protective Order shall be subject to the terms of the Protective Order.  If Confidential Information was inadvertently produced prior to entry of the Protective Order without being marked "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER," the government shall reproduce the material with the correct designation and notify defense counsel of the error.  The Defense Team shall take immediate steps to destroy the unmarked material, including any copies.

   m. Confidential Information shall not be used by the defendant and his personal Agents or attorneys, or the Defense Team, in any way, in any other matter, absent an order by this Court.  All materials designated subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such order is modified by this Court.  Within 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return all Confidential Information, certify that such materials have been destroyed, or certify that such materials are being kept pursuant to the

California Business and Professions Code and the California Rules of Professional Conduct.

   n. In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must be informed of, and agree in writing to be bound by, the requirements of the Protective Order before the undersigned defense counsel transfers any Confidential Information to the new defense counsel. New defense counsel's written agreement to be bound by the terms of the Protective Order must be returned to the Assistant U.S. Attorney assigned to the case. New defense counsel then will become the Defense Team's custodian of materials designated subject to the Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for returning to the government, certifying the destruction of, or retaining pursuant to the California Business and Professions Code and the California Rules of Professional Conduct all Confidential Information.

   o. Defense counsel shall advise defendant and his personal Agents or attorneys, and all members of the Defense Team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing defendant and his personal Agents or attorneys, and members of the Defense Team with access to any materials subject to the Protective Order.

//
//

9. Accordingly, the government requests that the Court enter a protective order in the form submitted herewith.

DATED: December 15, 2022        E. MARTIN ESTRADA
                                United States Attorney

                                SCOTT M. GARRINGER
                                Assistant United States Attorney
                                Chief, Criminal Division


                                  /s/
                                JEFF MITCHELL
                                DAN G. BOYLE
                                Assistant United States Attorneys

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA