Keri Curtis Axel (Bar No. 186847)
  kaxel@waymakerlaw.com
Jose R. Nuño (Bar No. 312832)
  jnuno@waymakerlaw.com
WAYMAKER LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
Telephone: (424) 652-7800
Facsimile:  (424) 652-7850

Attorneys for Defendant
Yasiel Puig Valdes

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>YASIEL PUIG VALDES,<br><br>Defendant. | Case No. CR 22-394-DMG<br><br>**DEFENDANT'S OBJECTIONS TO GOVERNMENT'S *EX PARTE* APPLICATION FOR PROTECTIVE ORDER**<br><br>**DECLARATION OF KERI CURTIS AXEL FILED UNDER SEPARATE COVER** |

Defendant Yasiel Puig Valdes ("Defendant Puig" or "Puig"), through his counsel Waymaker LLP, respectfully submits the following objections to the government's *Ex Parte* Application for a Protective Order ("Govt's App." (Dkt. 35)), filed Thursday, December 15, 2022.

/ / /

/ / /

/ / /

---

The government's *ex parte* application ignores numerous provisions of the Local Rules of the Central District of California and this Court's own rules.  Indeed, it does not clearly present to the Court the single issue actually presented (on which there was no urgency or need for *ex parte* relief), and does not provide any points and authorities on that narrow issue.  (*See* Dkt. 35.)  The only issue presented is whether the parties must comply with Local Rule 79-5.2.2 regarding sealed filings containing materials that a party has designed confidential (which is the defense's position), or whether the default is that entire filings be made under seal, leaving the Court to be the gatekeeper over individual filings to determine whether the public may have access, or forcing the non-designating party to institute collateral litigation.  (*See* Dkt. 35, ¶ 8(k); Dkt. 35-1 ¶ 4(n).)

With regard to the procedural rules regarding notice, the conference of counsel, and service, the government did not comply with Local Rule 7-19 requiring it to make a reasonable, good faith effort to orally advise the defense of "the date and substance" of its proposed *ex parte* application, among other rules.  As set forth in the concurrently-filed Declaration of Keri Curtis Axel ("Axel Decl."), the parties were engaged in a meet and confer process and had resolved all but one dispute regarding the form of order.  (*Id.* ¶¶ 4-8.)  Although the government made a general statement (on Monday, December 12, 2022) that it would file an *ex parte* application if agreement were not reached, it provided neither the date nor the substance of the proposed *ex parte* application.  The defense last provided points and authorities for the government's consideration (on Tuesday, December 13, 2022), and never heard back before the application was filed.  (*Id.* ¶¶ 8-9.)

The government also did not advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application as required by L.R. 7-19.1 and this Court's Procedure 6 (*Ex Parte* Applications).  (*See* Hon. Dolly M. Gee Local Procedure ("Judge's Procedures") 6.) .  While the government provides an overview stating that the

parties met-and-conferred and reached resolution as to most aspects of the protective order, it neither states that the defense was aware of the substance of the application nor does it advise the Court whether the defense intended to file an opposition.[1]

These are not merely technical objections, as the meet-and-confer process is designed to assist the Court and the litigants by narrowing issues, and the *ex parte* application requirements are designed to ensure procedural fairness given the shortened time. Here, the parties conferred and successfully limited the dispute to a single provision of the draft order – a provision that pertains to the procedure for publicly filing documents that reference materials that have been designated confidential.[2] Had the defense been consulted about the "substance" of the government's application, the defense would have suggested that the parties stipulate to the undisputed provisions, allowing confidential discovery to be produced while teeing up the one narrow-but-important remaining issue cleanly for the Court, which also would have had the effect of eliminating the need for haste.

As to the substance of its application, the government also failed to provide its reasons for seeking an *ex parte* order, or to provide any points and authorities in support of its position. As addressed more fully in Puig's opposition brief, the grounds the government asserts in support of its *ex parte* application focus only on the need for a protective order in general, which the defense does not dispute. (*See* Dkt. 35 at 2:25-3:21.) The government includes only one sentence describing the

---

[1] In addition, the government did not serve the *ex parte* application on the opposing party by fax, email, or hand delivery and notify the opposing party that any opposition must be filed not later than 24 hours after service. (*See* Judge's Procedures 6; Axel Decl. ¶ 10.)

[2] There should be no inference that all records the government designates confidential will necessarily be confidential; given the volume of Electronically Stored Information, entire databases or devices are often designated confidential where only some material is confidential. (*See* Dkt. 35-1, ¶ 8(a)(government can put a Confidential Information legend on an entire DVD or hard drive).)

provision in dispute, does not quote it, identify it by number, or clearly set forth what the parties' respective proposals were.  (*Id.*)  Moreover, the application fails to provide any points and authorities in support of its position as to the disputed paragraph, which concerns an important First Amendment issue regarding public access to court records, and the defense has not seen any from the government to date.  As described more fully in defendant's opposition, this is not an issue that should be treated trivially or offhandedly.

Finally, the government failed to address the requirement set forth by this Court (and many well-established case authorities) that *ex parte* applications be used only in "extraordinary circumstances" and "with discretion."  (*See* Judge's Procedure 6 (citing *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995))).)  The only point the government makes that suggests a need for exigency is the phrase referencing the "present trial date."  (*See* Dkt. 35 at 2:21-23.)  But motion practice and counsel's need for time to review discovery are bases for excludable time (18 U.S.C. § 3161(h)(1)(D), (7)(b)(4); *U.S. v. Langford*, 802 F.2d 1176, 1178 (9th Cir. 1986) ("[t]he time between the filing and disposition of these [discovery] motions was excludable for Speedy Trial Act purposes")), so this should not be a sufficient reason to support *ex parte* treatment rather than a noticed motion.  In any event, the easy solution would have been for the parties to stipulate to all the provisions to which the parties agreed, permitting discovery to proceed, and simply teeing up for a motion the issue of how court filings referencing information containing confidential information will be made.

/ / /

/ / /

/ / /

Respectfully submitted,

DATED: December 19, 2022           WAYMAKER LLP


By: _____
KERI CURTIS AXEL
JOSE R. NUÑO
*Attorneys for Defendant Yasiel Puig Valdes*