

1  Keri Curtis Axel (Bar No. 186847)
2     kaxel@waymakerlaw.com
3  Jose R. Nuño (Bar No. 312832)
      jnuno@waymakerlaw.com
4  WAYMAKER LLP
5  515 S. Flower Street, Suite 3500
   Los Angeles, California 90071
6  Telephone: (424) 652-7800
7  Facsimile:  (424) 652-7850

8  Attorneys for Defendant
9  Yasiel Puig Valdes

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 22-394-DMG |
| Plaintiff, | |
| v. | **DECLARATION OF KERI CURTIS AXEL RE PROTECTIVE ORDER** |
| YASIEL PUIG VALDES, | |
| Defendant. | |

DECLARATION OF KERI CURTIS AXEL RE PROTECTIVE ORDER

<u>DECLARATION OF KERI CURTIS AXEL</u>

I, Keri Curtis Axel, declare as follows:

1. I am an attorney licensed to practice in the State of California. I am a partner with Waymaker LLP, counsel to Defendant Yasiel Puig Valdes in this action. I make this Declaration in support of Defendant's Objections and Opposition to Government's *Ex Parte* Application for a Protective Order Regarding Discovery, and its Request for an Alternative Protective Order. I have personal knowledge of the facts set forth herein and if called as a witness I could and would testify competently thereto.

2. On Friday, December 2, 2022, the government sent a form Stipulation to Protective Order and proposed Protective Order. Both were in PDF.

3. On Thursday, December 8, 2022, we requested a copy of the documents in Microsoft Word so we could send tracked comments; the government replied that it could not share the templates in Word. The defense then converted the documents to Word and agreed to schedule a meet and confer call for Friday, December 9.

4. On December 9, 2022, the parties held a meet-and-confer call to discuss the defense's proposed changes. The government agreed that some proposed changes were unobjectionable but indicated it was not sure it would agree to others. One of the issues that the defense raised was with respect to paragraph 4(n) of the draft order, which addresses what happens when a party files a document that contains or references materials that the other party has designated confidential. The government's default provision provides that any filings containing or referencing confidential material be filed under seal, leaving the non-designating party (here the defendant) to challenge the entire filing for any portion to be unsealed, unless the Court rejects the filing.

5. On the Friday December 9 call, I explained that in my experience, there is generally a meet and confer process before or after any sealed filings, so that the

1
DECLARATION OF KERI CURTIS AXEL RE PROTECTIVE ORDER

filings can be made to the extent possible on the public record with appropriate redactions rather than sealing entire filings. I further explained that, in the defense's view, filing everything under seal puts an expensive burden on a defendant to have to move to unseal everything, and also is more resource-intensive for the Court, particularly given, in my experience, the meet-and-confer process resolves most disputes. I verbally proposed that we have a meet-and-confer process to agree on redactions, either before a filing is made or after it, as is the practice in SDNY. I have also practiced criminal cases in SDNY, where the parties first file under seal and then meet and confer, and are required to submit a redacted version on the docket within a certain number of days after filing or submit disputed portions to the Court. At the conclusion of the call, the parties agreed the defense would send the proposed changes for consideration.

6. On Monday, December 12, 2022, the defense sent its proposed revisions to the Order in tracked changes. With respect to paragraph 4(n), after reviewing further the CDCA Local Rules and practices of this District Court, the defense proposed that Local Rule 79-5.2.2 be followed as to any filings. A true and correct copy of this email correspondence with the government with respect to the protective order is attached hereto as Exhibit A (exhibits therein omitted).

7. That afternoon, we received a response from the government agreeing to the defense suggestions to the draft order, other than the issue of paragraph 4(n) concerning sealed filings. The government stated that the Local Rule that the defense proposed was "contrary to district-wide practice" and would create "significant amount of additional work and litigation," and that we had not identified "any particular reasons" for the request other than the "general … belief that 'the public has a right to know.'" The government concluded by asking whether it should prepare a stipulation and protective order along the agreed lines, or whether it should file an *ex parte* application. There was no explanation of when

the government would file or what specific relief it would request, given that most of the form protective order terms had been agreed to by the parties.

8. In any event, having limited the issue to one provision, and believing that there were legal authorities and other local practice points relevant to the government's objections, we thought it appropriate to provide a further response with specific points and authorities for the government's consideration, and provided those the next day, Tuesday, December 13, 2022. The defense's email with the points and authorities is a part of the email chain at Exhibit A.

9. The defense did not receive any response to the points and authorities submitted for the government's consideration, and the government did not confirm it would file an *ex parte* application, when it intended to do so, or ever identify the relief it intended to seek. Had the government responded, I would have suggested that we submit a stipulation on the terms to which we agreed, to clarify the one issue remaining for the Court and to allow the discovery to be produced in the interim while the one provision was briefed.

10. The defense learned of the government's *ex parte* application from the ECF notice, and, to my knowledge, was not served by fax or email.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 19th day of December, 2022, at Huntington Beach, California.

_____
Keri Curtis Axel