# EXHIBIT A

| | |
|---|---|
| **From:** | Jose Nuño |
| **To:** | "Mitchell, Jeff (USACAC) 5"; Keri Axel; Boyle, Daniel (USACAC) |
| **Subject:** | RE: Stip re First Trial Date.pdf |
| **Date:** | Tuesday, December 13, 2022 1:14:00 PM |
| **Attachments:** | Stipulated Protective Order.pdf |
| | image001.png |
| | RAO Form Stipulated protective order.Revised Sept 2020.docx |
| | JC Non Atty Eyes Only Form Protective Order.docx |

Hi Jeff:

We would ask you to consider the following and discuss again with your supervisors.  We believe it's actually the USAO that is out of step with local practice here.  We attach three sample protective orders from magistrates Chooljian, Oliver, and Chief Magistrate Abrams, that we believe are representative of the standards that are generally employed across the district.  Compliance with Local Rule 79-5.2.2 is required.  This is also contemplated by Judge Gee's Criminal Motion and Trial Order which states in relevant part for Under Seal Filings that: "Counsel shall comply with the instructions posted on the Court's website at the 'Judges' Procedures and Schedules' link and the pdf attachment entitled 'DMG Under Seal Instruction - CRIMINAL CASES ONLY' located at that link." In the "Under Seal Filings" section of Judge Gee's Local Rules, the Court orders strict compliance with L.R. 79-5.2.2 in civil cases and further orders counsel to refer to her Under Seal Instructions for criminal cases in criminal matters.  *See* https://www.cacd.uscourts.gov/honorable-dolly-m-gee.  In both L.R. 79-5.2.2 and Judge Gee's Local Rules, the procedure calls for the filling under seal of only documents that contain Confidential Information, not the entire filing as your proposed Protective Order appears to seek.  *See e.g.*, Judge Gee's Under Seal Instructions – Criminal Cases (when seeking to file under seal, the documents submitted to be sealed "should only contain the materials to be filed under seal. For example, DO NOT email a PDF of exhibits 1-40 if only exhibits 5, 20 and 39 are to be filed under seal.")

Further, it is not just a personal philosophy about a "public right to know" -- there is substantial case law about the public having a right of access to proceedings, and our client has First Amendment rights as well.  These authorities are strong and well established.  *See e.g.*, *United States v. Doe*, 870 F.3d 991, 996-97 (9th Cir. 2017) ("The law recognizes two qualified rights of access to judicial proceedings and records.... There is 'a First Amendment right of access to criminal proceedings' and documents therein… [and] [t]here is also 'a common law right 'to inspect and copy public records and documents, including judicial records and documents.'") (Citations omitted); *see also Globe Newspaper Co. v. Super. Ct. for Norfolk Cnty.*, 457 U.S. 596, 606 (1982) (The First Amendment protects the public's right of access to criminal trials.)  To that end, "criminal proceedings and documents may be closed to the public without violating the first amendment only if three substantive requirements are satisfied: (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *Oregonian Pub. Co. v. U.S. Dist. Court for Dist. Of Or.*, 920 F.3d 1462, 1467 (9th Cir. 1990) (granting writ petition to release documents erroneously sealed by the court).  Here, the press coverage and jury pool concerns you raised would not constitute a compelling interest.  Having issued a press release on this case to begin with, the USAO is not in a position to complain about press coverage of Mr. Puig's side of the story, and coverage of a criminal case (particularly the coverage we have and

are going to receive here) is far short of having any jury pool affect.  This is not remotely close to Elizabeth Holmes, for example, and even then they had no problem getting a jury. Moreover, modifying your proposed protective order in this case would not impact orders that the USAO may try to negotiate in its other cases.  As the government declared in its Ex-Parte to unseal this case, "the majority of the remaining targets in this investigation have been charged and/or notified of the government's investigation. Because the defendants have now been charged, the investigation has been made known to them, or that portion of the investigation is now closed, it is appropriate for the Court to unseal the docket in this matter." (*See* Dkt. 13.) This is an easy distinction for the USAO to make moving forward.

The local rule procedure – like the similar SDNY procedure we talked about – is created to strike a balance between the right of public access and necessary confidentiality, while minimizing work on the litigants and, most importantly, the Judges.  Of course that's why they designed the rule.  Rather than one party filing blanket things under seal and the other party having to move to unseal -- putting the whole filing at issue before the court and requiring the court to sort it out or deal with redactions -- these local rules require the litigants to attempt to agree in the first instance about how filings can be made publicly while redacting confidential information.  In Keri's experience in the SDNY, the redactions are generally resolved by agreement, saving the courts substantial work.  But if there are disputes, then they are significantly narrowed and focused by the time of any briefing.  The USAO's draft order also shifts the burden to the defendant to challenge any overbroad sealing, which is an expensive burden to bear.  This procedure would narrow disputes, and thus make the process less expensive as well.

As to your second paragraph concerning the nature of sealed matters in this case, you can certainly raise those concerns at the time of any filing.  Nothing in this procedure bars you from making such an argument to the Judge, and from the filing remaining sealed until she addresses it.  Indeed, for many of the things you reference, we may not disagree with you.  Following the local rules allows us to strike that balance while minimizing collateral litigation.

Thank you,

Jose Nuño
Waymaker LLP
+1 424.652.7807

---

**From:** Mitchell, Jeff (USACAC) 5 <Jeff.Mitchell@usdoj.gov>
**Sent:** Monday, December 12, 2022 2:41 PM
**To:** Keri Axel <kaxel@waymakerlaw.com>; Boyle, Daniel (USACAC) <Daniel.Boyle2@usdoj.gov>
**Cc:** Jose Nuño <jnuno@waymakerlaw.com>
**Subject:** RE: Stip re First Trial Date.pdf

Hi Keri.  Thank you for your suggestions.  We have reviewed them, and I have discussed the substantive suggestions with my deputy.  We have no objection to modifying the protective order to allow access to the consultants, agent, and personal attorneys; however, we cannot agree to use the Civil Local Rule 79-5.2.2 for sealed filings.  In addition to being contrary to the district-wide practice, I

believe it would create a significant amount of additional work and litigation on both parties, as well as on the Court. Further, you haven't identified any particular reasons why the standard sealed filing provisions are inadequate here, other than a general philosophical belief that the "public has a right to know." While we agree with your philosophical perspective, we are greatly concerned with affecting the jury pool with inadmissible evidence due to the significant media attention. This case should be tried in the court, not in the media.

Also, please keep in mind that much of the discovery that we intend to label as confidential relates to the larger investigation, additional ongoing investigations, wiretaps, PII, famous athletes and actors, and the identification of cooperators. Even if we were to redact an individual's name, that person's identity can many times be determined by the context of the conversation. For all of these reasons, we believe the appropriate course of action here is to use the standard version tailored for criminal cases.

Please let us know if you would like us to provide a revised stipulation and protective order along the lines we have agreed to, or if we should file an ex parte application for a protective order, and then give you opportunity to respond. I understand that you're out of town today, and I am happy to hold off filing the application until you return, within reason. Please let us know how you wish to proceed.

Thank you.

**From:** Keri Axel <kaxel@waymakerlaw.com>
**Sent:** Monday, December 12, 2022 12:46 AM
**To:** Mitchell, Jeff (USACAC) 5 <jmitchell5@usa.doj.gov>; Boyle, Daniel (USACAC) <DBoyle@usa.doj.gov>
**Cc:** Jose Nuño <jnuno@waymakerlaw.com>
**Subject:** [EXTERNAL] RE: Stip re First Trial Date.pdf

Jeff and Dan: Thanks for the call on this. Here are our proposed revisions to the Order. We thought we'd send this one along first and see if we can reach agreement before making corresponding edits to the stip. We think the local rule procedure regarding conferring about confidential materials and redacting makes sense and would probably be most palatable to the Central District bench since its already incorporated in Local Rule 79-5.2.2, so we are proposing that in lieu of the SDNY option that we discussed. In either event, it's a meet and confer procedure.

Thanks, Keri

**Keri Curtis Axel**
Partner



Waymaker LLP

Direct/Mobile +1 213.314.5284
Firm Main +1 424.652.7800
kaxel@waymakerlaw.com | waymakerlaw.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message was sent from Waymaker LLP and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**From:** Mitchell, Jeff (USACAC) 5 <Jeff.Mitchell@usdoj.gov>
**Sent:** Thursday, December 8, 2022 9:14 AM
**To:** Keri Axel <kaxel@waymakerlaw.com>; Boyle, Daniel (USACAC) <Daniel.Boyle2@usdoj.gov>
**Cc:** Jose Nuño <jnuno@waymakerlaw.com>
**Subject:** RE: Stip re First Trial Date.pdf

Hi Keri. Unfortunately, we can't send the MS Word versions. The documents are office templates with a lot of meta data.

**From:** Keri Axel <kaxel@waymakerlaw.com>
**Sent:** Thursday, December 8, 2022 8:15 AM
**To:** Boyle, Daniel (USACAC) <DBoyle@usa.doj.gov>
**Cc:** Jose Nuño <jnuno@waymakerlaw.com>; Mitchell, Jeff (USACAC) 5 <jmitchell5@usa.doj.gov>
**Subject:** [EXTERNAL] RE: Stip re First Trial Date.pdf

Can you send us these documents in Word so we can send tracked comments?

**From:** Boyle, Daniel (USACAC) <Daniel.Boyle2@usdoj.gov>
**Sent:** Friday, December 2, 2022 12:17 PM
**To:** Keri Axel <kaxel@waymakerlaw.com>
**Cc:** Jose Nuño <jnuno@waymakerlaw.com>; Mitchell, Jeff (USACAC) 5 <Jeff.Mitchell@usdoj.gov>
**Subject:** RE: Stip re First Trial Date.pdf

Keri-

Thanks for working with us on the trial stip.

Attached please find a proposed protective order stip as well – as Jeff addressed in prior emails, discovery is pretty voluminous and wide-ranging, and we'd like to start getting stuff over to you as soon as possible, so a protective order should hopefully speed up that process.

Please review and let us know if you have any questions.

Have good weekend,

**Dan G. Boyle | Assistant United States Attorney**
United States Attorney's Office | Central District of California
1400 United States Courthouse | 312 North Spring Street | Los Angeles, California 90012
T: 213.894.2426| F: 213.894.0141 | **daniel.boyle2@usdoj.gov**