Keri Curtis Axel (Bar No. 186847)
  kaxel@waymakerlaw.com
Jose R. Nuño (Bar No. 312832)
  jnuno@waymakerlaw.com
WAYMAKER LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
Telephone: (424) 652-7800
Facsimile:  (424) 652-7850

Attorneys for Defendant
Yasiel Puig Valdes

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>         v.<br><br>YASIEL PUIG VALDES,<br><br>                    Defendant. | Case No. CR 22-394-DMG<br><br>**DEFENDANT'S OPPOSITION TO GOVERNMENT'S *EX PARTE* APPLICATION AND REQUEST FOR ALTERNATIVE PROTECTIVE ORDER IN ACCORDANCE WITH LOCAL CIVIL RULE 79-5.2.2**<br><br>**DECLARATION OF KERI CURTIS AXEL FILED UNDER SEPARATE COVER** |

Defendant Yasiel Puig Valdes ("Defendant Puig" or "Puig"), through his counsel Waymaker LLP, respectfully submits his Opposition to the government's *Ex Parte* Application for a Protective Order ("Govt's App." (Dkt. 35)), filed Thursday, December 15, 2022.

## I. INTRODUCTION

The issue presented is not whether a protective order should be entered by the Court to facilitate discovery in this case. The issue is only what procedure should be used when filings are made that reference or contain material that one party has designated as confidential.

The Local Rules of the Central District of California set out a process designed by the Judges and employed throughout the district in civil matters. That process requires that no document be filed under seal without prior approval by the Court. *See* L.R. 79-5.2.2. Where documents or information designated as confidential by the non-moving party are sought to be filed under seal, at least three (3) days before seeking to file the "confidential" documents under seal, the moving party must meet and confer with the designating party in an attempt to eliminate or minimize the need for filing under seal by means of redaction. *Id.* If the document cannot be suitably redacted by agreement, the moving party may file an application to seal the designating party's documents, at which point, the designating party must, within four (4) days, file a declaration establishing that all or part of the designated material is sealable, by showing good cause or demonstrating compelling reasons why the strong presumption of public access in civil cases should be overcome, with citations to the applicable legal standard. *See id.*

The local rule procedure is appropriate to follow in this case as there is also a strong presumption of public access in criminal cases that should be overcome prior to sealing documents based solely on the designation of one party. *See e.g.*, *United States v. Doe*, 870 F.3d 991, 996-97 (9th Cir. 2017) ("The law recognizes two qualified rights of access to judicial proceedings and records.... There is 'a First

Amendment right of access to criminal proceedings' and documents therein… [and] [t]here is also 'a common law right 'to inspect and copy public records and documents, including judicial records and documents.'") (Citations omitted).  Indeed, the procedure recognizes that, due to the First Amendment and federal common law, the default should be for the Court to conduct its business in public.  Moreover, given the volume of electronic discovery in current matters, it is impossible for litigants to make a record-by-record designation or redact every document that contains some confidential information.  Thus, the procedure rightfully requires parties to meet and confer before filing to redact filings or documents where possible to minimize sealed filings and conform with the presumption of public access.

The defense is asking for nothing more than to follow this well-established procedure, rather than giving the Court the extra burden of reviewing filings *sua sponte* to determine the appropriateness of unilateral confidentiality designations, or making the opposing party have to initiate collateral litigation or motion practice to de-designate particular material.

## II. ARGUMENT

### A. There Was No Need For "Extraordinary Relief" Here and the Court Should Give This Important First Amendment Issue of Public Access the Time It Deserves

Defendant Puig is separately filing his objections to the government's *ex parte* application for the government's failure to follow Local Rule 7-19.1 and this Court's additional specific procedures concerning *ex parte* applications. (*See* Hon. Dolly M. Gee Local Procedure ("Judge's Procedures"), Procedure 6.)  As set out more fully in that filing ("Puig's Objections to Govt's App."), the government's violation of these rules was not merely technical, as the parties have largely agreed on the form of a protective order and the fact that the dispute was limited to a single provision should have been the only issue presented to this Court.  (*See* Declaration of Keri Curtis Axel ("Axel Decl."), filed under separate cover and concurrently herewith,

¶¶ 4-9.)  Completing the meet-and-confer process with the defense would have facilitated a cleaner more focused presentation as to this single issue, and eliminated the purported exigency that required defense counsel to work on this over a busy holiday weekend.  (*Id.*)

The defense remains willing to stipulate to the undisputed provisions to which the parties reached agreement to permit a more measured briefing process here.

### B. The Protective Order Should Incorporate the Briefing Procedure Set Forth in CDCA Local Civil Rule 79-5.2.2

#### 1. Rule 79-5.2.2 Balances the Public Right to Access Court Proceedings With the Need for Confidentiality

The procedure set forth in Local Civil Rule 79-5.2.2 requiring a pre-filing conference of counsel to address materials one party has designated as confidential is appropriate to apply to any filings made in this matter.  The local civil rules apply to many aspects of criminal court proceedings.  *See* L.Cr.R. 57-1 Applicability of Local Civil Rules ("When applicable directly or by analogy, the Local Rules of the Central District of California shall govern the conduct of criminal proceedings before the District Court, unless otherwise specified.")

The Rule 79-5.2.2 procedure is reasonable and comports with the public's right to access criminal case proceedings.  Indeed, the principles of open courts in criminal proceedings are strong and well-established.  *See e.g.*, *see also Globe Newspaper Co. v. Super. Ct. for Norfolk Cnty.*, 457 U.S. 596, 606 (1982) (The First Amendment protects the public's right of access to criminal trials and "[p]ublic scrutiny of a criminal trial enhances the quality and safeguards the integrity of the factfinding process, with benefits to both the defendant and to society as a whole."); *United States v. Carpenter*, 923 F.3d 1172, 1178 (9th Cir. 2019) ("The right of access to criminal trials is generally protected by both the First Amendment and the common law."); *United States v. Doe*, *supra,* 870 F.3d at 996-97.

1     To that end, "criminal proceedings and documents may be closed to the public without violating the first amendment only if three substantive requirements are satisfied: (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *Oregonian Pub. Co. v. U.S. Dist. Court for Dist. Of Or.*, 920 F.2d 1462, 1467 (9th Cir. 1990). In *Oregonian Pub.*, the Ninth Circuit reversed the District Court's order sealing plea agreements, holding that the party seeking closure had not met the requirements to override the right of access. *Id.* Similarly, in *United States v. Kott*, 380 F. Supp. 2d 1122, 1124 (C.D. Cal. 2004), the court unsealed a search warrant, its application, and the indictment in a case, ruling that these documents were "of the type traditionally accessible to the public." In so holding, the court rejected the government's argument that there was sufficient compelling governmental interest in maintaining the secrecy of the documents. *Id.* at 1125.

    Here, the government's proposed order would require that defendant Puig file any documents containing material that the government has marked "Confidential." This presumes the appropriateness of the designation without scrutiny or a showing of good cause. (*See* Dkt. 35-1 ¶ 4(n).) It allows the government to liberally apply its Confidentiality designation to documents and unilaterally have them filed under seal without substantiating the need for such designation or confidentiality as it would be required to under Local Rule 79-5.2.2. (*See id.*)

    This outcome is inconsistent with the presumption of public access, as it shifts the burden from the government to other parties to expend resources to challenge the government's designation, rather than the government bearing the burden to demonstrate the need for particular confidentiality.

### 2. Rule 79-5.2.2 Provides a Fair Procedure to Make Public Filings While Putting the Burden on the Designating Party to Justify the Need for Confidentiality

The issue of who bears the burden to demonstrate the need for confidentiality as to particular filings (or portions of filings) is an especially important one given that the nature of electronically stored information ("ESI") requires the designating party to over-designate materials as confidential without conducting an individualized assessment. In such a situation, many records will necessarily fall within a confidentiality designation that are not themselves confidential.

To be clear, the defense is not accusing the government of bad faith or of intentionally making unwarranted confidentiality designations; it is simply the nature of the voluminous ESI with which all litigators and the Courts now must deal. Given the volume of ESI on computers and personal devices, which sometimes amount to terabytes of data, the government often designates whole databases or devices confidential merely because some information in the database contains confidential information. (*See* Dkt. 35 ¶ 8(a) (government can put a Confidential Information legend on an entire DVD or hard drive). Accordingly, if material then is used for a briefing, there must be a process that does not involve the Court whereby the parties confer and try to eliminate issues as to whether an individual record that may have fallen within a confidentiality designation is in fact confidential.

Flipping the presumption of a right to access criminal proceedings and documents on its head, the government's proposed order does not provide such a process, and shifts the burden of demonstrating a compelling reason for sealing from the government to other parties: either the Court, *sua sponte*; the defendant Puig pursuant to motion practice in this proceeding; or to third-parties pursuant to collateral litigation.

The effect of this burden shifting is compounded in a case such as this one. The charges against defendant Puig are narrow, but follow a larger investigation into

other matters and involve other disparate defendants previously charged with disparate offenses. Accordingly, the materials may be voluminous, but there is a less a need for confidentiality, as the government has previously acknowledged. Indeed, as the government declared in its *ex parte* application to unseal this case, "the majority of the remaining targets in this investigation have been charged and/or notified of the government's investigation. Because the defendants have now been charged, the investigation has been made known to them, or that portion of the investigation is now closed, it is appropriate for the Court to unseal the docket in this matter." (*See* Dkt. 13.)

      Thus, given the magnitude of ESI that will be produced, and the fact that much if not all of the government's underlying investigation is over, a meet and confer requirement to negate the need to file motions and documents under seal is warranted. Compliance with Local Rule 79-5.2.2 will address all necessary sealing requirements, and resolve much of the burden shifting imposed by the government's proposed order.

      3.     <u>Local Rule 79-5.2.2 Permits Confidential Materials to Remain Confidential Pending Court Review</u>

      Although the government did not respond to the points and authorities provided by the defense, in an earlier response, the government claimed that redactions might not suffice to protect confidentiality because a "person's identity can many times be determined by the context of the conversation." (*See* Axel Decl., Exh. A.) But Local Rule 79-5.2.2 permits the government to negotiate any individual redaction, and can refuse to agree and stand by its objection as to any particular document. The Rule simply requires the pre-filing negotiation of these points, and then requires the government to support its request for confidentiality.

### C. The Court Should Enter the Form of Order Proposed by the Defendant

The defense has provided a form of order attached to this opposition that incorporates the provisions to which the parties have agreed, and the language from Local Rule 79-5.2.2 which the defense proposes to include with respect to the procedure addressed herein.

### III. CONCLUSION

For the foregoing reasons, Mr. Puig respectfully requests that this Court deny the Govt's App. and enter the defendant's proposed form of Protective Order.

DATED:  December 19, 2022          WAYMAKER LLP

By: _____
KERI CURTIS AXEL
JOSE R. NUÑO
*Attorneys for Defendant Yasiel Puig Valdes*