**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>YASIEL PUIG VALDES,<br><br>Defendant. | Case No. CR 22-394-DMG<br><br>[PROPOSED] PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING CONFIDENTIAL INFORMATION |

The Court has read and considered the Government's Ex Parte Application for a Protective Order Regarding Discovery Containing Confidential Information, and Defendant YASIEL PUIG VALDES ("defendant") Opposition and Objections to the Ex-Parte Application, and FOR GOOD CAUSE SHOWN the Court hereby FINDS AND ORDERS as follows:

    1. The government's discovery in this case relates to defendant's alleged crime, that is, a violation of 18 U.S.C. § 1001.

2. A protective order for the discovery is necessary so that the government can produce to the defense materials containing personally-identifying information ("PII") of real persons, proprietary and confidential business and financial information of third-parties, the identity of cooperating individuals, wiretap material, and information involving related and unrelated ongoing criminal, civil, and regulatory investigations. The Court finds that disclosure of this information without limitation risks the privacy and security of the information's legitimate owners. Because the government has an ongoing obligation to protect such information, including, third parties' PII, the government cannot produce to defendant an unredacted set of discovery containing this information without the Court entering the Protective Order. Moreover, such information makes up a significant part of the discovery in this case and such information itself, in many instances, has evidentiary value. If the government were to attempt to redact all this information in strict compliance with Federal Rule of Criminal Procedure 49.1, the Central District of California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, the defense would receive a set of discovery that would be highly confusing and difficult to understand, and it would be challenging for defense counsel to adequately evaluate the case, provide advice to defendant, or prepare for trial.

3. The purpose of this Protective Order is therefore to (a) allow the government to comply with its discovery obligations while protecting this sensitive information from unauthorized dissemination, and (b) provide the defense with sufficient information to adequately represent defendant.

4. Accordingly, the discovery that the government will provide to defense counsel in the above-captioned case will be subject to this Protective Order, as follows:

    a. As used herein, "PII Materials" includes any information that can be used to identify a person, including a name, address, date of birth, Social Security

number, driver's license number, telephone number, account number, email address, or personal identification number.

   b. "Confidential Information" refers to any document or information containing PII Materials; proprietary or confidential business and financial information of third-parties; the identity of cooperating individuals; wiretap material; or information involving nonpublic criminal, civil, and regulatory investigations that the government produces to the defense pursuant to this Protective Order and any copies thereof.

   c. "Defense Team" includes (1) defendant's counsel of record ("defense counsel"); (2) other attorneys at defense counsel's law firm who may be consulted regarding case strategy in this case; (3) defense investigators who are assisting defense counsel with this case or other consultants retained by the defense team; (4) retained experts or potential experts; and (5) paralegals, legal assistants, and other support staff to defense counsel who are providing assistance on this case. The Defense Team does not include defendant, defendant's family members, or any other associates of defendant.

   d. The government is authorized to provide defense counsel with Confidential Information marked with the following legend: "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER." Where possible, each document containing Confidential Information shall be marked with this legend. For digital materials/ESI, the government may put that legend on the digital medium (such as DVD or hard drive) or simply label a digital folder on the digital medium to cover the content of that digital folder. The government may also redact any PII contained in the production of Confidential Information.

   e. If defendant objects to a designation that material contains Confidential Information, the parties shall meet and confer. In addition to potentially de-designating the materials, the government shall consider whether the material can be produced in a redacted form such that it would not need to be

considered Confidential. If the parties cannot reach an agreement regarding defendant's objection, defendant may apply to this Court to have the designation removed.

        f.      Defendant and his personal Agents or attorneys and the Defense Team shall use the Confidential Information solely to prepare for any pretrial motions, plea negotiations, trial, and sentencing hearing in this case, as well as any appellate and post-conviction proceedings.

        g.      The Defense Team shall not permit anyone other than the Defense Team to have possession of Confidential Information, including defendant, while outside the presence of the Defense Team.

        h.      At no time, under no circumstance, will any Confidential Information be left in the possession of, custody, or control of defendant and/or his personal Agents or attorneys, regardless of defendant's custody status.

        i.      Defendant and his personal Agents or attorneys may review Confidential Information only in the presence of a member of the Defense Team, who shall ensure that defendant is never left alone with any Confidential Information. At the conclusion of any meeting with defendant at which defendant is permitted to view Confidential Information, defendant must return any Confidential Information to the Defense Team, and the member of the Defense Team present shall take all such materials with him or her. Defendant may not take any Confidential Information out of the room in which defendant is meeting with the Defense Team.

        j.      Defendant and his personal Agents or attorneys may see and review Confidential Information as permitted by this Protective Order, but defendant may not copy, keep, maintain, or otherwise possess any Confidential Information in this case at any time. Defendant and his personal Agents or attorneys also may not write down or memorialize any data or information contained in the Confidential Information.

  k. The Defense Team may review Confidential Information with a witness or potential witness in this case, including defendant. A member of the Defense Team must be present if Confidential Information are being shown to a witness or potential witness. Before being shown any portion of Confidential Information, however, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order. No member of the Defense Team shall permit a witness or potential witness to retain Confidential Information or any notes generated from Confidential Information.

  l. The Defense Team shall maintain Confidential Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than members of the Defense Team, defendant and his personal Agents or attorneys, witnesses, and potential witnesses, as restricted above, to see Confidential Information; (2) not divulging to anyone other than members of the Defense Team, defendant and his personal Agents or attorneys, witnesses, and potential witnesses, the contents of Confidential Information; and (3) not permitting Confidential Information to be outside the Defense Team's offices, homes, vehicles, or personal presence.

  m. To the extent that defendant, the Defense Team, witnesses, or potential witnesses create notes that contain, in whole or in part, Confidential Information, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Confidential Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

  n. The Defense Team shall use Confidential Information only for the litigation of this matter and for no other purpose. Litigation of this matter includes any appeal filed by defendant and any motion filed by defendant pursuant to 28 U.S.C. § 2255. In the event that a party needs to file a brief containing, referencing, or attaching any Confidential Information with the Court,

the filing should be made according to, and incorporating the procedures in, Rule 79-5.2.2 of the Local Rules of the Central District of California.

        o.    Any Confidential Information inadvertently produced in the course of discovery prior to entry of the Protective Order shall be subject to the terms of this Protective Order. If Confidential Information was inadvertently produced prior to entry of the Protective Order without being marked "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER," the government shall reproduce the material with the correct designation and notify defense counsel of the error. The Defense Team shall take immediate steps to destroy the unmarked material, including any copies.

        p.    Confidential Information shall not be used by any member of the Defense Team, in any way, in any other matter, absent an order by this Court. All materials designated subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such order is modified by this Court. Within 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return all Confidential Information, certify that such materials have been destroyed, or certify that such materials are being kept pursuant to the California Business and Professions Code and the California Rules of Professional Conduct.

        q.    In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must be informed of, and agree in writing to be bound by, the requirements of the Protective Order before defense counsel transfers any Confidential Information to the new defense counsel. New defense counsel's written agreement to be bound by the terms of the Protective Order must be returned to the Assistant U.S. Attorney assigned to the case. New defense counsel then will become the Defense Team's custodian of materials designated subject to the Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for returning to the

government, certifying the destruction of, or retaining pursuant to the California Business and Professions Code and the California Rules of Professional Conduct all Confidential

      r.    Defense counsel shall advise defendant and his personal Agents or attorneys, and all members of the Defense Team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing defendant, his personal Agents or attorneys, and members of the Defense Team with access to any materials subject to the Protective Order.

IT IS SO ORDERED.

Dated: _____ __, 2022

    HON. DOLLY M. GEE
UNITED STATES DISTRICT COURT JUDGE