E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JEFF MITCHELL (Cal. Bar No. 236225)
Assistant United States Attorney
Major Frauds Section
DAN G. BOYLE (Cal. Bar No. 332518)
Assistant United States Attorney
Asset Forfeiture & Recovery Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0698/2426
     Facsimile: (213) 894-6269/0141
     E-mail:    jeff.mitchell@usdoj.gov
                daniel.boyle2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 22-394-DMG |
|---|---|
| Plaintiff, | RESPONSE TO OBJECTION AND REPLY IN FURTHER SUPPORT OF EX PARTE APPLICATION FOR A PROTECTIVE ORDER REGARDING DISCOVERY |
| v. | |
| YASIEL PUIG VALDES, | |
| Defendant. | |

Plaintiff United States of America (the "government"), by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Jeff Mitchell and Dan Boyle, hereby files its responses to defendant's objection and opposition to the government's Ex Parte Application (the "Application") requesting that the Court enter a protective order pursuant to Federal Rule of Criminal Procedure Rule 16(d)(1) (the "Protective Order"). See ECF Nos. 40, 42.

Because the government's responses two these filings overlap in substance, the government has combined these into a single response, in the form of the attached memorandum of points and authorities.

DATED: December 20, 2022        E. MARTIN ESTRADA
                                United States Attorney

                                SCOTT M. GARRINGER
                                Assistant United States Attorney
                                Chief, Criminal Division


                                  /s/
                                _____
                                JEFF MITCHELL
                                DAN G. BOYLE
                                Assistant United States Attorneys

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

*Response to Defendant's Objection*

The parties' meet-and-confers on the issue here were extensive and productive, beginning in late November and running over nearly three weeks, ultimately limiting the parties down to a single disputed issue regarding sealed filings. Once it became clear that the parties would not reach agreement on that sole issue, the government brought the Application promptly in an effort to comply with its substantial discovery obligations in light of the impending trial date. As the Court is aware, this case is related to a multi-year investigation which has produced a substantial volume of discovery which the government is committed to producing sufficiently in advance of the present trial date – and is doing so under a compressed time schedule and over the holidays because defendant chose to breach his agreement to plead guilty months after it was signed, despite multiple opportunities.

Ultimately, it is unclear what, if any, relief defendant is seeking now by objecting to the government's Application, which defendant also opposes in substance. See ECF No. 42. In any event, the government complied with this Court's Procedures. As defendant acknowledges, the Court's individual Procedures (No.6) provide this Court's requirements for parties seeking ex parte relief: "The moving party shall advise the Court in its application whether opposing counsel will be filing opposition and explain what efforts, if any, have been made to confer with opposing counsel regarding the substance of the application and any potential resolution prior to the filing of the application." Here, paragraphs 3-4 of the Application identified (1) how, and how recently, the parties had

met-and-conferred, (2) the sole issue in dispute, (3) the parties' positions on that dispute, (4) the fact that the parties could not reach agreement and the government was now seeking the Court's ruling, and (5) why <u>ex parte</u> relief was needed (i.e. considering the impending trial date and government's discovery obligations).

It is simply not credible for defendant to now suggest that the government's Application somehow failed to alert the Court that the defendant would not oppose the Application, or that the government failed to meet-and-confer in good faith. And as detailed below (and identified in the government's Application) the Court already has a mandatory Procedure for filings under seal in criminal action which the government's identified and incorporated into the Application.[1]

*Reply in Further Support of the Requested Protective Order*

As identified in the government's Application, the parties' substantial meet-and-confer process limited the dispute here to a simple point: how the parties should file documents containing confidential information under seal here. As also identified in the Application – and ignored in defendant's Opposition – this Court already has detailed Individual Procedures setting forth how information may be filed under seal in a criminal action. <u>See</u> Hon. Dolly Gee, Judge's Procedure No. 18. (the "Criminal Sealing Procedure"). Defendant's request that the Court disregard its own

---

[1] Defendant also objects on the grounds that the government failed to properly provide notice of its intent to seek <u>ex parte</u> relief, but as seen in the Exhibits to defendant's Objection (See ECF No. 41-1), the government provided notice by email on December 12, 2022 and offered to discuss a briefing schedule, but defendant ignored that notice and responded the next day with a lengthy email seeking to further argue their position regarding sealed filings.

settled Criminal Sealing Procedure, without even acknowledging the same exists, should be denied.[2]

As reflected in both the Court's Procedure 18 and the Criminal Sealing Procedure, sealing in civil and criminal actions functions differently, because such actions proceed differently. Namely, criminal actions proceed substantially more rapidly then civil actions, and thus the extended meet-and-confer procedures set forth in the local civil rules may not be appropriate for criminal actions, where matters are often briefed on a schedule of hours, not weeks. For example, applying L.R. 79 here as defendant proposes would require at least 3-day timeline for every filing in this action which could involve confidential information (virtually any substantive filing), which would prevent the Court from requiring filings or responses within 24-72 hours – as the Court has already done once here. Furthermore, discovery largely flows one way in a criminal proceeding, whereas in a civil proceeding discovery is reciprocal and the parties are thus incentivized to respect the other's sealing proposals – as they typically both will designate discovery confidential.

To the extent that defendant has concerns that the government may seek to seal information which could easily be redacted, the government has already agreed to meet-and-confer in good faith and consider whether any confidential information could alternately be filed in redacted form. See Application, ¶ 8.b. Furthermore, any

---

[2] Defendant's failure to even acknowledge the Court's procedure regarding sealing in criminal matters is particularly baffling, because defendant *does* cite the Court's individual procedure regarding ex parte practice. See Opp. at 2. Defendant appears to be picking and choosing among this Court' individual procedures – when all are mandatory.

such concern of defendant's is speculative at this point; the government already disclosed to the defense on December 9, 2022a categorial index of discovery identifying which subjects it intends to produce under a protective order, and has already produced thousands of pages of discovery to the defense without a protective order for those materials which can be produced in such a matter. In short's defendant's speculation about over-designation is premature, and if these concerns crystalize, can be addressed once any such inappropriately-designated materials are specifically identified.

DATED: December 20, 2022

E. MARTIN ESTRADA
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

  /s/
JEFF MITCHELL
DAN G. BOYLE
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA