Keri Curtis Axel (Bar No. 186847)
  kaxel@waymakerlaw.com
Jose R. Nuño (Bar No. 312832)
  jnuno@waymakerlaw.com
WAYMAKER LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
Telephone: (424) 652-7800
Facsimile:  (424) 652-7850

Attorneys for Defendant
Yasiel Puig Valdes

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>YASIEL PUIG VALDES,<br><br>Defendant. | Case No. CR 22-394-DMG<br><br>**DECLARATION OF KERI CURTIS AXEL IN SUPPORT OF DEFENDANT YASIEL PUIG VALDES' MOTION TO COMPEL DISCOVERY RE SELECTIVE PROSECUTION**<br><br>[*Motion to Compel Discovery; Declaration of Jose R. Nuño filed concurrently*]<br><br>Hearing Date:  March 15, 2023<br>Courtroom of Hon. Dolly M. Gee |

## DECLARATION OF KERI CURTIS AXEL

I, Keri Curtis Axel, declare as follows:

1. I am an attorney licensed to practice in the State of California. I am a partner with Waymaker LLP, counsel to Defendant Yasiel Puig Valdes ("Puig") in this action. I make this Declaration in support of Defendant Yasiel Puig Valdes' Motion to Compel Discovery Re Selective Prosecution in the above-captioned matter. I have personal knowledge of the facts set forth herein and if called as a witness I could and would testify competently thereto.

2. On or about May 25, 2022, I was retained in this matter. I had learned that Puig had received a target letter from the government. The prosecutor informed me that they already had received authority to charge Puig with false statements and obstruction of justice, and would indict him the following week. I requested the opportunity to explore a pre-indictment resolution, and the government gave a reverse proffer on or about June 6, 2022. At the conclusion of the reverse proffer, they indicated that, if Puig was not interested in a plea disposition, they would go forward with the plan to indict him, and DHS would put a warrant for his arrest into the system. We discussed that it would trigger a notice to Interpol, resulting in his arrest in Korea.

3. Upon my client's return to the United States, and after being able to meet with him in person and learning more about the facts of the case, including the government's investigation into the Sand Islands Sports/Bet Prestige gambling business ("Sand Island Sports Matter"); the interviews and various charges filed by the government, and Puig's interview and subsequent charges, I asked the government to meet in person about the evidence and the possible selective prosecution of Puig.

4. Specifically, on November 28, 2022, and November 30, 2022, I sent detailed, lengthy letters to the United States Attorney's Office ("USAO") setting forth Puig's factual contentions and arguments as to selective prosecution and

1
DECLARATION OF KERI CURTIS AXEL

requesting a dismissal or alternative disposition.  I also requested a meeting with the USAO front office to discuss the matters further.

5. By letter on December 8, 2022, and email on December 9, 2022, the government rejected the request for dismissal based on selective prosecution and also refused my request for an in-person meeting to discuss the matters further.

6. On January 20, 2023, I sent the government a letter with discovery requests, seeking among other things, discovery to support Puig's claim for selective prosecution.  By letter dated January 24, 2023, the government rejected my selective prosecution discovery requests, claiming *inter alia* that the requests went beyond the government's discovery obligations and/or not supported by law.  Due to the protective order, we have not included the letters but have summarized the items in the motion.

7. On February 1, 2023, my office sent the government a supplemental request for discovery on selective prosecution. Although the government has not responded to this discovery request, the prosecutors have informed me that they had no objection to our bringing the motion at this time.  I believe these items are substantially similar to the ones requested on January 24, 2023 and therefore will also be rejected.

8. On February 3, 2023, my office sent meet and confer correspondence to the government via email regarding the instant motion for discovery for selective prosecution, attaching the prior correspondence between the parties on selective prosecution and providing case law analysis that entitles Puig to a dismissal and/or discovery. We asked that the government let us know if they were willing to reconsider their position on the discovery items relevant to the motion, and offered to schedule a call to further confer.  A true and correct copy of this email is attached as **Exhibit A**.  The government stated that the email was sent to the USAO front office, and by telephone on February 9, 2023, AUSA Jeff Mitchell confirmed that he

had not heard back from the front office but had no objection to the defense filing the instant motion at this time.

9. The prosecutors also have tentatively agreed to a hearing date of March 15, 2023, on the motion, subject to potentially requesting additional time depending on the nature of evidence and allegations.

10. I am a former prosecutor, and worked at the U.S. Attorney's Office in this District. I was an AUSA for more than twelve years, from in or about November 2004 through in or about April 2017. As an AUSA, I regularly conducted interviews of witnesses. In all these years, I do not believe I ever admonished a witness with the text of 18 U.S.C. § 1001, nor did I hear that done in an interview where AUSAs were present. Today, as a member of the defense bar, I often represent witnesses in government interviews regularly, and again have not, to the best of my recollection, seen a witness read the text of § 1001. It is a standard practice and procedure in a voluntary meeting pursuant to a proffer agreement for the AUSA to go over the terms of the agreement, which includes that the agreement is void is the witness lies, but this discussion, in my experience, does not include a discussion of the penalties for false statements. By contrast, I also was an Enforcement Staff Attorney with the Securities & Exchange Commission, where it is a standard practice to inform the witness about § 1001. I therefore have taken note of this difference in office practices.

11. Attached hereto as **Exhibit B** is a true and correct copy of an excerpt of the Department of Justice's, Civil Rights Division, website: https://www.justice.gov/crt/federal-protections-against-national-origin-discrimination-1. I caused a member of my office staff to download it from the Department of Justice website on February 10, 2023.

12. A true and correct copy of the government's press release in the Sand Island Sports Matter, pulled from the internet, is attached hereto as **Exhibit C**.

13. A true and correct copy of the government's press release as to Yasiel Puig, as pulled from the internet, is attached hereto as **Exhibit D**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 10th day of February, 2023, at Los Angeles, California.

*/s/ Keri Curtis Axel*

Keri Curtis Axel