Keri Curtis Axel (Bar No. 186847)
  kaxel@waymakerlaw.com
Jose R. Nuño (Bar No. 312832)
  jnuno@waymakerlaw.com
WAYMAKER LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
Telephone: (424) 652-7800
Facsimile:  (424) 652-7850

Attorneys for Defendant
Yasiel Puig Valdes

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>YASIEL PUIG VALDES,<br><br>Defendant. | Case No. CR 22-394-DMG<br><br>**REPLY DECLARATION OF KERI CURTIS AXEL IN SUPPORT OF DEFENDANT YASIEL PUIG VALDES' MOTION TO COMPEL DISCOVERY RE SELECTIVE PROSECUTION**<br><br>[*Reply Brief ISO Motion to Compel Discovery filed concurrently*]<br><br>Hearing Date:  March 15, 2023<br>Courtroom of Hon. Dolly M. Gee |

REPLY DECLARATION OF KERI CURTIS AXEL

I, Keri Curtis Axel, declare as follows:

1. I am an attorney licensed to practice in the State of California. I am a Partner with Waymaker LLP, counsel to Defendant Yasiel Puig Valdes ("Puig") in this action. I make this Reply Declaration in support Yasiel Puig's Motion to Compel Discovery Re Selective Prosecution in the above-captioned matter. I have personal knowledge of the facts set forth herein and if called as a witness I could and would testify competently thereto.

2. As counsel of record for Puig, I represented Mr. Puig at his November 15, 2022 initial appearance and arraignment, as well as at his November 23, 2022 change of plea hearing. A true and correct copy of excerpts of the November 23, 2022 hearing transcript is attached as **Exhibit 1**.

3. On November 17, 2022, I called the government and followed up in writing to request limited discovery to investigate a "potential entrapment" defense concerning government cooperators Agent 1 and Individual B. A true and correct copy of my November 17, 2022 email to AUSA Jeff Mitchell is attached as **Exhibit 2**.

4. On the call, AUSA Mitchell communicated to me that there could be no entrapment due to the timing of Agent 1's cooperation. Nevertheless, I insisted on receiving the requested discovery and explained that: (1) during any plea colloquy, the Court would ask me, as Puig's counsel, whether I had sufficient information to explore all of his defenses, and thus we needed to see the documents to satisfy the questions of the Court; and (2) regardless of whether the evidence met the elements of the defense, the facts "smelled bad," in that it appeared that two cooperators who had acted as bookmakers or intermediaries in the gambling ring—and thus were more culpable than Puig—had manipulated the government to try to get them to focus on Puig.

5. It is not unusual for the government to provide pre-plea discovery. In one case I had with this USAO, the AUSAs in fact insisted that my client, who had signed a plea agreement, review substantial discovery to make sure he was comfortable entering the plea despite arguably exculpatory evidence.

6. After my follow-up email, the government did not make the requested interview reports available until November 22 – the Tuesday before Thanksgiving, and the day before Puig was scheduled to enter a guilty plea. They only agreed to make the interview reports available for in-person review, so Mr. Nuño and I personally travelled down to the USAO to review them. In advance of the trip down to the USAO, we prepared a letter requesting that the new U.S. Attorney review the matter. I took the letter with me in print and hand-delivered the letter at the USAO after reviewing the reports. Accordingly, having been printed prior to going to the USAO, the letter did not reflect the information learned in the reports.

7. On November 22, 2022, upon returning to my office and after having reviewed the reports, I sent the USAO an email, a true and correct copy of which (without exhibits) is attached as **Exhibit 3**.

8. As Puig's counsel, I have reviewed texts and other message exchanges between Puig and other individuals relevant to this case. Among these messages is a March 2022 WhatsApp exchange between Puig and Individual B. Specifically, on or about March 10, 2022, Individual B sends Puig a WhatsApp voice messages stating that Agent 1 "really needs to talk to Puig" purportedly because "[Agent 1] has to meet with the same people you did, and he wants to make sure he tells them whatever you told them also, nothing different." Puig then responds in Spanish – "yo no me mire con nadie el puede decir lo que el quiera yo no se nada de eso lo estan buscando a el no a mi[.]" I understand that this translates to "I didn't meet up with anyone. He can say whatever he wants I don't know anything about that. They

are looking for him not me[.]"[1] A true and correct copy of the March 10 to March 14 WhatsApp exchange produced by the government is attached as **Exhibit 4**.

9. After the government filed its opposition to Puig's Motion to Compel, I contacted the prosecutors and requested an unredacted version of Agent 1's March 2, 2022 ROI to assist the Court's review, as the prior version produced to the defense had several names redacted. A true and correct copy of Agent 1's unredacted March 2, 2022 ROI produced by the government is attached as **Exhibit 5**.

10. As part of this opposition, the government produced a chart purporting to reflect all interviews conducted as part of its investigation, and the purported admonishments given to those individuals. The defense has prepared a chart responding to the government's characterizations based on a review of the ROIs produced to the defense to date. An unredacted copy of the defense's comparison chart is attached as **Exhibit 6**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 1st day of March, 2023, at Los Angeles, California.

_____
Keri Curtis Axel

---

[1] Although I am able to read and understand some Spanish, the translation was confirmed by other Spanish speaking individuals in my office, and at my direction.