E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JEFF MITCHELL (Cal. Bar No. 236225)
Assistant United States Attorney
Major Frauds Section
DAN G. BOYLE (Cal. Bar No. 332518)
Assistant United States Attorney
Asset Forfeiture & Recovery Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0698/2426
    Facsimile: (213) 894-6269/0141
    E-mail:    jeff.mitchell@usdoj.gov
               daniel.boyle2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 22-394-DMG |
|---|---|
| Plaintiff, | GOVERNMENT'S EX PARTE APPLICATION FOR LEAVE TO FILE SUR-REPLY; PROPOSED SUR-REPLY |
| v. | |
| YASIEL PUIG VALDES, | Hearing Date: March 15, 2023 |
| Defendant. | Hearing Time: 2:30 p.m.<br>Location:    Courtroom of the<br>             Hon. Dolly M. Gee |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Jeff Mitchell and Dan G. Boyle, hereby applies ex parte for leave to file a sur-reply in further opposition to defendant's motion to compel discovery (ECF Nos. 59, 66), in the proposed form attached.

This Application is based upon the attached memorandum of points and authorities, the declaration of Dan Boyle, the files and records in this case, and such further evidence and argument as the Court may permit.

Plaintiff brings this Application on an ex parte basis because an ordinary motion sequence under the Local Rules would not be complete before the presently scheduled motion hearing date of March 15, 2023, and thus would risk unnecessarily delaying the present motion date and wasting judicial resources.

Pursuant to the Local Rules and the Court's Individual Practices, the undersigned has contacted defendant's counsel seeking defendant's position on this request, and defense counsel responded as follows:

> We oppose the government's *ex-parte* application as the request does not warrant extraordinary relief as required by the Court's Local Rules. *See Hon. Dolly Gee Procedure 6* ("Ex parte applications are solely for extraordinary relief and should be used with discretion. (Citing *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995).")  The government cannot meet this standard, nor is there any risk of irreparable injury or prejudice – this is a non-dispositive motion seeking discovery.
>
> To be clear, Puig's arguments and evidence submitted on reply were all in response and rebuttal to the government's opposition.  L.R. 7-10 provides that, on reply, a movant

ii

may supply "declarations or other rebuttal evidence," which we did.  Specifically:

- In its opposition, the government put the merits of the case at issue in its factual statement, and in an argument regarding the strength of the case.  The *in camera* submission and Exhibit 4 (text messages with Individual B to provide context to the March 14 voice message) were submitted to rebut that argument.
- The government put at issue the defense efforts to request diversion and seek supervisorial review of these issues.  Exhibits 1-3 were in direct rebuttal of this argument.
- Exhibit 5 is merely an *unredacted* version of Agent 1's ROI filed for the Court's convenience; the *redacted* ROI was filed with the Motion.
- Exhibit 6 is "a chart responding to the government's characterizations based on a review of the ROIs produced to the defense to date." (*See* KCA Reply Decl. ¶ 10.)  This is in direct rebuttal to the government's chart.

The matter is ripe for argument, ex-parte relief is not warranted, and no sur-reply should be permitted.

Dated: March 8, 2023                Respectfully submitted,

                                          E. MARTIN ESTRADA
                                          United States Attorney

                                          MACK E. JENKINS
                                          Assistant United States Attorney
                                          Chief, Criminal Division

                                                  */s/*
                                            DAN G. BOYLE
                                            JEFF MITCHELL
                                            Assistant United States Attorneys

                                            Attorneys for Plaintiff
                                            UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

After the government set forth in its opposition to defendant's motion to compel an exhaustive review of the discovery in this case and charted the admonishments to each witness in the investigation, for the first time on reply, defendant offered his own attempt to categorize each of the witness interviews. Not only has the government been denied an opportunity to respond to defendant's new evidence and argument but, more importantly, much of defendant's new evidence is simply not true.  Further, it directly contradicts numerous assertions made in his Motion. Contrary to the arguments made in his moving papers, this new evidence shows that the government did not change its interview protocols when it started interviewing Black interviewees and did not treat Black interviewees differently than non-Black interviewees. Indeed, defendant's new evidence – particularly his Exhibit 6 (setting aside the inaccuracies in it) - directly undercuts the basis for defendant's motion to compel.

The government does not seek to strike this new evidence, but instead, respectfully requests leave to file a sur-reply, in the form accompanying this application, to address this new evidence and argument.

**II.  ARGUMENT**

"Each time a moving party is permitted to raise new arguments or present new evidence in reply, absent the Court granting leave for the non-moving party to file a sur-reply brief, the non-moving party is essentially deprived of the opportunity to address these new contentions." Save the Peaks Coal. v. U.S. Forest Serv., No. CV09-

1  8163-PCT-MHM, 2010 WL 3800896, at *2 (D. Ariz. Sept. 22, 2010). A
2  district court "should not consider the new evidence without giving
3  the non-movant an opportunity to respond." Holt v. U.S. Bank Nat'l
4  Ass'n, No. 18-cv-7501-DMG, 2019 WL 9341318, at *2 (C.D. Cal. Mar. 26,
5  2019) (quoting Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir.
6  1996)).

7      First and foremost, defendant has presented new evidence on
8  reply, and more specifically, a detailed chart purporting to
9  categorize every interview conducted in the Nix gambling
10 investigation, identified as Exhibit 6 to the Reply Declaration of
11 Keri Axel (hereinafter "Exhibit 6"). As noted in the government's
12 Opposition, defendant referred in his moving papers to the
13 government's interview practices in this investigation but generally
14 made no effort to identify who these references addressed.
15 Therefore, the government reviewed the discovery and prepared a chart
16 of all interviewed witnesses that identified how each of these
17 witnesses was admonished. On reply, defendant has now attached as
18 Exhibit 6 a list of all interviews, purportedly broken down by type
19 of admonishment.

20     Exhibit 6 is plainly the kind of evidence that should have
21 accompanied defendant's moving papers; by reserving this evidence for
22 his reply, the government has been denied an opportunity to respond
23 and correct factual errors in Exhibit 6 for the Court's benefit –
24 unless a sur-reply is permitted. It is well-established that it is
25 improper for a defendant to present evidence for the first time in a
26 reply brief. Here, allowing defendant to submit Exhibit 6 without
27 allowing the government to respond would be highly prejudicial.
28

Second, a sur-reply is appropriate because defendant has offered new argument regarding this new evidence and other topics. See United States v. Zamarron, 2014 WL 683826, at *1 n.2 (C.D. Cal. Feb. 21, 2014) ("The Ninth Circuit has consistently held that where new arguments and new evidence is submitted for the first time in a reply brief, the arguments and evidence may be stricken."); In re Hansen Natural Corp. Securities Litig., 527 F. Supp. 2d 1142, 1149 n.2 (C.D. Cal. 2007) ("[T]he Court will not consider new evidence presented for the first time in a Reply.") (citing United States v. Patterson, 230 F.3d 1168, 1172 (9th Cir. 2000)).

Third and finally, defendant has disputed certain evidence identified in the responsive declaration of AUSA Jeff Mitchell, and on this basis, has now threatened to call the lead prosecutor on this matter as a witness. See Reply at 13. Defendant should not be allowed to evade the rigorous standard for compelling discovery under Armstrong by leveling accusations against the prosecution team and then demanding to cross-examine the prosecutors on their good faith efforts to respond. The sur-reply addresses this matter, and as noted therein, the government is prepared to promptly produce the referenced recordings and proffer letters to the Court, which have already been produced to the defense.

Courts have the power to "mitigate the unfairness caused by new evidence submitted by granting the objecting party leave to file a sur-reply opposition to the new matter." Holt, 2019 WL 9341318, at *2 (quoting Dutta v. State Farm Mut. Auto. Ins. Co., 895 F.3d 1166, 1172 (9th Cir. 2018)). The Court should do so here.

3

### III. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court grant leave to file the accompanying proposed sur-reply.

**DECLARATION OF DAN G. BOYLE**

I, Dan G. Boyle, declare and state as follows:

1. I am an Assistant United States Attorney at the United States Attorney's Office for the Central District of California assigned this matter. I have knowledge of the facts set forth herein and could and would testify to those facts fully and truthfully if called and sworn as a witness.

2. On February 10, 2023, defendant filed a motion to compel discovery (the "Motion"). (ECF Nos. 59, 66.) The noticed motion hearing date for the Motion is presently March 15, 2023.

3. On March 7, 2023, I contacted defense counsel by e-mail and requested defendant's position on the government's motion for leave to file a sur-reply, and described the general substance of the proposed sur-reply. Defense counsel responded on March 8, 2023, by e-mail, stating defendant's opposition to the application, and stating as follows:

> We oppose the government's *ex-parte* application as the request does not warrant extraordinary relief as required by the Court's Local Rules. *See Hon. Dolly Gee Procedure 6* ("Ex parte applications are solely for extraordinary relief and should be used with discretion. (Citing *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995).") The government cannot meet this standard, nor is there any risk of irreparable injury or prejudice – this is a non-dispositive motion seeking discovery.
>
> To be clear, Puig's arguments and evidence submitted on reply were all in response and rebuttal to the government's

opposition. L.R. 7-10 provides that, on reply, a movant may supply "declarations or other rebuttal evidence," which we did. Specifically:

- In its opposition, the government put the merits of the case at issue in its factual statement, and in an argument regarding the strength of the case. The *in camera* submission and Exhibit 4 (text messages with Individual B to provide context to the March 14 voice message) were submitted to rebut that argument.
- The government put at issue the defense efforts to request diversion and seek supervisorial review of these issues. Exhibits 1-3 were in direct rebuttal of this argument.
- Exhibit 5 is merely an *unredacted* version of Agent 1's ROI filed for the Court's convenience; the *redacted* ROI was filed with the Motion.
- Exhibit 6 is "a chart responding to the government's characterizations based on a review of the ROIs produced to the defense to date." (*See* KCA Reply Decl. ¶ 10.) This is in direct rebuttal to the government's chart.

The matter is ripe for argument, ex-parte relief is not warranted, and no sur-reply should be permitted.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on March 8, 2023.

_____
DAN G. BOYLE

2