

Keri Curtis Axel (Bar No. 186847)
  kaxel@waymakerlaw.com
Jose R. Nuño (Bar No. 312832)
  jnuno@waymakerlaw.com
Emily R. Stierwalt (Bar No. 323927)
  estierwalt@waymakerlaw.com
WAYMAKER LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
Telephone: (424) 652-7800
Facsimile:  (424) 652-7850

*Attorneys for Defendant*
*Yasiel Puig Valdes*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>YASIEL PUIG VALDES,<br><br>Defendant. | Case No. CR 22-394-DMG<br><br>**YASIEL PUIG'S *EX PARTE* APPLICATION TO STRIKE THE GOVERNMENT'S MOTION RE: DEFENDANT'S KNOWING BREACH OF PLEA AGREEMENT, OR IN THE ALTERNATIVE, CONTINUE THE HEARING DATE AND BRIEFING SCHEDULE** |

Yasiel Puig Valdes ("Puig"), through his counsel of record, hereby applies to this Honorable Court *Ex Parte* for an order striking the government's June 1, 2023 Motion for Order re: Defendant's Knowing Breach of Plea Agreement ("Motion" Dkt. 110), or in the alternative, an order continuing the hearing date and briefing schedule.

Good cause exists to grant Puig's *ex-parte* application ("Application") because: (1) the government failed to properly meet and confer regarding the Motion itself and the hearing date, in violation of Central District Local Rules and this Court's Criminal Trial Order; and (2) defense counsel has been diligent in preparing for trial but requires additional time to fully respond to the government's Motion and Puig and the defense team, as well as a witness who may provide a declaration in support of Puig's opposition, are otherwise unavailable on the dates unilaterally set by the government.

Pursuant to Local Rule 7-19.1, Puig's counsel conferred with the following government counsel regarding this Application – AUSAs Daniel Boyle, Jeff Mitchell, and Ranee Katzenstein). (*See* Declaration of Jose R. Nuño ("Nuño Decl.") ¶¶ 3-5, Ex. A) Specifically, on June 2, 2023, the day after the government filed its Motion, counsel for Puig emailed the above-named government's counsel regarding their failure to meet and confer and the conflicts posed by the current hearing dates and unilaterally selected briefing schedule. (*Id.*) The parties met and conferred for the next week and the government refused to withdraw the Motion or otherwise continue the hearing date to allow the defense a full opportunity to respond necessitating the instant Application. (*See id.*) The government opposes the relief requested herein and requested that Puig include the government's June 9, 2023 letter in Puig's application for relief. (*See id.*, Ex. B.)

This *ex parte* application is based on this Application; the Memorandum of Points and Authorities; the declarations of Jose R. Nuño, Keri Curtis Axel, and Lisette Carnett (the latter two offered *in camera*, subject to the Court's approval); all

1

other papers and pleadings on file with this Court; and all files and records in this case, and such further information as may be provided to the Court regarding this Application.

DATED: June 12, 2023          WAYMAKER LLP

By: /s/ *Jose R. Nuño*
KERI CURTIS AXEL
JOSE R. NUÑO
EMILY R. STIERWALT
*Attorneys for Defendant Yasiel Puig Valdes*

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Yasiel Puig Valdes ("Puig"), through his counsel Waymaker LLP, respectfully applies *Ex Parte* for an order striking the government's June 1, 2023 Motion for Order re: Defendant's Knowing Breach of Plea Agreement ("Motion" Dkt. 110), or in the alternative, an order continuing the hearing date and briefing schedule. Good cause exists to strike the government's Motion insofar as the government failed to properly meet and confer regarding the Motion itself and the hearing date, in violation of Central District Local Rules and this Court's Criminal Trial Order. Moreover, good cause exists to strike the Motion and/or continue the hearing date and briefing schedule because while defense counsel has been diligent in preparing for trial, for reasons more fully explained in the Supplemental Memorandum[1] submitted separately herewith, it requires additional time to fully respond to the government's Motion and Puig and his counsel are otherwise unavailable on the schedule and hearing date unilaterally set by the government.

## I. THE COURT SHOULD STRIKE THE GOVERNMENT'S MOTION FOR AGAIN FAILING TO PROPERLY MEET AND CONFER PRIOR TO BRINGING ITS MOTION OR SETTING THE HEARING

As an initial matter, this Court should strike the government's Motion for failing to properly meet and confer with Puig's counsel in violation of Central District Local Rule 7-3 and paragraph A.2. of this Court's Criminal Motion and Trial Order. This is the third time in this case that the government has disregarded its meet and confer requirements. (*See* Dkts. 33, 35.)

---

[1] The defense has filed concurrently herewith an application to submit the Supplemental Memorandum and the Declarations of Keri Curtis Axel ("Axel Decl.") and Lisette Carnet *in camera* as they reveal defense strategy and defense information.

### A. The Government Failed to Comply with Local Rule 7-3

The Central District of California's local rules require that, seven days before moving for relief, "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." C.D. Cal. Local Rule 7-3. District courts have discretion to refuse to consider a motion that fails to comply with these requirements. *See Alcatel-Lucent USA, Inc. v. Dugdale Commc'ns, Inc.*, 2009 WL 3346784, at *4 (C.D. Cal. Oct. 13, 2009) (Denying motion and stating "[t]he meet and confer requirements of Local Rule 7-3 are in place for a reason . . . nothing short of strict compliance with the local rules" is expected.); *See also Purdue v. CBC Rest. Corp.*, 2019 WL 7166979, at *1-2 (C.D. Cal. Nov. 9, 2019) (denying motion on the basis that it failed to comply with Local Rule 7-3, and disregarded explanations for the failure offered on reply).

Here, the government has failed to meet and confer in violation of the local rules and failed to include the required language in its notice of motion that "[t]his motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)." (*See* Dkt. 110.) The government could not in fact make such statement under oath, because it made no effort to arrange a conference and in fact did not even indicate tell the defense that it intended to bring a motion.

As in *Purdue*, anything the government may say on reply to explain this deficiency (and Puig is aware of no such thing) should be disregarded. The meet and confer requirement encourages parties to informally resolve disputes and preserve valuable judicial resources. The government has entirely bypassed this rule by filing the motion. *See Purdue,* 2019 WL 7166979, at *2 (there are "numerous conflicts manifest in the parties' briefing [which] make clear that many of the parties' disputes were suitable for exactly the type of extensive meet and confer mandated by Local Rule 7-3 before the parties' sought the Court's intervention on each of these issues."). The government's final response to its complete disregard of the Local Rules is a

claim that it met its meet and confer obligations because it sent an April 20, 2023 email with the re line: "Puig" that attached a letter titled "Letter to Axel_04202023." (Nuño Decl. ¶ 6, Ex. C.)  This letter did not even use the word "motion" or "move" but merely indicated that it intended to offer the factual basis at trial, and asked the defense whether it had changed its position regarding the admissibility of the factual basis at trial.

The letter also did not request a conference, or even say that the government itself intended to bring a motion (and this issue is often raised by defendants, rather than the government, in a pre-trial *in limine* motion to preclude the evidence).[2]  The government never then picked up the phone or sent a further email to clarify and raise the issue again, or to ask for an actual meet-and-confer conference, despite exchanging several emails and phone calls with defense counsel regarding matters in this case between April 20 and the date of its filing.  (*See* Nuño Decl. ¶ 7.)  The meet-and-confer requirements cannot be a game of "gotcha," where one party can send a vague letter into the email ether that does not mention the word "motion" or ask for a conference and claim that the requirement is met.  If this were standard practice, all litigants would do it, and it would bring this Court's docket to a standstill.  The government's meet and confer "efforts" regarding the substance of its motion are in clear contravention of Local Rule 7-3, and this Court should strike its Motion.

### B. The Government Disregarded this Court's Criminal Trial Order

More germane to the instant Application is the government's wholesale failure to meet and confer over a hearing date and briefing schedule in violation of this Court's explicit requirement that the parties meet and cover over these matters to the extent they want a motion decided before the Pretrial Conference.  (*See* Hon. Gee

---

[2] For this reason, the defense read the letter as a notice, ambiguous as to which party would eventually move, and believed that issue would be sorted out when the parties held an actual conference to discuss pre-trial motions.

Crim Trial Order ¶ A.2 ("If counsel wish to have a court ruling on their pretrial motions and motions in *limine* before the Pretrial Conference, they should meet and confer and agree upon an earlier briefing schedule. Hearings on such motions are held on Wednesdays at 2:00 p.m., unless otherwise set by the Court.")

Here, the government does not and cannot dispute that it is seeking to have its Motion decided before the Pretrial Conference, nor that paragraph A.2 of the Criminal Trial Order applies to its Motion. (*See* Nuño Decl. ¶¶ 3-4, Ex. A.) Yet it's only retort to its failure here is that it never received a response to its April 20, 2023 letter stating that it intended to introduce the evidence at trial (which set forth no proposed hearing date or briefing schedule). (*See id.*)

The reason for this Court's meet-and-confer requirement is self-evident with the facts at issue here. Indeed, on June 2, 2023, the day after the government filed its Motion, counsel for Puig emailed the government's counsel regarding their failure to meet and confer and the conflicts posed by the current hearing dates and unilaterally selected briefing schedule. (*See* Nuño Decl. ¶¶ 3-4, Ex. A.) These reasons included the fact that: defense counsel was working on defense theories relevant to the Motion that will not be ready by June 14 (the current opposition date);[3] lead defense counsel is out of town and unavailable the week of June 14; and given that the government is asking for an *in camera* examination of defendant Puig,[4] the hearing would need to ensure Puig's availability. (*Id.*) Over the course of the next week, counsel for Puig sent six additional meet and confer emails explaining the government's obligations, the defense's conflicts, and proposed a new hearing date and briefing schedule as should have been done prior to the government's filing of the Motion. (*Id.*) The

---

[3] *See In Camera* Supplemental Memorandum; Declaration of Keri Curtis Axel ("Axel Decl.").

[4] The defense disputes the necessity or propriety of any such request and reserves all rights to challenge said request.

government has refused to withdraw the Motion and would only agree to move defense counsel's opposition deadline by one week with no corresponding move to the hearing date.  (*See id.*)

The government cannot have it both ways – it cannot choose to have a motion heard prior to the Pretrial Conference and unilaterally set a hearing date and briefing schedule on that motion in contravention of this Court's orders.  The Motion should be stricken, or in the alternative the hearing date and briefing schedule should be continued.

## II. THE COURT SHOULD STRIKE THE MOTION OR CONTINUE THE HEARING DATE AND BRIEFING SCHEDULE SO THAT THE DEFENSE CAN FULLY RESPOND

This Court should also strike the Motion or continue the hearing and briefing dates so that the defense can fully respond to the government's Motion.  Indeed, as set forth more fully in the *In Camera* Supplemental Memorandum, the defense has been diligently pursuing its factual and legal theories, several which are relevant to rebutting the government's Motion. (*See, e.g.*, Axel Decl. ¶¶ 2-12.)  While the defense cannot disclose those theories in this memorandum, the need for additional time to respond is not simply a delay tactic as the defense proposed only a very modest two week continuance of the hearing date from July 5 to July 19, and a continuance of the opposition deadline from June 14 to July 5.  The government's refusal is unreasonable as it would still have its Motion heard before the scheduled Pretrial Conference, as it desired.[5]

Moreover, the government would not be prejudiced by being required to refile its Motion after a proper meet and confer, or a simple continuance of the hearing and briefing schedules.  Any feigned concern about the proximity of the present trial date

---

[5] The defense notes that it will be moving for a continuance of the trial date, which would vacate this scheduled pretrial conference in any event.

is misplaced as motion practice and counsel's need for time to review discovery are bases for excludable time (18 U.S.C. § 3161(h)(1)(D), (7)(b)(4); *U.S. v. Langford*, 802 F.2d 1176, 1178 (9th Cir. 1986) ("[t]he time between the filing and disposition of these [discovery] motions was excludable for Speedy Trial Act purposes")).  This should not be a sufficient reason to expedite the government's requested relief without compliance with local rules.

The current briefing and motion schedule does not work for counsel or for Puig.  Lead counsel has a pre-scheduled family vacation out of the state from June 12-16, and will be out of town over the Fourth of July weekend (June 30-July 4).  Puig does not live in California, and is available July 19 (and indeed already has booked a ticket to be here that week).  Additional and pertinent details regarding Puig's requested relief is detailed in its *In Camera* Supplemental Memorandum.

### III.    CONCLUSION

For the foregoing reasons, Defendant Yasiel Puig respectfully requests that this Court enter an order Striking the government's Motion or in the alternative, to continue the hearing date to July 19, 2023 and setting Puig's Opposition Brief deadline for July 5, 2023.

Respectfully submitted,

DATED:  June 12, 2023         WAYMAKER LLP

By:  */s/ Jose R. Nuño*
KERI CURTIS AXEL
JOSE R. NUÑO
EMILY R. STIERWALT
*Attorneys for Defendant Yasiel Puig Valdes*