E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JEFF MITCHELL (Cal. Bar No. 236225)
Assistant United States Attorney
Major Frauds Section
DAN G. BOYLE (Cal. Bar No. 332518)
Assistant United States Attorney
Asset Forfeiture & Recovery Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0698/2426
    Facsimile: (213) 894-6269/0141
    E-mail:    jeff.mitchell@usdoj.gov
              daniel.boyle2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

           v.

YASIEL PUIG VALDES,

        Defendant.

CR No. 22-394-DMG

GOVERNMENT'S RESPONSE TO
DEFENDANT'S EX PARTE APPLICATION
TO STRIKE OR CONTINUE BRIEFING
SCHEDULE AND HEARING DATE

Hearing Date: July 5, 2023
Hearing Time: 2:30 p.m.
Location:    Courtroom of the
           Hon. Dolly M. Gee

     Plaintiff United States of America, by and through its counsel

of record, the United States Attorney for the Central District of

California and Assistant United States Attorneys Jeff Mitchell and

Dan G. Boyle, hereby files it response to defendant Yasiel Puig

Valdes' ex parte application to strike the government's Motion for an

order finding defendant knowingly breached his plea agreement (the

"Motion"), ECF No. 110, or alternately, defendant's request to

continue the briefing schedule and hearing date on the Motion. <u>See</u> ECF No. 116 (the "Application").

This response is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: June 13, 2023                    Respectfully submitted,

                                        E. MARTIN ESTRADA
                                        United States Attorney

                                        MACK E. JENKINS
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                        _____/s/_____
                                        DAN G. BOYLE
                                        JEFF MITCHELL
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

ii

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**INTRODUCTION**

3       More than seven months ago, the government moved to find

4  defendant in breach of his agreement to plead guilty in this action.

5  The parties agreed to carve out the discrete question of whether this

6  breach was "knowing" for future briefing, and the Court found that

7  defendant had breached his plea. After the Court denied defendant's

8  motion for selective prosecution discovery and continued trial to

9  August 8, 2023, the government notified defense counsel by letter

10  that it intended to raise the knowing breach issue in advance of the

11  new trial date, and requested defendant's position. The government

12  received no response to its letter and, after six weeks, filed a

13  motion for an order finding defendant knowingly breached his plea

14  agreement (the "Motion"). The government's good-faith efforts to

15  raise this issue with defense were consistent with the parties' prior

16  communications, and defendant's failure to respond – even if the

17  result of an honest mistake – is no basis for striking the Motion.

18  The Court should deny the Application.

19

**BACKGROUND**

20       On July 7, 2022, defendant signed an agreement to plead guilty

21  to an information charging one violation 18 U.S.C. § 1001, which was

22  filed under seal on August 29, 2022. See ECF No. 6 (the "Plea

23  Agreement").

24       On December 14, 2022, the government moved for a finding that

25  defendant had breached the Plea Agreement by failing to plead guilty

26  as agreed (the "Breach Motion"), which defendant opposed on December

27  28, 2022. See ECF No. 45. Defendant's opposition to the Breach Motion

28

1

requested that the Court not address the issue of whether any breach by defendant was "knowing" – which could trigger admission of parts of the Plea Agreement at trial – but also generally set forth defendant's theories of why no such knowing breach had occurred. See ECF No. 45, at 7-9. In reply, the government agreed that the Court did not need to address the issue of any knowing breach to rule on the Breach Motion, and the Court did not reach this issue in granting the Breach Motion. See ECF No. 51 at 3, n.2.

On April 20, 2023, the government sent a letter by e-mail to defense counsel (specially, Ms. Axel and Mr. Nuno), which stated, in relevant part, the following:

> In compliance with the Court's directive that counsel meet and confer and attempt to resolve issues prior to filing any motion, the government advises you that it will seek to introduce the factual basis of Mr. Puig's plea agreement (Dkt. No. 6) at the upcoming trial. I believe we already met and conferred on this issue before we filed our Motion for Breach of Plea Agreement (Dkt. No. 33) and that you stated that you would object to the introduction of such evidence. Please let me know if your position remains the same or if you will stipulate to the admissibility of the factual basis.

See ECF No. 116-1, at 18-20 (the "April 20 Letter").

The government did not receive any response to the April 20 Letter and, six weeks later, on June 1, 2023, the government moved this Court for an order finding that defendant knowingly breached the Plea Agreement. The Motion included the following certification: "Pursuant to the Local Rules and the Court's Individual Practices, the undersigned sought to confer with defense counsel regarding the content of this Motion by letter dated April 20, 2023, and sent by e-mail on that date, but did not receive a response." ECF No. 110.

Trial is presently set to begin on August 8, 2023, and the final

1   pretrial conference is set for July 26, 2023. See ECF No. 105 (4/7/23

2   Order Continuing Trial).

3   **ARGUMENT**

4   **I.   The Application To Strike Should be Denied**

5        Defendant's sole argument for seeking to strike the Motion is

6   that the government's April 20 Letter purportedly failed to satisfy

7   L.R. 7-3[1] or the Court's Criminal Trial Order setting forth the

8   parties' obligations to attempt to resolve disputes prior to motion

9   practice. Defendant complained, in particular, that the letter

10  supposedly "did not even use the word 'motion' or 'move' but merely

11  indicated that [the government] intended to offer the factual basis

12  at trial." ECF No. 116, at 5. This assertion is demonstrably untrue.

13  The very first sentence of the April 20 Letter stated as follows: "In

14  compliance with the Court's directive that counsel meet and confer

15  and attempt to resolve issues prior to <u>filing any motion . . .</u>" See

16  ECF No. 116-1, at 19 (emphasis added). The April 20 Letter then went

17  on to explicitly reference the parties' prior meet-and-confer

18  discussions on the topic, see <u>id</u>. ("I believe we already met and

19  conferred on this issue before . . . and that you stated that you

20  would object to the introduction of such evidence"), and requested

21  that defense counsel respond with defendant's current position on the

22  matter. See id. ("Please let me know if your position remains the

23

24      [1] As the Court has recognized in prior orders, "the Court generally does not require the Local Rule 7-3 certification in

25  criminal motions" where a party substantially attempts to confer. <u>See</u> ECF No. 51, at 3. This holding is consistent with Local Criminal Rule

26  57-1, which states that the Local Civil Rules apply only "[w]hen applicable directly or by analogy" and where not in conflict with

27  other guidance from a Court in a criminal matter. <u>See</u> L. Crim. R. 57-1. The government respectfully submits that the Court's Criminal

28  Trial Order governs here.

3

1   same or if you will stipulate . . .").

2        The government did not "send a vague letter into the email

3   ether" (App. at 5); it sent a letter to defense counsel specifically

4   requesting defendant's position on a clearly identified and discrete

5   issue, which had previously been the subject of motion practice. This

6   process was also consistent with the way the government had raised

7   the earlier Breach Motion.[2] It is difficult to see how counsel could

8   have understood the April 20 Letter – including the explicit

9   references to prior meet-and-confers and the Court's pre-motion

10  guidance – as anything but a request for a response. Nonetheless,

11  defendant did not respond. When the government received no response

12  from the defense for more than a month, government counsel presumed

13  that defendant's position had not changed from that stated at prior

14  meet-and-confer discussions on the issue, and thus, that the parties

15  remained at an impasse and a Court order would be required to resolve

16  the issue. In an abundance of caution, however, the government

17  noticed a hearing date more than a month from the date of filing,

18  which would provide defendant approximately two weeks to respond.

19       Defendant's Application to strike is premised on an assumption

20  that, if the government had simply tried harder to confer, then

21  defense counsel may have responded and the parties could have agreed

22  on a filing schedule. See App. at 5 ("[T]he government never then

23  picked up the phone or sent a further email . . ."). Aside from being

24  _____

25       [2] The Court previously approved this process in connection with
    the Breach Motion, where the government sent notice to defense
26  counsel by letter. See ECF No. 51 at 3 (rejecting defendant's
    argument that government had failed to comply with L.R 7-3, where
27  government had served a "letter from the Government advising
    Defendant of its intent to seek a finding that Defendant breached the
28  plea agreement").

1   speculative, this position is simply not supported by the Local Rules

2   or the Court's individual practices. It is not incumbent on the

3   government to cajole defense counsel into responding to its

4   communications, and the government can reasonably presume that a

5   letter sent to counsel will be read, considered, and responded to.[3]

6   Cf. L.R. 37-2.4 (permitting motion practice where moving party

7   certifies that non-movant "failed to confer in a timely manner").

8       To be clear, the government is not accusing defense counsel of

9   ignoring the April 20 Letter in bad faith. The government accepts

10  defense counsel's representation that counsel simply misunderstood

11  the April 20 Letter as a "notice" letter which did not require a

12  prompt response – despite the explicit request for defendant's

13  position and reference to the parties' pre-filing obligations. See

14  ECF No. 116, at 5, n 2. Misunderstandings are a natural part of the

15  litigation process, and when defense counsel contacted the government

16  after the Motion was filed, the government offered to not to oppose a

17  brief extension of defendant's time to respond to the Motion (as

18  detailed below). But counsel's misunderstanding does not convert the

19  government's good faith attempt to initiate a meet-and-confer into a

20  violation of either the Local Rules or this Court's Criminal Trial

21  Order. The Application to strike the Motion should be denied.

22

23

24

25  _____

26      [3] Nonetheless, the government regrets that this distraction is now occupying the Court's time and will endeavor to try and avoid such disputes in the future. The government hopes that the defendant

27  will similarly work to respond in a timely fashion when the government sends a communication explicitly requesting defense

28  counsel's position on an issue.

## II.  The Application to Continue the Motion Hearing Date and Deadlines Should be Denied In Part

In addition to denying the Application insofar as it seeks to strike the Motion, the Court should also deny defendant's request to continue the hearing date on the Motion and associated briefing deadlines. However, the government has no opposition to an order extending defendant's time to oppose the Motion by one additional week, to June 21, 2023, in order to accommodate defense counsel's personal travel. See App. at 6.

As stated in the Motion, the government strongly believes that the Motion raises issues which are best addressed well in advance of trial, as they have the potential to affect all parties' trial strategy. Defendant's proposed hearing date of July 19, 2023 would have the Motion heard just one week before the final pretrial conference (see ECF No. 105), and less than two weeks before the parties must disclose joint jury instructions and the government must disclose its witness list, estimated trial length, expected cross-examination, and potential legal and factual issues, all of which will require defendant's input as well. See ECF No. 28 (Criminal Trial Order), at 3. Defendant's proposed extension would give the Court barely two weeks to consider this highly fact-specific issue, including any privileged matters addressed in camera, and issue a ruling which is likely to impact the parties' trial strategies – all while the parties are preparing for trial and negotiating pretrial filings. The government submits that the matters raised in the Motion should be addressed promptly to avoid potentially disrupting trial preparation and the current trial date.

The government has already agreed to accommodate certain issues

6

raised by the defense. Defense counsel's travel schedule can be accommodated through a brief extension of defendant's opposition deadline to June 21, 2023, which would give defendant roughly 20 days to respond to the Motion, nearly three times what the Court typically affords in its Criminal Trial Order. See ECF No. 28, at 1 (Criminal Trial Order). Defendant's travel schedule, however, is not an appropriate basis for continuing the hearing and can be accommodated by his remote participation in any in camera inquiry to be held by the Court. As neither the government nor the public would be involved in any such in camera inquiry into privileged matters, any in camera inquiry could be set at any date or time convenient for the Court, including before or after the noticed hearing date. Indeed, it will not be clear whether the Court will even need to conduct an in camera inquiry until defendant sets forth his position. There is no need to continue the hearing date for this reason.

Defendant's assertion that he needs additional time to explore undefined "factual and legal theories" relevant to the Motion is also difficult to credit. See App. at 7. The government has no knowledge of what defense counsel has submitted in camera, but without more explanation, is it difficult for the government to see why an extension is needed to respond to an issue first raised in the Breach Motion in December of 2022, or how two additional weeks would give defense counsel time to complete such an investigation when the previous seven months were apparently insufficient.

Finally, counsel's planned travel for the 4th of July holiday weekend (App. at 8) simply does not justify a two-week continuance, particularly with trial scheduled to begin just over one month later.

1  At most, the holiday weekend would justify rescheduling the hearing
2  to another day and time the same week, at the Court's convenience.

### CONCLUSION

4      For the foregoing reasons, the government respectfully requests
5  that this Court deny the Application, but has no objection to
6  modifying the briefing schedule such that the deadline for
7  defendant's response is continued from June 14, 2023 to June 21,
8  2023, and the government's reply deadline is continued from June 21,
9  2023 to June 28, 2023, with the hearing remaining set for July 5,
10 2023.