# EXHIBIT A



# United States Department of Justice

## United States Attorney's Office
## Central District of California

---

*Dan Boyle*
*Phone: (213) 894-2426*
*E-mail: daniel.boyle2@usdoj.gov*

*1400 United States Courthouse*
*312 North Spring Street*
*Los Angeles, California  90012*

June 9, 2023

**VIA EMAIL**

Keri Curtis Axel
Jose Nuno
Waymaker LLP
515 S. Flower Street, Ste. 3500
Los Angeles, CA 90071

     Re:    United States v. Yasiel Puig,
                   CR No. 22-394(A)-DMG

Dear Counsel:

     Please accept this letter in response to your letter of June 6, 2023 and emails of June 7-8, 2023. To the extent that you disagree with the positions set forth within and intend to seek relief from the Court, this letter sets forth the government's position on each of these issues and we request that you include our position in any application for relief that you file.

    1.   *Briefing Schedule Regarding Government's Knowing Breach Motion (ECF No. 110)*

     On May 31, 2023, the government filed a motion asking the Court to find that Mr. Puig's breach of the plea agreement was a "knowing breach" for the purposes of determining the admissibility of the factual basis of Mr. Puig' plea agreement at trial (ECF No. 110), noticing the motion for hearing on July 5, 2023. As you are aware, this motion followed the government's letter of April 20, 2023, requesting Mr. Puig's position on this matter. Following the filing of the motion, you requested that the government either withdraw the motion or agree to continue the motion hearing to July 19, 2023 and your opposition deadline to July 5, 2023, for reasons including (1) the government's alleged failure to meet and confer, (2) Ms. Axel's prescheduled family travel the week of June 14th; (3) the need for additional time to formulate undisclosed defense theories; (4) the proximity of the present motion hearing date to a holiday weekend, (5) the government's alleged failure to consider Mr. Puig's personal schedule given the potential need for him to appear in person, and (6) your intent to seek a continuance of the present trial date.

     As indicated in previous correspondence, the government would not oppose a one-week extension of the due date for your opposition to the motion in order to accommodate Ms. Axel's family travel, which would give you a total of 20 days to prepare and file your brief. Neither will the government oppose any request by the defense to conduct any proceedings related to the motion virtually, in order to facilitate defendant's appearance, if necessary, from a location other than in the courtroom. However, the government opposes any continuance of the motion hearing

Keri Curtis Axel
RE: Yasiel Puig
June 9, 2023
Page 2

date. The issue addressed in the motion was first raised more than six months ago in the government's first motion for breach and your response (ECF No 45), and the government raised this issue again almost two months ago in its April 20, 2023, letter, to which you did not respond. You have not identified what investigation or research you now must do that you could not have previously done and which requires additional time to pursue. The fact that the current hearing date follows a holiday weekend is no basis for continuing the hearing date by nearly two weeks. A continuance of the motion date to July 19th would result in the motion being heard approximately three weeks prior to trial and one week before the pretrial conference, and would thus jeopardize the parties' ability to appropriately prepare for trial and risk delaying the present trial date. Considering the substance of the motion and the possibility of attorney-client privilege issues arising in response, we continue to believe that this motion should be heard sufficiently in advance of the present trial and pretrial deadlines to allow the parties to incorporate the Court's findings on the motion in their trial preparation.

2. *Request for a Trial Continuance*

In your emails of June 7-8, 2023, you also requested the government's position on a continuance of trial from the present date of August 8, 2023, to either November 6th or 13th. The government opposes any continuance of the present trial date.

Trial in this matter has already been continued by stipulation three times, most recently on April 7, 2023. The parties agreed on the present trial date after extensive discussions including regarding counsel's and the Court's schedules and, indeed, at that time you indicated that your client preferred a June or July trial date. The government expects its case-in-chief to be relatively brief, likely taking three days or, at most, no more than five days, given that the matters at issue in the trial are narrowly focused. The government began producing discovery eight months ago, and while the government has produced significant volumes of discovery and certain disputes remain (as addressed below), trial remains roughly eight weeks away and much of the voluminous discovery the government has produced related to your now-denied selective prosecution claim—which is not an issue of fact to be presented to the jury at trial. Neither do any of the remaining discovery issues you have raised present good cause for continuing the trial; these issues are discrete and the government believes all can be resolved sufficiently in advance of trial, as discussed below.

3. *Request For Agent's Handwritten Notes*

In your emails of June 7-8, 2023, you requested the handwritten notes taken by one of the investigating agents during the January 27, 2022, interview of your client, which were later formalized in a Report of Investigation ("ROI"), approved on January 31, 2022. The ROI has been produced to you. As explained in our letter of February 13, 2023, Ninth Circuit precedent does not require the production of raw or handwritten agent notes, although it recognizes that, in some instances, a factual inquiry on a case-by-case basis may be required to determine whether particular notes reflect a defendant's verbatim statement. For that reason, we offered to make the relevant agent's notes available for *in camera* review one week before trial. In light of your renewed request, we expect to promptly file an *ex parte* application for *in camera* review of these materials.

Keri Curtis Axel
RE:  Yasiel Puig
June 9, 2023
Page 3

4. *Request For Attorney-Agent Emails*

In addition, your letter of June 6, 2023, requested production of a range of categories of e-mail communications between government counsel and the investigating agents in this matter.

As you are aware, such materials are explicitly exempted from disclosure under Federal Rule of Criminal Procedure 16(a)(2). Moreover, your request appears to exceed the bounds of relevant discovery in this case, seeking documents relating to your previously denied motion to compel discovery related to your selective-prosecution claim. Finally, your request explicitly seeks materials that would be protected by the deliberative process privilege, in the form of "decisions regarding whom to charge and why." Nonetheless, and subject to the above objections, government counsel has conducted a diligent review of counsel's emails and found no responsive materials.

5. *Request For Forensic Images of Third-Party Devices*

Finally, in your email of June 8, 2023, you also requested production of "the forensic images of the phones for Nix and Bonilla." The government has already produced the extraction reports from Bonilla and Nix's devices which are in the prosecution team's possession. *See, e.g.,* USAO_NIX_00039632- USAO_NIX_00054127 (Bonilla cell phone report). Although the seizing agencies' review teams may continue to have copies of the original forensic images of these devices, the prosecution team does not have access to these materials, which may contain privileged, private, or otherwise irrelevant material outside the scope of the warrants authorizing the searches and seizures of these devices, which would not have been seized and disclosed to the prosecution team. The government cannot agree to the production of materials belonging to third-parties which the government is not authorized to seize and which may contain sensitive materials belonging to the third-party owners of the devices. Accordingly, the government cannot agree to this request. To the extent you seek to compel production of these materials, Bonilla and Nix must be afforded a reasonable opportunity to be heard.

6. *Request for Reciprocal Discovery*

On multiple occasions, including December 16, 2022, December 21, 2022, January 23, 2023, February 7, 2023, February 9, 2023, March 20, 2023, April 10, 2023, April 26, 2023, April 28, 2023, and May 31, 2023, the government has requested reciprocal discovery pursuant to F. R. Cr. P. 16(b). Please be advised that the government may seek to exclude any discoverable materials offered by the defense at trial if those materials are not timely produced to the government.

//

//

Keri Curtis Axel
RE: Yasiel Puig
June 9, 2023
Page 4

If you have any questions or would like to further meet and confer on any of these matters, please let us know.

Very truly yours,

Dan Boyle
Assistant United States Attorney
Asset Forfeiture Section

cc:     AUSA Jeff Mitchell



# United States Department of Justice

## United States Attorney's Office
## Central District of California

*Dan Boyle*
*Phone:  (213) 894-2426*
*E-mail:  daniel.boyle2@usdoj.gov*

*1400 United States Courthouse*
*312 North Spring Street*
*Los Angeles, California  90012*