# EXHIBIT 1



Waymaker LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
T 424.652.7800

January 20, 2023

**Keri Curtis Axel**
Direct (213) 314-5824
kaxel@waymakerlaw.com

<u>*Via Electronic Mail*</u>

AUSA Jeff Mitchell
AUSA Daniel Boyle
U.S. Attorney's Office
1100 United States Courthouse
312 N. Spring Street
Los Angeles, CA 90012

Re:   *United States v. Yasiel Puig Valdes*, Case No. 2:22-CR-00394-DMG

Dear AUSAs Mitchell and Boyle:

We write to make a formal request for discovery on behalf of our client Yasiel Puig Valdes ("Puig") in the above-captioned case. The following are our specific and general requests.

## **Specific Requests**

1. Any and all handwritten or typed notes from Mr. Puig's proffer session with the government on January 27, 2022, including notes taken by either agents or government attorneys.

2. Screenshots reflected in texts located at USAO____-54138-54271.

3. Agent interview reports and/or recordings and transcripts (including drafts) for any and all interviews in this matter and the matters involving ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ("Bet Prestige/Sand Island Sports Matters").

4. Proffer letters provided to any of the interviewees referenced in paragraph 3.

5. Handwritten notes of any interview taken in the Best Prestige/Sand Island Sports Matters.

6. Plea agreements for ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, and any other defendant who pleaded guilty in the Bet Prestige/Sand Island Sports Matters.



7. Any documents and/or information demonstrating any benefits received by ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ from the government.

8. All grand jury subpoenas served in this matter or the Bet Prestige/Sand Island Sports Matters.

9. *Giglio v. United States*, 405 U.S. 150 (1972) ("*Giglio*") materials concerning ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, or any government witness.

10. Bank records, including wires and checks, for accounts associated with ▮▮▮▮▮▮▮▮, and Bet Prestige/Sand Island Sports.

11. All records of bookmaking, including notes or electronic records, concerning any bets or wagers made through ▮▮ and any gambling organization associated with ▮▮, including Bet Prestige and Sand Island Sports.

12. All records of bookmaking, including notes or electronic records, concerning any bets or wagers made through ▮▮▮▮▮▮, or any efforts by ▮▮▮▮▮▮ to collect on any bets or wagers.

13. Government's investigative file concerning the Tradewinds Sports Wagering website (operating at a website including, but not limited to, www.trdwd.com), including, but not limited to the following:
    a. financial records;
    b. bookmaking record;
    c. reports of interviews; and
    d. other investigative reports of government agents.

14. A list of all cases including a charge of 18 U.S.C. § 1001 by the USAO/CDCA from January 1, 2013 to present, and copies of each charging document.

15. All reports of interview prepared by Special Agent Jason Canty of the IRS from January 1, 2017 to present.

16. A list of all cases charged by AUSA Jeff Mitchell and/or Dan Boyle from January 1, 2017 to present, and copies of each charging document.

17. All training materials the IRS provides to agents concerning how to conduct and take notes of interviews.

18. All interview reports prepared by any agent of any federal or state agency (including, without limitation, the Federal Bureau of Investigation, the Drug Enforcement



Administration, the Internal Revenue Service, and/or the Department of Homeland Security, or any agent of the United States Attorney's Office), of any interviews led by Assistant United States Attorney Jeff Mitchell from January 1, 2017 to present.

## General Requests

To the extent not included in the Specific Requests, please also produce the following:

1. Pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure, we request the following discovery regarding statements made by Mr. Puig:

   a. All written or recorded statements;

   b. All written records containing the substance of any relevant oral statement made by Mr. Puig in response to interrogation by a person he knew to be a government agent, including, but not limited to, (i) all law enforcement agency reports and (ii) all notes of law enforcement officers, whether or not used to prepare reports; and

   c. The substance of any other relevant oral statement made by Mr. Puig in response to interrogation by a person he knew to be a government agent if the government intends to use that statement at trial.

2. We request all reports, notes, or any tapes that relate to the circumstances surrounding Mr. Puig's questioning. This request includes, but is not limited to, any rough notes, records, reports, transcripts, or other documents leading up to the interview (including notes of conversations with counsel), notes of the interview, including attorney notes, and notes in which statements of Mr. Puig or any other discoverable material is contained, and subsequent notes of any attorney conversations.

3. To the extent any production includes transcripts of audiotapes or videos, we request any draft transcripts in the government's possession.).
4. Pursuant to Rule 16(a)(1)(E), we request copies of all books, papers, documents, data, photographs, or tangible objects which the government intends to use as evidence in its case in chief at trial, which are material to the preparation of the defense, and/or which were obtained from or belong to Mr. Puig.

5. Pursuant to Rule 404(b) of the Federal Rules of Evidence, we request reasonable notice of any evidence of other bad acts which the government intends to introduce at trial. It is our position that reasonable notice means sufficiently in advance of the pretrial motions deadline to prepare and file relevant pretrial motions in this case.

6. We request early disclosure of any *Jencks* material and grand jury transcripts to avoid a late disclosure of materials near the trial date.



AUSAs Mitchell and Boyle
January 20, 2023
Page 4 of 6

7. We request all information and material subject to disclosure under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio*.

8. We request the following information as to each government witness, on the ground that it is discoverable under *Giglio* and case law:

    a. Any prior criminal convictions and/or arrests and any evidence that the witness has committed or is suspected of committing a criminal act which did not result in an arrest or conviction.

    b. Any payments made to the witness and the dates of such payments, whether in connection with this case or any other case, state or federal.

    c. Any implicit or explicit promises of benefit which have been made by any government agent or agency, state or federal, regarding (i) non-prosecution for any offense, (ii) recommendations of leniency, or (iii) information to be provided at sentencing for any offense.

    d. Any implicit or explicit promises of benefit which have been made to the informant, by any government agent or agency, in any other area, including, but not limited to, immigration status.

    e. All known occasions on which the witness has made false statements to any person, including, but not limited to, law enforcement officers or any law enforcement agency or court, and specifically including, but not limited to, any aliases which the witness may have used.

    f. Any false identification document which has ever been in the possession of and/or used by the witness, and each and every occasion on which the witness is known to have used said document.

    g. Any evidence that any prospective government witness is biased or prejudiced against Mr. Puig, or has a motive to falsify or distort his or her testimony.

    h. Any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.

    i. Any other information which adversely reflects on the credibility of the witness.



9. We request the name, address, and location of any informant or other person who was a percipient witness to a material event in the case, who was a substantial participant in the investigation of the case, or who may have information relevant and helpful to the defense.

10. We request the name of any witness who made an arguably favorable statement concerning Mr. Puig. We also request disclosure of any statement that may be "relevant to any possible defense or contention" that Mr. Puig might assert. This includes, in particular, any statements by percipient witnesses.

11. We request disclosure of any exculpatory witness statement, including negative exculpatory statements, *i.e.*, statements by informed witnesses that fail to mention Mr. Puig.

12. We request that you review the personnel records of all law enforcement witnesses and disclose any *Brady* or *Giglio* material contained in those records, pursuant to *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991).

Pursuant to *United States v. Harris*, 543 F.2d 1247 (9th Cir. 1976), all government agents, whether federal, state, local, or tribal, should have already preserved any and all handwritten notes of witness interview or investigations for possible use at trial as *Jencks* Act material, and for *in camera* inspection by the Court for possible *Brady* material.

If the United States Attorney's Office is going to decline to produce any of the above, please notify us in writing as soon as possible. If you have any questions regarding the above requests, let us know as soon as possible as well, so we can speak at your convenience.

Finally, as you know, the government's discovery obligations are continuing in nature. If the government discovers additional items previously requested or ordered, that are subject to discovery, you must notify us promptly of their existence. This continuing obligation runs through the end of any trial, and if applicable, any sentencing.



AUSAs Mitchell and Boyle
January 20, 2023
Page 6 of 6

Mr. Puig expressly reserves the right to supplement these discovery requests at a later time, and to file appropriate motions.

Very truly yours,

Keri Curtis Axel
Jose R. Nuño
WAYMAKER LLP