# EXHIBIT 2

| | |
|---|---|
| **From:** | Keri Axel |
| **To:** | Boyle, Daniel (USACAC); Mitchell, Jeff (USACAC) 5 |
| **Cc:** | Jose Nuño |
| **Subject:** | Discovery Request follow up |
| **Date:** | Tuesday, February 7, 2023 10:49:40 PM |
| **Attachments:** | Letter to USAO re Puig Interview Handwritten Notes.pdf<br>image002.png |

Dan and Jeff:  Please see the attached letter, which responds to one of the positions you raised regarding the government's discovery obligations as it pertains to handwritten interview notes.   We believe that those notes should be produced by the government forthwith, for the reasons expressed in the letter.

In addition, please note that, due to the specific circumstances and charges in this case, we believe that agent communications with the government prosecutors, including regarding the preparation of ROIs/MOIs, the protocols to be used in interviewing witnesses, and decisions regarding whom to charge and why, are discoverable under Rule 16 and Brady.   They are certainly relevant to our selective prosecution arguments and we intend to move the Court to receive them.   We also believe that communications with witnesses (including targets and defendants) through counsel are relevant to evaluating how the government treated respective individuals in interviews and charging decisions, and we intend to move to receive those as well.

Please let me know if you wish to discuss any of the above.  Thank you.  Best, Keri

### Keri Curtis Axel
Partner



Waymaker LLP
Direct/Mobile +1 213.314.5284
Firm Main +1 424.652.7800
kaxel@waymakerlaw.com  |  waymakerlaw.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
This message was sent from Waymaker LLP and is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*



Waymaker LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
T 424.652.7800

February 7, 2023

Keri Curtis Axel
Direct (213) 314-5824
kaxel@waymakerlaw.com

<u>*Via Electronic Mail*</u>

AUSA Jeff Mitchell
AUSA Daniel Boyle
U.S. Attorney's Office
1100 United States Courthouse
312 N. Spring Street
Los Angeles, CA 90012

Re:   United States v. Yasiel Puig Valdes, Case No. 2:22-CR-00394-DMG

Dear AUSAs Mitchell and Boyle:

We write regarding our prior request for all handwritten or typed notes from Mr. Puig's proffer session with the government on January 27, 2022, including notes taken by both agents and government attorneys. We understand that the government is refusing to produce notes, however the rough notes are subject to production under Jencks, *Brady*, and the Department of Justice's policies.

This is not a typical case where notes are mere Jencks material of a testifying witness, but even then the notes are typically produced. In *United States v. Harris*, 543 F.2d 1247, 1252 (9th Cir. 1976), the Ninth Circuit recognized that "rough notes taken by a government agent in an interview with the accused… of a defendant's oral statements are discoverable under Rule 16 of the Federal Rules of Criminal Procedure." The Ninth Circuit further reiterated that "notes and reports of government agents made in the course of a criminal investigation may be subject to production under the Jencks Act[.]" *Id*. at 1250. Indeed, rough notes "may contain substantially verbatim recitals producible under the Jencks Act." *United States v. Rewald*, 889 F. 2d 836, 867, *amended*, 902 F.2d 18 (9th Cir. 1990). The determination of whether notes are discoverable under Jencks is "for the court, not the government[.]" *Id*.

Here, however, the government has charged a 18 U.S.C. § 1001 violation based on the January 27, 2022 interview, thus any rough notes are likely to contain Mr. Puig's oral statements and the rough notes should also be produced as *Brady* material. In *U.S. v. Service Deli Inc.*, 151 F. 3d 938, 943-44 (9th Cir. 1998), a case alleging a violation of 18 U.S.C. § 1001, the Ninth Circuit determined that handwritten notes by a government attorney were *Brady* material that should have been produced. The Ninth Circuit further determined that a typewritten summary was not an appropriate substitute for the handwritten notes because small differences between the documents and undisclosed statements could be used by the defense to argue the defendant's innocence and impeach the credibility of government witnesses. *Id*. Due to the government's



AUSAs Mitchell and Boyle<br>
February 7, 2023<br>
Page 2 of 2

failure to produce the rough notes, the Ninth Circuit remanded the case for a new trial.  *Id*. at 944.

Similarly here, any rough notes of the January 27, 2022 interview should be produced under *Brady* because the indictment focuses solely on statements made during the interview.  Any differences in the rough notes can be used to impeach government witnesses and are *Brady* material because the substance in the notes goes to the heart of the government's case against Mr. Puig.  The same is true of any notes or outlines prepared by the AUSA. Such documents are core material relevant to guilt/innocence.

In addition, the notes should be disclosed pursuant to U.S. Attorneys' Manual § 9.500. The Justice Manual recognizes that "a fair trial will often include examination of relevant exculpatory or impeachment information that is significantly probative of the issues before the court but that may not, on its own, result in an acquittal or, as is often colloquially expressed, make the difference between guilt and innocence."[1] The DOJ thus instructs disclosure of information beyond only information "material" to guilt, and "regardless of whether the prosecutor believes such information will make the difference between conviction and acquittal of the defendant for a charged crime."

Given the above, we again request you produce all rough notes from the January 27, 2022 interview.  If the notes are not produced, we will bring a motion to compel production of the notes.

Sincerely,

*Keri Curtis Axel*

Keri Curtis Axel
Jose R. Nuño
WAYMAKER LLP

---

[1] https://www.justice.gov/jm/jm-9-5000-issues-related-trials-and-other-court-proceedings