# EXHIBIT 3



# United States Department of Justice

## United States Attorney's Office
## Central District of California

---

*Jeff Mitchell*  
*Phone:  (213) 894-0698*  
*E-mail:  jeff.mitchell@usdoj.gov*

*1100 United States Courthouse*  
*312 North Spring Street*  
*Los Angeles, California  90012*

February 13, 2023

**VIA EMAIL**

Keri Curtis Axel  
Jose Nuno  
Waymaker LLP  
515 S. Flower Street, Ste. 3500  
Los Angeles, CA 90071

      Re:    United States v. Yasiel Puig,  
                  CR No. 22-394-DMG

Dear Ms. Axel:

This letter responds to your letter dated February 7, 2023, and email of the same date.  In your letter, you renew your request for the agent's notes from Mr. Puig's interview.  During our prior conversations about the agent's notes, I advised you that I believed your request was beyond the scope of our discovery obligations. Nonetheless, I agreed to consider any authority you wished to provide.

In your February 7, 2023 letter, in which you renew your request for the agent's notes, you cite to United States v. Harris, 543 F.2d 1247 (9th Cir. 1976) as authority for obligating the government to produce agent notes.  While we will agree to produce the agent's notes for an in camera review, I disagree with your interpretation of Harris.   In Harris, the Ninth Circuit held agent notes must be "preserved" for review by the court, but not necessarily produced outright to the defense.  Id. at 1252-53.  Indeed, the Ninth Circuit was clear on this issue:

> We reiterate our holding, however, that the FBI must hereafter preserve the original notes taken by agents during interviews with prospective government witnesses or with an accused.  The preservation of such evidence is necessary in order to permit courts to play their proper role in determining what evidence must be produced pursuant to the Jencks Act or other applicable law.

Id. at 1253. (emphasis added).

Further, I am not aware of any Ninth Circuit case that requires the government to produce agent notes when a final report has been prepared and produced.  In fact, your position is directly contrary to many circuits that have explicitly examined this issue.  See, e.g., United States v. Brown, 303 F.3d 582, 589-91 (5th Cir. 2002) ("Rule 16(a)(1)(A) does not grant a criminal defendant a right to preparatory interview notes where the content of those notes have been

Keri Curtis Axel
RE: Yasiel Puig
February 13, 2023
Page 2

accurately captured in a type-written report, such as a 302, that has been disclosed to the defendant. The government satisfies its obligation under the Rule when it discloses a 302 report that contains all of the information contained in the interview notes."); see also United States v. Coe, 220 F.3d 573, 583 (7th Cir. 2000) ("government satisfies the requirements of Rule 16 if it turns over a written report that contains all of the information found in an agent's original notes but does not deliver the notes themselves to the defendant.")

Despite the lack of controlling Ninth Circuit case law to support your position, we will agree to procedures described in Harris. Specifically, we agree to produce SA Canty's notes of Mr. Puig's interview for review by the Court. While the Jencks Act would require production of the notes only after SA Canty testifies, I believe a more appropriate production and review date by the Court should occur one week before trial. If you object to this position, and decide to file a motion to compel, please include this letter. You may also consider our letters a meet and confer.

Next, in your email, you request all internal communication between the prosecutors and the agents over the course of the 5-year investigation. Again, I believe your request is beyond the scope of our discovery obligations. Specifically, Federal Rule of Criminal Procedure 16(a)(2) typically excludes internal communications from the government's discovery obligations. If you object to this decision, and decide to file a motion to compel, please include this letter. You may also consider our letters a meet and confer.

Finally, in your email, you request all communications between the prosecutors and counsel for any witness over the course of the 5-year investigation. Again, I believe your request is beyond the scope of our discovery obligations. I am not aware of any statute or case that would support your request. If you object to this decision, and decide to file a motion to compel, please include this letter. You may also consider our letters a meet and confer.

Please let me know if you have any questions, or would like to further discuss any of the matters raised above.

Very truly yours,

JEFF MITCHELL
Assistant United States Attorney
Major Frauds Section

cc:   AUSA Daniel Boyle