UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES—GENERAL**

| Case No. | CR 22-394(A)-DMG | Date | August 28, 2023 |
|---|---|---|---|

| Present: The Honorable | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE | Page | 1 of 5 |
|---|---|---|---|

| Kane Tien | Not Reported | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendant(s): | Present | Appt. | Ret. |
|---|---|---|---|---|---|---|---|
| Yasiel Puig Valdes | Not | | ✓ | Keri Axel | Not | | ✓ |

**Proceedings: [IN CHAMBERS] ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL DISCOVERY REGARDING JANUARY 27, 2022 INTERVIEW [142]**

On January 27, 2022, Defendant Yasiel Puig Valdes was interviewed by members of the Department of Homeland Security, the Internal Revenue Service, and the U.S. Attorney's Office for the Central District of California in connection with their investigation into illegal sports gambling and money laundering. Based on his statements during this interview, Puig is charged with one count each of making false statements (18 U.S.C. § 1001(a)(2)) and obstruction of justice (18 U.S.C. § 1503(a)).

Puig moves to compel the production of interview-related materials authored by various Government representatives who participated in the interview, specifically, notes, outlines and draft outlines summarizing the interview, Government outlines and other preparation material used for questioning Puig, and correspondence between Government agents and attorneys that contain or refer to the substance of the interview. Motion [Doc. # 142]. For the reasons discussed herein, the motion is **GRANTED IN PART** and **DENIED IN PART**.[1]

**I.
BACKGROUND**

On January 20, 2023, Puig's attorney requested from the Government, *inter alia*, all handwritten or typed notes from the interview and all written records containing the substance of any of Puig's relevant oral statements. Declaration of Keri Axel ¶ 2 [Doc. # 142-1]. Puig's request specifically cited Fed. R. Crim. P. 16(a)(1). [Doc. # 142-2 at 4.[2]] The Government rejected the request on the ground that the items are not discoverable. Axel Decl. ¶ 3.

On February 7, 2023, Puig's attorney renewed her request, seeking agent communications with Government prosecutors, including regarding the preparation of "ROIs/MOIs." *Id.* ¶ 4. The Government

---

[1] The Government asserts that there are no such materials, other than the rough notes. Opp. at 5, 16–18. Puig concedes in his Reply that his request is moot as to the other requested materials. Reply at 12. Accordingly, the analysis in this Order focuses on the request for rough notes, and the Motion is **DENIED AS MOOT** as to the remainder of the request.

[2] Citations to the record are to the CM/ECF pagination.

| CR-11 | **CRIMINAL MINUTES - GENERAL** | Initials of Deputy Clerk KT |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES—GENERAL**

| Case No. | CR 22-394(A)-DMG | Date | August 28, 2023 |
|---|---|---|---|

| Present: The Honorable | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE | Page | 2 of 5 |
|---|---|---|---|

also rejected this request, asserting that it was not required to produce agent notes when a final report had been produced. *Id.* ¶ 5; Doc. # 142-4 at 2–3. When Puig's attorney made the request again in June 2023, the Government again refused to produce the documents. *Id.* ¶¶ 6–8. This motion followed.

## II.
## DISCUSSION

### A.      Fed. R. Crim. P. 16(a)(1)(B)(ii)

The parties dispute whether Federal Rule of Criminal Procedure 16(a)(1)(B)(ii) obligates the Government to turn over to the defense rough notes documenting Puig's statements during the January 2022 interview, after the Government disclosed the formal summary of the interview.[3]

Rule 16(a)(1)(B) discusses the disclosure of written or recorded statements (in contrast to Rule 16(a)(1)(A), regarding disclosure of oral statements of the defendant). It requires the Government, upon a defendant's request, to disclose and make available for "inspection, copying, or photographing" "*the portion of any written record containing the substance of any relevant oral statement* made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent[.]" Fed. R. Crim. P. 16(a)(1)(B)(ii) (emphasis added).

No Ninth Circuit opinion resolves whether rough notes from an interview of the defendant must be produced under this rule. But other district courts within this circuit have repeatedly concluded that rough notes compiled during an interview must be disclosed. *See, e.g.*, *United States v. Heine*, 314 F.R.D. 498, 513 (D. Or. 2016) (rough interview notes must be disclosed if they contain the substance of a defendant's oral statements); *United States v. Bedjan*, No. 1:13-CR-00213-LJO, 2014 WL 1419927, at *5 (E.D. Cal. Apr. 14, 2014) (granting request for officer rough notes pertaining to interviews with defendant under Rule 16(a)(1)(A)–(B)); *United States v. W.R. Grace*, 401 F. Supp. 2d 1087, 1090 (D. Mont. 2005) (noting that case law is split regarding whether rough notes must be disclosed but finding that disclosure of rough notes containing oral statements is appropriate); *United States v. Inzunza*, No. 03CR2434 JM, 2005 WL 8160866, at *2 (S.D. Cal. Mar. 10, 2005) ("A plain reading of the rule, combined with the 1991

---

[3] The Government asserts that it need only preserve rough notes, not turn them over, if the interview is later memorialized in a formal report that is disclosed. Opp. at 11. But the Ninth Circuit opinions the Government cites in support of this proposition do not so hold. *United States v. Harris* addresses only whether interview notes can be destroyed, holding that such notes must be preserved even where a formal interview report is prepared because the notes are potentially discoverable. 543 F.3d 1247, 1248 (9th Cir. 1976). *Harris* did not address the applicability of Rule 16—as no Rule 16 motion had been filed by the defendant—but generally approved of the holdings of other appellate courts that "rough notes taken by a government agent in an interview with the accused . . . are discoverable under Rule 16." *See id.* at 1252. Other Ninth Circuit opinions cited by the Government do not discuss Rule 16. To the extent these cases are cited for their holdings regarding the Jencks Act, Puig expressly disavows any argument under the Jencks Act in connection with this motion. Reply at 3 n.2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES—GENERAL**

| Case No. | CR 22-394(A)-DMG | Date | August 28, 2023 |
|---|---|---|---|

| Present: The Honorable | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE | Page | 3 of 5 |
|---|---|---|---|

Advisory Committee notes indicating that the amendments placed a more expansive discovery obligation on the government . . . requires production of the notes.").

The Government cites rulings from the District of Hawaii, the Western District of Washington, and the Northern District of California in support of its argument. *See United States v. Beal*, No. 18-CR-00070-DKW-KJM12, 2021 WL 1519993, at *2 (D. Haw. Apr. 16, 2021); *United States v. Pac. Gas & Elec. Co.*, No. 14-CR-00175-TEH, 2015 WL 3958111, at *13 (N.D. Cal. June 29, 2015); *United States v. Turner*, No. CR05-355C, 2007 WL 1031691, at *2 (W.D. Wash. Apr. 3, 2007). In *Beal*, the District Court concluded that Rule 16(a)(1)(B) did obligate disclosure of evidence but that where the interview had been recorded and the recording and final report of the interview were disclosed, the Government had met its obligations. *Beal*, 2021 WL 1519993, at *2. Here, there is no recording of the interview to disclose, but a final report of the interview was disclosed.

The issue in *Pacific Gas and Electric Company* was not whether Rule 16(a)(1)(B) covered rough notes but whether "authentic copies" of those notes had to be produced, if the Government made them available for review and offered to provide official copies of only some documents. No. 14-CR-00175-TEH, 2015 WL 3958111, at *13 (N.D. Cal. June 29, 2015). Puig asserts that the Government has refused to allow him to review or copy any of the notes in a meaningful manner, and the Government does not dispute that it has shown relevant portions of the rough notes only during a 79-slide PowerPoint presentation at the reverse proffer with Puig. Opp. at 7; Reply at 6. As for *Turner*, the extent of the Court's analysis of whether the Government's obligations were satisfied by turning over a summary report and not rough notes was, "Defendant cites no controlling Ninth Circuit precedent requiring the agent's rough notes to be disclosed during pretrial discovery." *Turner*, 2007 WL 1031691, at *2. The Court respectfully disagrees: in light of the Government's broad discovery obligations under Rule 16(a) and the plain language of the rule, the more supportable conclusion is that those matters within the plain text of Rule 16(a)(1)(B)(ii) must be disclosed, *absent* some binding authority to the contrary. *See United States v. Howell*, 231 F.3d 615, 625 (9th Cir. 2000) (quoting Rule 16's Advisory Committee notes stating that "broad discovery contributes to the fair and efficient administration of criminal justice").

The Government cites out-of-circuit authority holding that rough notes need not be disclosed unless inconsistent with a final report. *See* Opp. at 11 (citing *United States v. Brown*, 303 F.3d 582, 590 (5th Cir. 2002); *United States v. Coe*, 220 F.3d 573, 583 (7th Cir. 2000), *United States v. Weekly*, 118 F.3d 576, 580 (8th Cir 1997)). But the circuit courts of appeals are split on this issue, and as discussed above, the Court finds disclosure under the plain meaning of the rule to be the better reasoned conclusion. *See United States v. Clark,* 385 F.3d 609, 619 (6th Cir. 2004); *United States v. Molina-Guevara*, 96 F.3d 698, 705 (3d Cir. 1996).

The Court therefore **GRANTS** the motion to compel under Rule 16(a)(1)(B)(ii). The Government must "disclose . . . *and* make available for inspection, copying, and photographing" the portion of "any written record containing the substance of any relevant oral statement" by Puig in connection with the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES—GENERAL**

| Case No. | CR 22-394(A)-DMG | Date | August 28, 2023 |
|---|---|---|---|

| Present: The Honorable | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE | Page | 4 of 5 |
|---|---|---|---|

January 2022 interview. Fed. R. Crim. Proc. 16(a)(1)(B)(ii) (emphasis added). In accordance with the rule, the Government need disclose only those portions of rough notes containing the substance of Puig's oral statements and necessary context to understand the statement.

**B.    *Brady v. Maryland*[4]**

Puig alternatively seeks disclosure of all the rough notes under *Brady*. The Government does not contest that as a general rule, *Brady* mandates the disclosure of rough notes that have material exculpatory discrepancies with an interview summary. Opp. at 14–15. The Government asserts, however, that it has reviewed the notes and that they are consistent with the interview summary, so that no disclosure is required or, at most, the Court should conduct an *in camera* review of the notes. *Id.* at 15. Puig specifically opposes *in camera* review and seeks the immediate disclosure of the entirety of the notes under *Brady*. Reply at 8.

"To establish a *Brady* violation, a defendant must show that: (1) the evidence at issue is favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence was suppressed by the government, regardless of whether the suppression was willful or inadvertent; and (3) the evidence is material to the guilt or innocence of the defendant."[5] *United States v. Sedaghaty*, 728 F.3d 885, 899 (9th Cir. 2013). When determining whether to conduct an *in camera* review of the Government's rough notes, a district court is not obliged to conduct the review where the defendant fails to make a showing that the review might uncover exculpatory or impeaching evidence. *See United States v. Alvarez*, 358 F.3d 1194, 1211 (9th Cir. 2004); *United States v. Henke*, 222 F.3d 633, 642 (9th Cir. 2000).

The Court does not agree that Puig is automatically entitled to disclosure of *all* rough notes prepared by members of the interview team. Puig faults the Government for failing to cite a case that involves rough notes of an interview with a defendant, but Puig provides no case holding that such notes must automatically be disclosed in their entirety.[6] Indeed, the case that Puig primarily relies upon—*United States v. Service Deli, Inc.*, 151 F.3d 938 (9th Cir. 1998)—included an *in camera* review. *Id.* at 943. Following such a review, the court identified material discrepancies between the rough notes and the summary of the interview and *then* required disclosure of the rough notes. *Service Deli* does not stand for

---

[4] 373 U.S. 83 (1963).

[5] In the pretrial context, materiality (*i.e.*, the probability of changing the outcome of the proceeding) is impossible to assess, leading one court in this District to conclude that pretrial, "*Brady* requires disclosure of exculpatory information that is either admissible or is reasonably likely to lead to admissible evidence." *United States v. Sudikoff*, 36 F. Supp. 2d 1196, 1200 (C.D. Cal. 1999).

[6] For instance, Puig cites the Supreme Court's opinion in *Smith v. Cain*, which reversed the lower court on the basis of a *Brady* violation where the undisclosed statements of a witness directly contradicted key testimony on which the Government relied. *Smith* does not set forth a rule that all interview notes Government agents compile during an interview with a defendant must be automatically disclosed. *See* 565 U.S. 73, 76 (2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES—GENERAL**

| Case No. | CR 22-394(A)-DMG | Date | August 28, 2023 |
|---|---|---|---|

| Present: The Honorable | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE | Page | 5 of 5 |
|---|---|---|---|

a rule requiring automatic disclosure of rough notes prepared during an interview of the defendant. *See id.* at 942–44.

The Court agrees with the Government that the appropriate procedure if Puig makes a colorable showing of discrepancies between the rough notes and the interview summary that could lead to impeachment evidence or material exculpatory evidence is for the Court to engage in an *in camera* review of the rough notes to the extent there are portions not already produced pursuant to this Order. Therefore, although the Court **DENIES** Puig's motion inasmuch as he seeks disclosure of all the rough notes under *Brady* without *in camera* review, the denial is without prejudice to a future motion for *in camera* review of specified agents' rough notes.

### III.
### CONCLUSION

The motion to compel is **GRANTED IN PART**. The Government shall disclose the portion of any written record containing the substance of Puig's oral statement, specifically relevant portions of the notes regarding the January 2022 interview of Puig, consistent with Fed. R. Crim. P. 16(a)(1)(B)(ii). Puig's motion is otherwise **DENIED**. The August 30, 2023 hearing is **VACATED**.

**IT IS SO ORDERED.**