UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES—GENERAL**

| Case No. | CR 22-394(A)-DMG | Date | October 5, 2023 |
|---|---|---|---|

| Present: The Honorable | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE | Page | 1 of 4 |
|---|---|---|---|

| Kane Tien | Not Reported | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendant(s): | Present | Appt. | Ret. |
|---|---|---|---|---|---|---|---|
| Yasiel Puig Valdes | Not | | ✓ | Keri Axel | Not | | ✓ |

**Proceedings: [IN CHAMBERS] ORDER DENYING MOTION FOR PARTIAL RECONSIDERATION [148]**

The Government moves for "partial reconsideration and clarification" of the Court's August 10, 2023 Order denying the Government's motion to find a knowing breach of the plea agreement in this criminal action against Yasiel Puig Valdes. MFR [Doc. # 148]. The Government argues that the Court's reasoning was erroneous in two regards and requests clarification that the factual basis in Puig's plea agreement can be used for impeachment. For the reasons discussed below, the motion is **DENIED**.

**I.
BACKGROUND**

Puig was scheduled to plead guilty at a hearing on November 23, 2022 [*see* Doc. # 22] and signed a plea agreement filed with this Court on August 29, 2022. [Doc. # 6.] He ultimately did not plead guilty, and the Court did not hold a plea hearing. On December 14, 2022, the Government filed a motion for breach of the plea agreement. [Doc. # 33.] The Court granted the motion on January 6, 2023, finding Puig breached the agreement but deferring any ruling on the issue of whether the breach was knowing. [Doc. # 51.]

On June 1, 2023, the Government moved to find the breach of the plea agreement had been "knowing." [Doc. # 110.] If the breach was knowing, according to the Government, the breach implicated a provision of the plea agreement in which Puig waived any arguments that Fed. R. Evid. 410 barred the admission of the factual basis in the agreement as evidence against him. *Id.* at 5.[1] On August 10, 2023, the Court denied the Government's motion. [Doc. # 143.] Based on case law that had not been considered at the time the Court granted the Government's motion for breach of the plea agreement, the Court found that because it had not held a plea hearing, and thus had never formally accepted Puig's guilty plea, the agreement was unenforceable. Terms regarding the consequences of a "knowing" breach were accordingly not binding. [Doc. # 143 at 2.] The Court therefore denied the Government's motion and amended its January 6, 2023 Order to reflect that the agreement had not been breached, but was unenforceable. *Id.* at 6.

---

[1] Citations to the record are to the CM/ECF pagination.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES—GENERAL**

| Case No. | CR 22-394(A)-DMG | Date | October 5, 2023 |
|---|---|---|---|
| Present: The Honorable | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE | Page | 2 of 4 |

On August 24, 2023, the Government filed the MFR. Briefing on the MFR is complete and, on October 3, 2023, the Court took the matter under submission. [Doc. ## 148, 154, 155, 157.]

## II.
## DISCUSSION

### A.    Reconsideration

Local Rule 7-18 sets forth the permissible grounds for a motion for reconsideration:

> A motion for reconsideration of an Order on any motion or application may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion.

The MFR advances alternative arguments: (1) Fed. R. Evid. 410 does not apply to plea agreements or (2) the Court erred when concluding that Puig's waiver of 410 was not binding. The MFR thus argues alternatively that Rule 410 does not apply and, if it does apply, Puig waived arguments relying on the rule.[2]

In support of the first argument, the Government asserts Fed. R. Evid. 410(a)(4)[3] does not apply to a factual basis in a plea agreement, reasoning that plea "agreements" (including the factual bases therein) are not plea "discussions." MFR at 1. The Court's implicit ruling that Rule 410 otherwise would

---

[2] Of course, the Government may take inconsistent positions in its briefing. But in its briefing on the motion to find a knowing breach, the Government took only the position that Rule 410 would otherwise bar the admission of a factual basis in a plea agreement (albeit never clarifying which subsection of Rule 410 it believed compelled such an outcome). [*See* Doc. # 110 at 16–17, 23.] Now that the Government's strategy proved unavailing, it seeks reconsideration on the basis that Rule 410 never applied in the first place. A motion for reconsideration is not a vehicle for the Government to take multiple proverbial bites of the apple until it finds a winning argument. And while the Government argues that it was limited in its ability to address Rule 410's applicability because Puig first asserted the agreement was not binding in his opposition brief, the Government could have requested to expand the scope of its reply brief or raised the issue at oral argument. What the Government should not have done was wait until after an adverse ruling to raise new issues in a motion for reconsideration.

[3] That subsection disallows the admission of "a statement made during plea discussions with an attorney for the prosecuting authority if the discussions did not result in a guilty plea or they resulted in a later-withdrawn guilty plea." Fed. R. Evid. 410(a)(4). The Court did not specifically find that Rule 410(a)(4), as opposed to another section of Rule 410, applied to the factual basis in its August 10, 2023 Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES—GENERAL**

| Case No. | CR 22-394(A)-DMG | Date | October 5, 2023 |
|---|---|---|---|

| Present: The Honorable | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE | Page | 3 of 4 |
|---|---|---|---|

bar admission of the factual basis rests on well-trodden ground, as explained by, *inter alia*, the Fifth Circuit: "Courts have read Rules 410(a) and 11(f) to include statements made in the defendant's written plea agreement because such statements constitute evidence of the withdrawn guilty plea itself, *see* Fed. R. Evid. 410(a)(1) & (a)(3), and are "related" to a withdrawn guilty plea, Fed. R. Crim. P. 11(f)." *United States v. Escobedo*, 757 F.3d 229, 232 (5th Cir. 2014) (discussing authorities). The plain text of Rule 11(f) makes clear that Rule 410 covers more than just plea discussions. *See* Fed. R. Crim. P. 11(f) ("The admissibility or inadmissibility of a plea, a plea discussion, *and any related statement* is governed by Federal Rule of Evidence 410." (Emphasis added)).

The Court declines to further address the Government's arguments. The Court never ruled and neither party has maintained until now that Rule 410*(a)(4)* (the basis for the Government's first argument) applies to factual bases in plea agreements. The Government fails to show that its arguments about Rule 410(a)(4) fit within any of the grounds for reconsideration—or even to meaningfully address L.R. 7-18. *See* MFR at 3 n.2. As the Government itself acknowledges, Rule 410 arguments can be waived. *See* Reply at 7 n3.

The Government's second argument also merits little discussion, as the Court has already considered the parties' briefing and oral arguments on this issue and issued a detailed minute order explaining why the Court finds the Government's position unpersuasive. *See* L.R. 7-18; Doc. ## 141, 143. The Government cites to additional cases that do not constitute a change in the law following the Court's Order or otherwise meet the standard for appropriate arguments in a motion for reconsideration. *See* MFR at 6–7. The Government also, for the first time, attempts to argue that the plea agreement should be binding under the exception for a party's detrimental reliance on the agreement set forth in, *e.g.*, *United States v. Savage*, 978 F.2d 1136, 1138 (9th Cir. 1992). This argument, based on longstanding Ninth Circuit authority, should not have first appeared in a motion for reconsideration and will not be considered by the Court. The Court does not further address the Government's arguments for reconsideration.

**B.     Impeachment**

The Government requests that the Court allow it to use the factual basis for impeachment, if Puig takes the stand and testifies inconsistently with the statement. MFR at 8. Specifically, the Government seeks to "(1) ask defendant if he executed a written statement during the course of this case, (2) ask him if he understood that statement, (3) ask him if his counsel assisted him in reviewing that statement, and (4) confront him with any portion of the Factual Basis inconsistent with his testimony." *Id.* at 8–9.

If Rule 410 applies to a given statement, it cannot be used for impeachment. *See United States v. Mezzanatto*, 998 F.2d 1452, 1454 (9th Cir. 1993) (Rule 410 does not include an exception for use of the evidence as impeachment), *reversed on other grounds*, 513 U.S. 200 (1995) (allowing a plea agreement to include a Rule 410 waiver). The Government points to no binding case law holding that there is an exception from the rule when evidence is used for impeachment, as opposed to some other purpose.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES—GENERAL**

| Case No. | CR 22-394(A)-DMG | Date | October 5, 2023 |
|---|---|---|---|
| Present: The Honorable | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE | Page | 4 of 4 |

Because the Court declines to reconsider its conclusion that Rule 410 applies to the factual basis and because the Government identifies no binding authority allowing evidence implicating Rule 410 to be admitted for impeachment, the Government's motion in this respect is also denied.

### III. CONCLUSION

The MFR is respectfully **DENIED.**

**IT IS SO ORDERED.**