E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JEFF MITCHELL (Cal. Bar No. 236225)
Assistant United States Attorney
Major Frauds Section
DAN G. BOYLE (Cal. Bar No. 332518)
Assistant United States Attorney
Environmental Crime and
Consumer Protection Section
     1100/1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0698/2426
     Facsimile: (213) 894-6269/0141
     E-mail:    jeff.mitchell@usdoj.gov
                daniel.boyle2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 22-394(A)-DMG |
| Plaintiff, | GOVERNMENT'S EX PARTE APPLICATION TO VACATE TRIAL DATE AND MOTION SCHEDULE |
| v. | |
| YASIEL PUIG VALDES, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Jeff Mitchell and Dan G. Boyle, hereby applies ex parte for an Order vacating the trial date and vacating the associated pretrial deadlines in this matter during the pendency of the government's interlocutory appeal, and a corresponding finding of excludable time under the Speedy Trial Act, in the proposed form attached.

This Application is based upon the accompanying declaration of AUSA Dan Boyle, the files and records in this case, and such further evidence and argument as the Court may permit.

Prior to filing this Application, government counsel contacted counsel for defendant, who stated that defendant opposes vacating the trial date and pretrial schedule, and intends to oppose to the Application pursuant to the Court's Individual Practices.

Dated: December 7, 2023                Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

              /s/
DAN G. BOYLE
JEFF MITCHELL
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**DECLARATION OF DAN G. BOYLE**

I am an Assistant United States Attorney at the United States Attorney's Office for the Central District of California assigned this matter. I have knowledge of the facts set forth herein and could and would testify to those facts fully and truthfully if called and sworn as a witness.

1. The Information in this case was filed on August 29, 2022, and unsealed on November 14, 2022. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on November 15, 2022.

2. On January 20, 2023, the Grand Jury returned a First Superseding Indictment.

3. The Court has previously continued the trial date in this case from January 10, 2023 to April 25, 2023; from April 25, 2023 to August 8, 2023; and from August 8, 2023 to January 16, 2024.

4. Defendant is released on his own recognizance pending trial. The parties estimate that the trial in this matter will last at least five days.

5. Trial in this action is presently scheduled for January 16, 2024, and pretrial motions are due December 13, 2023. See ECF Nos. 134, 137.

6. On November 1, 2023, the government filed notice of an interlocutory appeal of this Court's Orders dated August 10, 2023, and October 5, 2023 (the "Interlocutory Appeal"). See ECF No. 165. After defendant filed a motion to expedite the Interlocutory Appeal, the Ninth Circuit initially ordered opening briefs due on December 11, 2023.

7. On November 24, 2023, the government contacted chambers by email, referring the Court to the notice of the Interlocutory Appeal, and seeking to continue the present trial date.

8. On November 27, 2023, defendant advised that he opposed the government's initial request to vacate the current trial date:

> The defense respectfully opposes the government's request to vacate the current trial date. By its own admission below, the government has yet to receive approval to pursue its appeal, and if it does not, the government has represented that it "will move to dismiss it." (Dkt. 9.1 at 6.)  For that reason, the issue of whether we need a new trial date is not ripe until December 11, when the government's opening brief is due.  If the government receives approval and files its opening brief on December 11, or the Ninth Circuit grants the government's motion to reconsider and reimposes the original briefing schedule, the defense will join in a notice of automatic stay with an update to the Court about the timing of the appeal.  In either event, we can update the court by December 13.
>
> Until then, the defense asks that the trial date remain in place because whether the appeal will proceed is currently uncertain.  Accordingly, the defense is preparing to file our motions *in limine* on December 13th and otherwise diligently preparing for trial.  If the government files an Ex Parte Application to vacate the trial date, we will oppose it.

9. On December 4, 2023, the Ninth Circuit granted in part the government;s motion to reconsider the briefing schedule for the Interlocutory Appeal, see Case No. 23-3214, ECF No. 17.1, as follows:

> The opening brief and excerpts of record are due January 12, 2024; the answering brief is due February 12, 2024; and the optional reply brief is due within 14 days after service of the answering brief.

10. Based on the Ninth Circuit's Order, the opening briefs for the Interlocutory Appeal are now due after the current motion schedule for the instant case – December 13, 2023.

11. Further, because the government's opening brief in the Interlocutory Appeal will not be due until four days before the present trial date, the government submits that the briefing schedule on the Interlocutory Appeal renders the present trial date impossible, and respectfully requests that the Court vacate the current trial date, as well as the associated pretrial deadlines.

12. The Interlocutory Appeal is still subject to approval by the Office of the Solicitor General ("OSG"); however, OSG is unlikely to approve or deny the Interlocutory Appeal before the current motion deadline in this case.  Should OSG deny authorization to proceed with the appeal, the government will promptly dismiss the Interlocutory Appeal and notify defendant's counsel in order to seek agreement on a new proposed trial date.

13. 18 U.S.C. § 3161(h)(1)(c) states that any "delay resulting from any interlocutory appeal" must be excluded in computing time within which the trial must be held under the Speedy Trial Act.

14. Prior to filing this Application, I contacted counsel for defendant on December 6, 2023, who requested that the government

delay filing this Application to vacate until the close of business on December 7, 2023 so counsel could confer with their client, to which I agreed. On December 7, 2023, defendant's counsel further stated that defendant opposes vacating the trial date and pretrial schedule, and intends to oppose to the Application pursuant to the Court's Individual Practices.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on December 7, 2023.

                                       AUSA DAN G. BOYLE