BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
MICHAEL J. MORSE (Cal. Bar No. 291763)
LAURA A. ALEXANDER (Cal. Bar No. 313212)
Assistant United States Attorneys
Public Corruption and Civil Rights Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0304/7367/1019
     Facsimile: (213) 894-0141
     Email:    juan.rodriguez@usdoj.gov
               michael.morse@usdoj.gov
               laura.alexander@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 22-00394-DMG |
| Plaintiff, | GOVERNMENT'S MOTION *IN LIMINE* NO. 5 TO EXCLUDE EVIDENCE AND ARGUMENT OF DEFENDANT'S PURPORTED RELIANCE ON THE ADVICE OF COUNSEL |
| v. | |
| YASIEL PUIG VALDES, | Hearing Date: Oct. 22, 2025 |
| Defendant. | Hearing Time: 11:00 a.m. |
| | Place:  Courtroom 8C |

     Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Juan M. Rodriguez, Michael J. Morse, and Laura A. Alexander, hereby moves in limine to exclude evidence and argument of defendant's purported reliance on the advice of counsel.

This Motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Following meet-and-confer efforts, defense counsel advised that the defendant has no burden of proof, and has made no decisions about what evidence he will or will not offer.  Defense counsel further represented that defendant is not required to give notice of an advice-of-counsel defense at this time.

Dated:  September 29, 2025         Respectfully submitted,

                                   BILAL A. ESSAYLI
                                   Acting United States Attorney

                                   JOSEPH T. MCNALLY
                                   Assistant United States Attorney
                                   Acting Chief, Criminal Division

                                   _/s/ Juan M. Rodriguez_
                                   JUAN M. RODRIGUEZ
                                   LAURA A. ALEXANDER
                                   MICHAEL J. MORSE
                                   Assistant United States Attorneys

                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.    INTRODUCTION**

3      Defendant Yasiel Puig Valdez ("defendant") has suggested, in

4  correspondence sent to the United States Attorney's Office, that his

5  former attorneys failed to properly prepare and advise him during his

6  January 27, 2022 interview with law enforcement because: (1) one of

7  his two attorneys present during the interview was lacking in

8  criminal experience; (2) his attorneys did not speak Spanish; and (3)

9  his attorneys failed to appreciate that there was a serious dispute

10  as to his truthfulness during the interview, and thus failed to

11  advise him to clarify and/or supplement his responses.  Defense

12  counsel has also suggested that defendant may call his former

13  attorneys at trial, and that these former attorneys would be "at the

14  center of trial."  Accordingly, for the reasons detailed herein, the

15  government moves to exclude any evidence related to a purported

16  advice-of-counsel defense and moves to preclude any argument that

17  defendant acted or relied on the advice of counsel during his January

18  27, 2022 interview.[1]

19

**II.    ARGUMENT**

20      Any argument that defendant relied on the advice of his former

21  attorneys during his January 27, 2022 interview should be excluded

22  because he has not established that he has met the requirements to

23  present such a defense, and imperfect advise of counsel is simply not

24  a defense.  See <u>Abdo v. Fitzsimmons</u>, No. 17-CV-00851-TSH, 2022 WL

25  2276898 (N.D. Cal. June 23, 2022).

26

27

28      [1] The government hereby incorporates the factual background
detailed in its Motion in Limine No. 1 to Admit Evidence Under
Federal Rule of Criminal Procedure 404(b), filed at Dkt. 205.

### A. Defendant Has Proffered No Evidence To Establish That He Has Met The Prerequisites To Present An Advice-Of-Counsel Defense At Trial

First, to prevail on an advice-of-counsel defense, a defendant must establish that "before acting, [the defendant] made full disclosure of all material facts to an attorney, received the attorney's advice as to the specific course of conduct that was followed, and reasonably followed the attorney's recommended course of conduct or advice in good faith."  Ninth Circuit Model Criminal Jury Instruction 4.11 (Advice of Counsel) (2022); see United States v. Ibarra-Alcarez, 830 F.2d 968, 973 (9th Cir. 1987) ("a defendant must show that there was full disclosure to his attorney of all material facts, and that he relied in good faith on the specific course of conduct recommended by the attorney") (emphasis added); accord United States v. Bush, 626 F.3d 527, 538-39 (9th Cir. 2010) (citing Ibarra-Alcarez).  Defendant has provided no reciprocal discovery or made any offer of proof with respect to any of these requirements.

### B. Any Attempt By Defendant To Present An Imperfect Advice-Of-Counsel Defense Is Improper And Should Be Excluded Under Federal Rule Of Evidence 403

Second, argument and evidence that defendant "relied" on legal advice given to him by his former attorneys -- particularly where his attorneys do not testify at trial -- is irrelevant, misleading, and unfairly prejudicial.  See Fed. R. Evid. 401, 403.  Even without a formal advice-of-counsel instruction (to which he is clearly not entitled), defendant should be prohibited from asserting, either in his opening statement or closing argument, general arguments suggesting to the jury that he relied on legal advice and acted in good faith.  This argument is an improper effort to skirt the

1    aforementioned prerequisites to asserting an advice-of-counsel

2    defense and a wholly unfair and misleading attempt to suggest to the

3    jury that lawyers blessed defendant's statements and omissions.

4        Imperfect advice of counsel is not a defense.  Advice of counsel

5    requires both full disclosure of all material facts to one's own

6    attorney and good faith reliance on the attorney's specific

7    recommended course of conduct.  To assert an advice-of-counsel

8    defense, defendant needed to provide discovery showing that he

9    (1) believed the attorney with whom he consulted to be qualified, (2)

10   disclosed all important and material information to the attorney, and

11   (3) acted strictly in accordance with that attorney's advice.  See

12   Ibarra-Alcarez, 830 F.2d at 973.  Defendant has provided no such

13   discovery or shown that he can establish any of the requirements for

14   an advice-of-counsel defense.  As detailed herein, failure to

15   establish any of the requirements for an advice of counsel defense

16   renders that so-called advice of counsel irrelevant to one's mental

17   state and intent.

18       Without the advice-of counsel-component, defendant's claims

19   become nothing more than a good faith mistake argument.  And "[o]ur

20   case law is well settled that a criminal defendant has 'no right' to

21   any good faith instruction when the jury has been adequately

22   instructed with regard to the intent required to be found guilty of

23   the crime charged, notwithstanding the normal rules governing 'theory

24   of defense' requests."  United States v. Shipsey, 363 F.3d 962, 967

25   (9th Cir. 2004), as amended (May 12, 2004), and overruled on other

26   grounds by United States v. Miller, 953 F.3d 1095 (9th Cir. 2020)

27   (emphasis original) (citing United States v. Frega, 179 F.3d 793, 804

28

1  (9th Cir. 1999) and <u>United States v. Dees</u>, 34 F.3d 838, 842 (9th Cir.
2  1994)).

3      The court in <u>Abdo v. Fitzsimmons</u>, No. 17-CV-00851-TSH, 2022 WL
4  2276898 (N.D. Cal. June 23, 2022), recently explained why a party
5  must not be permitted to advance an imperfect advice of counsel
6  defense, particularly before a jury.  "[A]n advice of counsel
7  showing, even when used merely to negate scienter, still has to show
8  certain things or it fails on the merits."  <u>Abdo</u>, 2022 WL 2276898, at
9  *1.  Quoting a Central District of California case, the <u>Abdo</u> court
10 stated, "'Courts consistently have held that defendants who claim
11 good faith based upon reliance on a professional must show they
12 (1) made a complete disclosure to the professional; (2) requested the
13 professional's advice as to the legality of the contemplated action;
14 (3) received advice that it was legal; and (4) relied in good faith
15 on that advice.'" <u>Id.</u> (citing <u>S.E.C. v. Yuen</u>, 2006 WL 1390828, at *40
16 (C.D. Cal. March 16, 2006) (cleaned up)).  "If this showing is not
17 made, the defendant 'cannot rely' on the professional's advice 'to
18 negate scienter.'" <u>Id.</u>

19     The <u>Abdo</u> court also explained that, "[g]enerally speaking, each
20 of the four elements of an advice of counsel argument is irrelevant
21 to scienter unless the other three are also present."  <u>Id.</u> (emphasis
22 added); <u>see also</u> <u>United States v. Kaneshiro</u>, Case No. 1:22-cr-00048-
23 TMB-NC, 2024 WL 1183124 (D. Hawaii March 19, 2024) (citing <u>Adbo</u> in
24 the criminal context and finding that "an 'involvement of counsel'
25 instruction reflecting an incomplete advice-of-counsel defense would
26 be strongly disfavored due to the severe risk of confusion and unfair
27 prejudice.")

28

And like the <u>Kaneshiro</u> court, the <u>Abdo</u> court particularly noted
the danger for confusion and unfair prejudice that an imperfect
advice-of-counsel defense can pose in front of a jury:

> [W]e have to be concerned if a defendant suggests
> he's just going to argue that lawyers were
> involved, and he's not planning to tell the jury
> that all four elements are satisfied. In that
> situation, we have a Rule 401 problem that the
> references to attorneys may be irrelevant, and
> more importantly, we have a Rule 403 problem that
> the references to attorneys may confuse the jury
> and unfairly prejudice the plaintiff.

<u>Id.</u> at *2 (emphasis added).  To demonstrate this risk of substantial
prejudice, the <u>Abdo</u> court presented two pertinent examples: (1) "If a
securities fraud defendant goes on and on about how he disclosed
everything to the lawyers, a jury might assume by implication that
the lawyers greenlighted the plan;" and (2) "if a defendant testifies
at length about how attorneys advised him on everything he did, a
jury might assume the attorneys were fully informed."  <u>Id.</u>  At
bottom, an imperfect advise-of-counsel defense presents too great a
risk of unfair and prejudicial assumptions by the jury.

Here, should defendant take the position that he only needs to
establish the elements of an advice-of-counsel defense if he is
formally seeking a jury instruction on advice of counsel, the <u>Abdo</u>
court expressly rejected that notion.  <u>Abdo</u>, 2022 WL 2276898, at *2
(rejecting defendants' attempt to introduce advise-of-counsel
evidence to negate scienter, without meeting the requirements of a
formal advice-of-counsel defense, because "unless all four elements
of an advice of counsel showing are satisfied, generally speaking,
any one element suffers from the basic problem of being
irrelevant.").

1   Indeed, "attorney advice is relevant to scienter only if the

2   defendant made a complete disclosure to counsel, requested counsel's

3   advice as to the legality of the contemplated action, received advice

4   that it was legal, and relied on the advice.  Otherwise, it is

5   usually a distraction."  Id. (citing Fitzgerald, 135 F. Supp. 2d at

6   1023-24); United States v. McLennan, 563 F.2d 943, 946 (9th Cir.

7   1977) ("Advice of counsel is no defense unless the defendant gave his

8   attorney all of the facts, and unless counsel specifically advised

9   the course of conduct taken by the defendant.")).

10      At bottom, any attempt by defendant to shoehorn in argument and

11  evidence related to his reliance on his former counsel's advice,

12  without establishing that he has met the necessary prerequisites for

13  an advice-of-counsel defense, should be rejected given its propensity

14  to mislead and confuse the jury.

15      **C.   This Court Should Require Defendant To Provide Pretrial
            Notice And Discovery Related To Any Advise-Of-Counsel**

16          **Defense**

17      Finally, defendant has not given notice of an advice-of-counsel

18  defense or provided any discovery on the facts that would establish

19  all requirements necessary for advancing such a defense.  While the

20  Federal Rules of Criminal Procedure do not specifically require that

21  a defendant provide pretrial notice of an advice-of-counsel defense,

22  this Court nevertheless has the power to compel such a production,

23  and "[t]he majority of district courts that have considered the

24  question have sensibly exercised their inherent authority to impose a

25  pretrial notice and discovery requirement regarding the advice-of-

26  counsel defense . . ."  United States v. Dallmann, 433 F. Supp. 3d

27  804, 812-13 (E.D. Va. 2020) (collecting cases and requiring pretrial

28  discovery for an advice-of-counsel defense).  No such notice has ever

been provided here.  There also has been no reciprocal discovery that defendant received and relied on the advice of counsel in this case. At the very least, defendant must provide discovery to establish that he received and relied upon legal advice.  See Ibarra- Alcarez, 830 F.2d at 973 ("a defendant must show" that he satisfies the advice of counsel requirements).  By doing so, of course, defendant will have to waive any protection of the privilege.  United States v. Quiel, 595 F. App'x 692, 694 (9th Cir. 2014) ("Defendants waived the protection of the privilege by relying on an advice-of counsel defense.").

To the extent defendant asserts his attorneys will provide relevant testimony not underpinning an advice-of-counsel defense, the government asks for an offer-of-proof as to their anticipated testimony (and relevance) so that the parties can brief the issue of waiver.  As this Court knows, the Ninth Circuit uses a three-part test to determine whether the privilege has been waived: First, the court considers whether the party is asserting the "privilege as the result of some affirmative act, such as filing suit."  Second, the court examines whether "through this affirmative act, the asserting party puts the privileged information at issue."  Finally, the court evaluates whether "allowing the privilege would deny the opposing party access to information vital to its defense."  United States v. Amlani, 169 F.3d 1189, 1195 (9th Cir. 1999) (quoting Home Indem. Co. v. Lane Powell Moss & Miller, 43 F.3d 1322, 1326 (9th Cir. 1995)).  A pretrial offer-of-proof would permit the parties to litigate this issue in advance of trial and minimize mid-trial disruptions and delays that would necessarily waste both the Court's and the jury's time.

## III. CONCLUSION

For all of these reasons, the government moves to exclude any evidence related to a purported advice-of-counsel defense, absent reciprocal discovery and a proffer as to how all of the requirements necessary for an advice-of-counsel defense will be established. Without such a showing, the government moves to exclude evidence, including testimony by defendant's prior attorneys, and preclude any argument suggesting that defendant acted or relied on the advice of his former attorneys during his January 27, 2022 interview.