BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
MICHAEL J. MORSE (Cal. Bar No. 291763)
LAURA A. ALEXANDER (Cal. Bar No. 313212)
Public Corruption & Civil Rights Section
Assistant United States Attorney
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0304/7367/1019
     Facsimile: (213) 894-0141
     E-mail:    Juan.Rodriguez@usdoj.gov
                Michael.Morse@usdoj.gov
                Laura.Alexander@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 22-394(A)-DMG |
|---|---|
| Plaintiff, | [PROPOSED] ORDER GRANTING GOVERNMENT'S *EX PARTE* APPLICATION TO COMPEL DEFENDANT TO SUBMIT TO INDEPENDENT MENTAL EXAMINATION AND PRODUCE DEFENSE EXPERT DISCOVERY |
| v. | |
| YASIEL PUIG VALDES, | |
| Defendant. | |

The Court has read and considered the Government's ex parte application ("Application") for an order compelling defendant to submit to an independent mental examination and produce defense expert discovery, filed with the Court on October 9, 2025, as well as defendant's opposition.

Therefore, for GOOD CAUSE shown, the Government's Application is GRANTED. IT IS HEREBY ORDERED:

1. Defendant Yasiel Puig Valdes ("defendant") shall submit to an independent mental examination by a mental health professional

selected by the government.  No representative of defendant or any other person affiliated with defendant shall be present during the examination.  No representative of the government, or any other person affiliated with the government, other than the government's mental health professional and his staff, shall be present.  The government's mental health professional shall video record the examination.  The government shall produce a copy of the video recording to defendant's attorney as part of the government's mental health professional expert disclosure.

    2.   The examination shall take place on October 23, 2025. Defendant shall be appear, at the address provided by the government's mental health professional, no later than 9:00 a.m.

    3.   Defendant may withdraw his notice of intent to introduce expert evidence relating to a mental condition at any time before actually introducing such evidence at trial.  In that event, neither the fact of defendant's notice, nor the results or report of any mental examination, nor any facts disclosed solely therein, shall be admissible at trial against defendant, except that the government retains the right to seek permission from the Court to impeach defendant with evidence of any fact disclosed solely within any mental examination, if defendant first introduces evidence of a contradictory fact.

    4.   If defendant fails to participate in this Court-ordered examination, defendant shall forfeit his right to present mental health testimony at trial, pursuant to Rule 12.2(d)(1)(B) of the Federal Rules of Criminal Procedure.

    5.   Defendant shall produce to the government the following materials no later than October 16, 2025, at 5:00 p.m.:

      a.   Any and all notes, summaries, reports or recordings regarding defendant prepared by defendant's expert or any other person working on their behalf;

      b.   Copies of any and all tests given to or administered on defendant by defendant's expert or any other person working on their behalf;

      c.   Copies of defendant's test results, including all raw data and scoring sheets;

      d.   A list of all the government's discovery materials that defendant's attorneys, or anyone acting on their behalf, furnished to defendant's expert in connection with the expert's evaluation of defendant; and

      e.   Copies of any and all materials other than those described above in paragraph (4), including records, information, and/or reports in any form that defendant, defendant's attorneys, or anyone acting on behalf of defendant or defendant's attorneys, furnished to the expert, or that the expert or anyone acting on behalf of the expert obtained, in connection with the expert's evaluation of defendant.

6.   The results of the examination of the government's mental health expert will not be used for any purpose other than in connection with this case.

7.   Alongside the government's mental health professional expert disclosure, the government shall provide the defense with the materials identified in paragraphs 5(a)-5(e).

8.   Nothing in this Order shall preclude defendant from objecting to the admissibility of the government's mental health evidence at trial.

9.  Nothing in this Order shall preclude the government from objecting to the admissibility of defendant's mental health evidence at trial.

10. Both parties shall provide Rule 16 disclosures, for all experts either party intends to use in their case-in-chief, by December 23, 2025.

IT IS SO ORDERED.

| DATE | HONORABLE DOLLY M. GEE<br>CHIEF U.S. DISTRICT JUDGE |
|---|---|

Presented by:

     */s/*
JUAN M. RODRIGUEZ
Assistant United States Attorney

4