Keri Curtis Axel (Bar No. 186847)
  kaxel@waymakerlaw.com
Jose R. Nuño (Bar No. 312832)
  jnuno@waymakerlaw.com
Viviana Andazola Marquez (Bar No. 354307)
  vandazolamarquez@waymakerlaw.com
WAYMAKER LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
Telephone: (424) 652-7800
Facsimile:  (424) 652-7850

Brian Klein (Bar No. 258486)
  bklein@cooley.com
Chip Harrison (Bar No. 313028)
  charrison@cooley.com
COOLEY LLP
355 S. Grand Avenue, Suite 900
Los Angeles, California 90071-1560
Telephone: (213) 561-3250
Facsimile: (213) 561-3244

*Attorneys for Defendant*
*Yasiel Puig Valdes*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>YASIEL PUIG VALDES,<br><br>Defendant. | Case No. CR 22-394-DMG<br><br>**DEFENDANT YASIEL PUIG'S TRIAL BRIEF TO EXCLUDE UNAUTHENTICATED VIDEO EVIDENCE** |

This Court should exclude the government from offering into evidence Exhibits 452 and 606, which are internet videos purporting to be press conferences and interviews with Yasiel Puig.[1]

At the end of the trial day on January 25, 2026, the government explained to this Court that it does not intend to call original custodians to authenticate the videos. Rather, the government apparently intends to introduce them through Agent Seymour, who will testify that he downloaded the videos from YouTube (or a similar source).

The admission of these videos would violate foundational canons of evidence. Video evidence, like all other forms of evidence, is subject to the rules of authenticity. *See Thompson v. Polaris Indus. Inc.*, 2019 WL 2173965, at *11 (D. Ariz. May 17, 2019).

Courts within the Ninth Circuit have consistently held that videos from sites like YouTube require independent evidence of authenticity in order be admitted. *See, e.g., Sublime v. Sublime Remembered*, 2013 WL 3863960, at *4 (C.D. Cal. July 22, 2013) (finding YouTube videos not properly authenticated where plaintiff (1) submitted "no evidence regarding when or where the videos were created" and (2) "ha[d] not identified the users who uploaded the videos and obtained testimony from these individuals."); *Randazza v. Cox*, 2014 WL 1407378, at *4 (D. Nev. Apr. 10, 2014) (excluding YouTube video where "Plaintiffs have not proffered the certificate of YouTube's custodian or other qualified person verifying that the page had been maintained as a business record in the course of regularly conducted business activities"); *Strojnik v. Azul Hospitality Grp.*, 2019 WL 6467494, at *2 (E.D. Cal. Dec. 2, 2019) ("Because YouTube . . . allows virtually anyone to upload a video, the video itself lacks requisite evidence about its authenticity, authorship, and veracity."). The government has not—and apparently will not—offer a custodial declaration or

---

[1] To the extent the government seeks to admit other similar videos, the arguments in this brief apply to those exhibits as well.

any similar evidence going to the authenticity of the videos. The videos themselves are therefore clearly not self-authenticating within the meaning of Rule 902(11).[2]

Without self-authentication, the government must rely on one of its own witnesses to authenticate the videos under Federal Rule of Evidence 901. To that end, the government has explained to this Court that it intends to admit the videos through Agent Seymour, who will testify as to his process for downloading the videos from YouTube and preserving them. This is plainly insufficient.

Agent Seymour's downloading and preservation of the videos says nothing about whether the underlying videos are authentic. Agent Seymour was not there at the time the purported press conferences and interviews took place, has no personal knowledge of any video editing that occurred, and did not personally create or upload the videos to YouTube. In short, Agent Seymour is not a "witness with knowledge" that would have the ability to authenticate these videos under Rule 901.

*Thompson* is instructive. 2019 WL 2173965, at *11 (D. Ariz. May 17, 2019). There the plaintiff sought to introduce into evidence videos created and uploaded by third parties regarding the defendant's products. In support of their authenticity, the plaintiff stated that its experts would be able to authenticate the videos and testify that the videos accurately represented the defendant's products. That court disagreed, finding that there was "no way for [plaintiff's experts] to know whether these videos have been edited or whether the [product images] have been altered in any way." *Id.* Accordingly, the "Court [found] that the videos are not capable of being authenticated under Rule 901." The same is true here. Agent Seymour has no basis for testifying about the authenticity of the videos, whether they were edited, or any other relevant aspect of the video that goes to its authenticity. Under the government's theory of

---

[2] The same is true with respect to Rule 902(13), which applies to records created via an electronic process. *See* Wright and Miller § 7147 ("It is important to note that" Rule 902(13) "does not include records created by a human that are stored in an electronic format.").

admissibility, there is virtually no video that could *not* be admitted into evidence. So long as a government agent is willing to testify as to his or her processes and procedures for downloading and preserving the video, any internet video—no matter its provenance and no matter how it might have been manipulated—would be admissible so long as the government could show some degree of relevance. That is not the law.

It is worth noting that the government itself implicitly acknowledges that at least a custodial certification is required for this type of video evidence. For example, the government seeks to introduce other video clips from various MLB games in which Puig played during the 2019 season. (*See* Exhibits 165-169). To authenticate these, the government retrieved the clips from MLB.com and obtained a certification from an MLB employee, Christopher Knettel, who certified the authenticity of the videos. (*See* Exhibit 170; Dkt. No. 311 at 4). The fact that the government has not gone through a similar process with respect to the videos at issue here says all there is to say about the propriety of its current proposal.

Finally, the late disclosure of the proposed video evidence raises serious issues under Federal Rule of Criminal Procedure 16. Rule 16 requires the disclosure of a defendant's statements in possession of the government. *See United States v. Rodrigues*, 103 F.3d 143 (9th Cir. 1996) ("Pursuant to Rule 16(a)(1)(A), the [g]overnment is required to disclose … written or recorded statements made by the defendant[.]"). The defense does not know how long the government has had these videos in its possession, but both videos have been disclosed to the defense in the last four days, and during this trial. The last-minute disclosure of the videos means it is difficult if not impossible for the defense to investigate their provenance and whether they have been edited or otherwise manipulated. Separate and apart from any concerns regarding authenticity, the videos should also be excluded as violative of Rule 16.

1       For all these reasons, this Court should exclude Exhibits 452, 606, and any other similarly unauthenticated video evidence.

DATED: January 26, 2026       COOLEY LLP

By:  /s/ *Brian Klein*
     Brian Klein
     *Attorneys for Defendant Yasiel Puig Valdes*