TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
MICHAEL J. MORSE (Cal. Bar No. 291763)
LAURA A. ALEXANDER (Cal. Bar No. 313212)
Assistant United States Attorneys
Public Corruption and Civil Rights Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0304/7367/1019
     Facsimile: (213) 894-0141
     Email:     juan.rodriguez@usdoj.gov
                michael.morse@usdoj.gov
                laura.alexander@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 22-00394-DMG |
|---|---|
| Plaintiff, | GOVERNMENT'S TRIAL BRIEFING REGARDING THE ADMISSION OF VIDEO EVIDENCE |
| v. | |
| YASIEL PUIG VALDES, | |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney's Office for the Central District of California and Assistant United States Attorneys Juan M. Rodriguez, Michael J. Morse, and Laura A. Alexander, hereby files its trial briefing regarding the admission of video evidence

This briefing is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: January 27, 2026          Respectfully submitted,

                                 TODD BLANCHE
                                 Deputy Attorney General

                                 BILAL A. ESSAYLI
                                 First Assistant United States
                                 Attorney

                                 ALEXANDER B. SCHWAB
                                 Assistant United States Attorney
                                 Acting Chief, Criminal Divisio


                                 _____/s/_____
                                 JUAN M. RODRIGUEZ
                                 MICHAEL J. MORSE
                                 LAURA A. ALEXANDER
                                 Assistant United States Attorneys

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Defendant Yasiel Puig Valdes ("defendant") currently stands trial for repeatedly lying to federal agents and attempting to obstruct their investigation during a January 2022 interview.  Now and throughout trial, defendant has repeatedly advanced the demonstrably false claim that he does not understand the English language.  As a former Major League Baseball ("MLB") player, defendant was and is a public figure who has spoken publicly, in English, in various settings, including at MLB press conferences and lengthy sit-down interviews.  Remarkably, defendant seeks to shield the jury from learning of his English proficiency by moving to exclude video evidence of defendant speaking publicly, and at-length, in English.

To combat this unexpected and incredible claim, the government plans to seek admission of video evidence that demonstrates defendant's language proficiency.  The government will lay foundation through a testifying agent who retrieved video evidence of defendant speaking English, publicly, on publicly available websites.  The government will lay sufficient foundation for how the agent captured the video clips.  Accordingly, this Court should reject defendant's thinly-veiled attempt to mislead the jury.

**II.  ARGUMENT**

    **A.  Publicly Available Video Evidence of Defendant Is Admissible Since Sufficient Foundation Will Be Laid**

The authentication requirement is a low bar; the government "need only make a prima facie showing of authenticity" and "[t]he credibility or probative force of the evidence offered is,

1  ultimately, an issue for a jury." United States v. Black, 767 F.2d
2  1334, 1342.  A video captured from the internet may be authenticated
3  by a witness who captured the material, provided other indicia of
4  authenticity are present.  In United States v. Ehmer, 87 F.4th 1073
5  (9th Cir. 2023), the Ninth Circuit held that the district court did
6  not abuse its discretion in holding that an adequate foundation was
7  established by an agent's testimony that he had personally downloaded
8  a news report from a particular website.  Id. at 1122.  In Elmer, the
9  news report offered by the prosecution showed an interview with a co-
10 conspirator; the defendant argued at trial that its admissibility
11 lacked foundation because there was no testimony about the editing
12 techniques used to select the interview excerpt that was in the
13 report.
14      The Ninth Circuit dismissed this argument, holding that
15 "[a]lthough there was no testimony . . . as to the editing process
16 used to select the interview excerpts that were contained in the
17 report," there was "no obvious disjointedness in either the substance
18 of what was recounted or the sound of the audio recording and it was
19 reasonable to infer, in the absence of any evidence to the contrary,
20 that the pairing of question and answers was genuine." Id.  The
21 Ninth Circuit found no error in the district court's decision to
22 admit the news report.  See id. at 1122-25 (rejecting additional
23 arguments against admitting the report, such as Confrontation Clause
24 and rule-of-completeness challenges).
25      Other courts have reached the same conclusion.  See, e.g.,
26 United States v. Needham, 852 F.3d 830, 836 (8th Cir. 2017)
27 (admitting archived screenshot from website that was disabled after
28

commencement of investigation for child pornography, based on testimony of federal agent who had viewed the website before it was disabled and confirmed that the screenshot was the same as the formerly public website content); Pohl v. MH Sub I, LLC, 332 F.R.D. 713, 717 (N.D. Fla. 2019) ("Defendant may properly authenticate the screenshots from WayBack Machine by providing testimony of a witness who saw and printed the posting from the WayBack Machine website, so long as the screenshots contain circumstantial indicia of authenticity."); Data Axle, Inc. v. CFM Data Network, LLC, 2025 WL 1261228, at *3 n.4 (D. Minn. May 1, 2025) (holding that screenshots "were properly authenticated" by a witness "who personally visited those websites"); see also Iglesia Ni Cristo v. Cayabyab, 2020 WL 1531349, at *4 (N.D. Cal. Mar. 31, 2020) ("A screenshot of online content may be authenticated by testimony of the person who took the screenshot, so long as the screenshot also contains circumstantial indicia of authenticity.") (citing Pohl and Needham).

Here, a government case agent will testify to the process by which he captured the videos at issue. Specifically, he will testify to the software used to capture the publicly available video clips, which show the defendant providing interviews in English, in public. Such foundation is sufficient to admit video clips, since the government need only show that the video is what it purports to be – the defendant speaking English.

Defendant's cases are unpersuasive. Sublime v. Sublime Remembered, No. CV 06-6059 CAS FMOX, 2013 WL 3863960, at *4 (C.D. Cal. July 22, 2013) is unpersuasive because the proponent offered a video that was only relevant if it occurred at a certain time period

3

1  (post-injunction) and the proponent could not provide reliable
2  evidence as to "when or where the videos" were created.  Here, the
3  video the government seeks to admit is of defendant's press
4  conference with the Cincinnati Reds.  He was only on the Reds at one
5  point in his career, beginning in late 2018 and ending in 2019—
6  overlapping with the time period of defendant's gambling and years
7  before the interview in which defendant alleges he did not understand
8  or speak English (2022).  Similarly, Strojnik v. Azul Hosopitality
9  Grp., No. 219CV01877TLNACPS, 2019 WL 6467494, at *2 (E.D. Cal. Dec.
10 2, 2019) is distinguishable on the basis that there the proponent
11 asked the court to take judicial notice of a video, which is markedly
12 different that the situation before this Court.  The defendant also
13 relies on Thompson v. Polaris Indus. Inc., No. CV-16-02868-PHX-DJH,
14 2019 WL 2173965, at *11 (D. Ariz. May 17, 2019), where the court
15 excluded videos because it was unclear to what extent the vehicles
16 featured in those videos (which were the central issue at trial), had
17 been physically altered in some way before the videos were taken.
18 This case is readily distinguishable from the facts here, where the
19 government's case agent can and will testify that he recognizes
20 defendant in the press conference video.  Indeed, there is also
21 circumstantial indicia of authenticity given that the press
22 conference at issue was public, and attended by both defendant and
23 members of the press.  In any event, even Thompson makes clear that
24 "[e]vidence can be authenticated through testimony from a 'person
25 with knowledge' or testimony about the 'appearance, contents,
26 substance, internal patterns, or other distinctive characteristics of

4

the item, taken together with all the circumstances'" which is precisely what the government will do through its case agent.

At bottom, Ninth Circuit caselaw and other circuits make clear that foundation is sufficiently laid in such a circumstance. Defendant's arguments to the contrary go to the weight, not the admissibility, of the evidence. Moreover, this Court should not allow the defendant to deprive the jury of the publicly available truth regarding his English proficiency. Jury trial is, at bottom, a truth-finding endeavor. To allow the defendant to deprive jurors of the truth regarding his ability to speak English would undermine the truth-finding function of jury trial. This Court should decline defendant's attempt to avoid confronting clear evidence that contradicts his claim that he cannot speak English. Accordingly, and consistent with the law, this Court should deem video evidence of defendant's ability to speak English admissible.