UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>YASIEL PUIG VALDES,<br><br>　　　　Defendant. | Case No. CR 22-394-DMG<br><br>**ORDER RE MOTION FOR SUBSTITUTE SERVICE ON DANNY HORWITS AND BEVERLY HILLS SPORTS COUNCIL [331]** |

ORDER

Defendant Yasiel Puig moves for an order of substituted service on Daniel M. Horwits and Beverly Hills Sports Council, Inc. ("BHSC"). Regarding Horwits, Puig's counsel represents that they have attempted to serve a trial subpoena on Horwits twice at an address in Texas obtained from public records. Counsel has also spoken with an attorney they state represents Horwits but who has indicated he does not have authority to accept a subpoena for Horwits and has not indicated he can accept a subpoena for BHSC.

As an initial matter, the Court has not been provided with and has been unable to locate any authority authorizing service of a subpoena on an attorney who has not been authorized to accept a subpoena. The case law regarding criminal subpoenas requires strict compliance with Federal Rule of Criminal Procedure 17. *See* 2 Fed. Prac. & Proc. Crim. § 277 (4th ed.) (citing *United States v. Davenport*, 312 F.2d 303, 306–307 (7th Cir. 1963); *United States v. Venecia*, 172 F.R.D. 438 (D. Or. 1997)). Even Federal Rule of Civil Procedure 45, the corollary to Rule 17, under which alternative forms of service are sometimes authorized, has not been used, in the authority located by the Court, to justify service on an attorney who does not have authority to accept service. *See Bryson v. W. Coast Life Ins. Co.*, No. CV 23-00193-JLT-SKO, 2024 WL 689541, at *3 & n.3 (E.D. Cal. Feb. 20, 2024) ("It is well-established that service of a subpoena on an attorney does not constitute personal service on the respondent under Rule 45. . . . Contrast this with a situation where a subpoenaed party has authorized their current attorney to accept service of a subpoena on their behalf.").

Furthermore, while the Court is inclined to grant alternative service by email on Horwits (both on his own behalf and as a representative of BHSC, given that he is apparently listed as the CEO, CFO, Director, and agent for service of process with

the California Secretary of State)[1] based on what appear to be diligent efforts to attempt to effectuate personal service on him, there is no explanation of why the email address provided for him is believed to ensure delivery to him. The Court is left to speculate as to why an email is any more likely to reach Horwits than attempts to serve him personally at his home address. *See Chambers v. Whirlpool Corp.*, No. SACV11-1733-FMO (JCGx), 2016 WL 9451361, at *2 (C.D. Cal. Aug. 12, 2016) ("Absent further guidance from the Ninth Circuit, the court believes the better view is that 'delivery' under Rule 45 means a manner of service reasonably designed to ensure actual receipt of a subpoena by a witness.").

The Court will also allow substitute service on the Secretary of State pursuant to the procedure set forth in California Corporate Code § 1702, although the Court observes that Puig has specifically requested service on Horwits and his attorney and not the Secretary of State. The Court will defer ruling on whether email service on Horwits is appropriate until such time as Puig makes a showing through a sworn declaration that service via the proposed email address is reasonably likely to ensure actual receipt by Horwits.

IT IS SO ORDERED.

Dated: January 29, 2026

DOLLY M. GEE
Chief United States District Judge

---

[1] "Service on an agent of a corporation is sufficient . . . even though the agent on whom service is made does not have control of the books and records required to be produced, since it is not the agent who is to respond to the subpoena but the corporation, and the agent in that situation is merely the vehicle for reaching the corporation[.]" Service of a Subpoena, 9A Fed. Prac. & Proc. Civ. § 2454 (3d ed.); *see also Netlist, Inc. v. Montage Tech., Inc.*, No. 22-MC-80337-VKD, 2023 WL 2940043, at *2 (N.D. Cal. Feb. 24, 2023) (same).