UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES—GENERAL**

| Case No. | CR 22-394-DMG | Date | March 9, 2026 |
|---|---|---|---|

| Present: The Honorable | DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE | Page | 1 of 3 |
|---|---|---|---|

| Derek Davis | Not Reported | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendant(s): | Present | Appt. | Ret. |
|---|---|---|---|---|---|---|---|
| Yasiel Puig Valdes | Not | | ✓ | Keri Axel | Not | | ✓ |

**Proceedings: (IN CHAMBERS) ORDER DISCHARGING ORDER TO SHOW CAUSE, VACATING HEARING, AND DECLINING TO PURSUE CRIMINAL CONTEMPT SANCTIONS**

Defendant Yasiel Puig Valdes served subpoenas on third party Daniel Horwits (a person associated with the sports agency Beverly Hills Sports Council ["BHSC"]) to testify at Puig's criminal trial on February 3, 2026 at 8:30 a.m. On February 3, 2026, the Court ordered Horwits to show cause by February 4, 2026 at 8:30 a.m. why it should not hold him in contempt for failure to comply with the subpoenas. 2/3/2026 OSC [Doc. # 377]. The Court alternatively stated that it would discharge the show cause order if Horwits appeared at that date and time to testify.

Horwits did not appear until approximately 11:00 a.m. on March 4, 2026. Therefore, the Court continued the hearing on the OSC to March 10, 2026 and ordered Horwits to appear on that date to address why the Court should not refer the matter for a criminal prosecution for contempt. 2/4/2026 Order [Doc. # 381].

Horwits filed a response to the OSC. [Doc. # 422.] Puig and the Government filed replies to Horwits' response. Puig Reply [Doc. # 429]; Gov't Reply [Doc. # 431].[1] The Court has reviewed their filings and for the reasons discussed herein, **DISCHARGES** the order to show cause, **DECLINES** to pursue criminal contempt sanctions, and **VACATES** the March 10, 2026 hearing.

**I.
DISCUSSION**

The Court has discretion to hold a witness in contempt who disobeys a subpoena without adequate excuse. Fed. R. Crim. P. 17(g). This can include criminal contempt proceedings, after prosecution on notice. Fed. R. Crim. P. 42(a). "[B]efore a person can be found in contempt, it must be shown that he had

---

[1] The Government's Reply was filed four days after the March 3, 2026 deadline the Court imposed. [Doc. # 381.] Because the Government's Reply is responsive to Puig's arguments in his March 3, 2026 Reply, however, the Court will briefly address it, specifically whether Puig must pay Horwits' attorney fees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES—GENERAL**

| Case No. | CR 22-394-DMG | | Date | March 9, 2026 |
|---|---|---|---|---|

| Present: The Honorable | DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE | Page | 2 of 3 |
|---|---|---|---|

the ability to comply with the subpoena." *United States v. Cederquist*, 641 F.2d 1347, 1352 (9th Cir. 1981).[2]

The subpoenas in question directed Horwits to testify on February 3, 2026 and to bring "[a]ll text message communications between Daniel Horwits and Yasiel Puig Valdes from February 1, 2019 to September 1, 2019[.]" [Doc. # 379-1 at 3–6.] They were directed to Horwits personally and as the custodian of records for BHSC. *Id.*

Having reviewed the parties' evidentiary submissions and being familiar with the record, the Court finds that Horwits had the ability to comply with the subpoenas. Defense counsel reached out to Benjamin Levine, Horwits' attorney, more than a week before trial began. *See* Decl. of Keri Axel ¶¶ 7–12 (email communications with Horwits' counsel about accepting a subpoena for trial testimony began as early as January 8, 2026). *Id.* ¶ 11. Puig's counsel attempted to serve Horwits at his home in Texas on January 21 and 23, 2026. [Doc. # 331-1 at 5.] Counsel served Horwits with the subpoenas on January 31, 2026, pursuant to the order granting substitute service. Axel Decl. ¶ 23; *see also* Doc. # 428-3 at 8. Defense counsel informed Levine on February 1, 2026 that Horwits was due in court on February 3, 2026 pursuant to the subpoenas. *Id.* ¶ 24; *see also* Doc. # 428-3 at 7. Notably, in response to the OSC, Horwits has not submitted any declarations or evidence[3] to explain why it was so difficult for defense counsel to effect service on him.

Horwits had ample time to book a ticket to Los Angeles to arrive by February 3, 2026 and chose not to. Having been served with a subpoena, he should not have assumed the parties would come to a resolution that would obviate the need for his testimony, even while Puig's counsel attempted to pursue other options. And he could still have avoided violating the Court's order had he heeded Axel's advice that he "should plan to get on a plane" on the morning of February 3, 2026, yet he waited until the next

---

[2] Horwits makes much of the opportunity he was given to avoid contempt sanctions if he appeared to testify on February 4, 2026 at 8:30 a.m. He argues that under *Shillitani v. United States*, 384 U.S. 364 (1966), the contempt was therefore civil and the Court lacks authority now to pursue criminal contempt sanctions.

In *Shillitani*, recalcitrant witnesses were incarcerated pending their grand jury testimony. This was civil contempt, and *Shillitani* held that the authority to continue to imprison them for civil contempt ended once the grand jury was discharged because, at that point, the remedial justification for the imprisonment ended. *See generally id.* There is no authority, however, that the Court cannot both offer a recalcitrant witness an opportunity to cure their contempt and then subsequently impose criminal contempt sanctions when the witness fails to do so. *See United States v. Winter*, 70 F.3d 655, 664 (1st Cir. 1995). Once it became apparent Horwits had not complied with the Court's order by appearing at 8:30 a.m. on February 4, the Court made clear that any future sanctions imposed would be for a punitive, not a remedial effect. The purpose of future proceedings was no longer coercive. The Court thus retains the authority to impose criminal contempt as a sanction pursuant to Rules 17 and 42, but declines to do so for the reasons stated in this Order.

[3] Factual contentions should not be presented to the Court in Horwits' response to the OSC but should be supported with sworn declarations or other evidence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES—GENERAL**

| | |
|---|---|
| Case No.  CR 22-394-DMG | Date  March 9, 2026 |
| Present: The Honorable  DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE | Page  3 of 3 |

morning to leave Texas. *See* Doc. # 428-3 at 4. His actions risked the consequences of being held in contempt of court.

Nevertheless, in light of the fact that Puig ultimately did not call Horwits as a defense witness and that Horwits did appear, albeit late, on February 4, 2026, the Court declines to refer the matter for prosecution for criminal contempt. No purpose is served by further sanctions in this matter, given the effort expended by Horwits to comply with subpoenas that were ultimately unnecessary. Given this resolution, the Court need not address Horwits' alternative arguments that the subpoenas should be quashed.

As a final matter, the Court notes that Puig's reply asks the Court to vacate its order for the defense to pay Horwits' expenses and fees to attend the trial on February 4, 2026. 2/4/2026 Tr. at 33 [Doc #. 423][4]; Reply at 12. To the extent there is any confusion, the Court clarifies its ruling as follows: the defense is responsible for Horwits' witness fees (*i.e.*, $40 daily attendance fee and costs traveling to and from the trial), as is required for any subpoenaed witness under Fed. R. Crim. P. 17(d) and itemized in 18 U.S.C. § 1821. Horwits shall otherwise bear his own legal fees inasmuch as they were incurred due to his own non-compliance or untimely compliance with the subpoena.

**III.
CONCLUSION**

The order to show cause is DISCHARGED, and the March 10, 2026 hearing is VACATED.

**IT IS SO ORDERED.**

---

[4] The record reflects the following exchange:

> The Court: All right. I'm going to require you to pay all of Mr. Horwits' expenses for having made the flight out here at the last minute.
> [Defense counsel]: We had already offered to do that, Your Honor, as part of the witness.
> The Court: And that includes having to have the attorneys appear here at 8:30 in the morning.
> [Defense counsel]: Your Honor, I don't think that would be appropriate because he was supposed to be here two days ago.

2/4/2026 Tr. at 33–34.