TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Assistant United States Attorney
Chief Assistant United States Attorney &
Criminal Chief, Criminal Division
JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
MICHAEL J. MORSE (Cal. Bar No. 291763)
LAURA A. ALEXANDER (Cal. Bar No. 313212)
Assistant United States Attorneys
Public Corruption and Civil Rights Section
        1100 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-0304/7367/1019
        Facsimile: (213) 894-0141
        Email:    juan.rodriguez@usdoj.gov
                  michael.morse@usdoj.gov
                  laura.alexander@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 22-00394-DMG |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT YASIEL PUIG VALDES'S *EX PARTE* APPLICATION FOR ORDER SEALING PUIG'S OBJECTIONS TO THE PRESENTENCE INVESTIGATIVE REPORT |
| v. | |
| YASIEL PUIG VALDES, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney's Office for the Central District of California and Assistant United States Attorney Juan M. Rodriguez, Michael J. Morse, and Laura A. Alexander, hereby files its Opposition to defendant's Ex Parte Application for an Order Sealing His Objections to the Presentence Investigation Report.

This Opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: May 6, 2026                      Respectfully submitted,

                                        TODD BLANCHE
                                        Acting Attorney General

                                        BILAL A. ESSAYLI
                                        First Assistant United States
                                        Attorney

                                        JENNIFER L. WAIER
                                        Chief Assistant United States
                                        Attorney & Chief, Criminal Division


                                        _____/s/_____
                                        JUAN M. RODRIGUEZ
                                        MICHAEL J. MORSE
                                        LAURA A. ALEXANDER
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

## <u>MEMORANDUM OF POINTS AND AUTHORITIES[1]</u>

**I.   INTRODUCTION**

Defendant Yasiel Puig Valdes ("defendant") applies <u>ex parte</u> for an order sealing his objections to the Presentence Investigation Report ("Objections").  He claims that references to his finances and net worth "throughout" his Objections warrant wholesale sealing, yet he specifically references his net worth once, and other sensitive financial information appears, at best, on approximately five lines of the seven-page document.  Defendant thus fails to carry his burden of demonstrating a "compelling reason" to overcome the "strong presumption" against sealing court documents from the public's view. This strong presumption applies to access to court records in <u>all</u> cases, for <u>all</u> defendants; this defendant is no exception.  The government thus respectfully requests that the Court grant in part and deny in part defendant's <u>ex parte</u> application, and order that only the very limited references to his finances and net worth (located on lines 2-5 of page 6 and lines 2-4 and 6 of page 7 of the Objections) be filed under seal and that a copy of defendant's Objections be publicly filed with the sealed material redacted.

The Court should alternatively deny defendant's application in its entirety due to defense counsel's failure to properly meet-and-confer with the government regarding his <u>ex parte</u> application; counsel simply emailed the government two hours in advance of the filing, at 5:08 p.m., which is after business hours, and asked the

---

[1] The government limits its Opposition to defendant's <u>ex parte</u> application to the sealing issue.  The government intends to address the merits of his Objections, which are questionable considering his public display of his lavish lifestyle, in a separate filing before his sentencing.

government to provide its position by 6:30 p.m.  Defense counsel undoubtedly knew about this filing before May 5, 2026, and thus their failure to meet-and-confer is due to lack of diligence or gamesmanship.  Indeed, defense counsel's declaration to this Court stating that he emailed government counsel "[i]n the afternoon of May 5, 2026" is, at best, misleading.  Such blatant (and consistent) disregard for this Court's procedures, and for the government's right to weigh in on applications before their filing, should not be tolerated as this Court has previously admonished defense counsel for "delay[ing] bringing [a prior] application so long [that] defendant [] effectively left no time for an adequate meet and confer process" which is exactly what defense counsel did here.  (Dkt. 415 at 1 n.1.)

**II.  ARGUMENT**

The right of access to criminal trials is generally protected by both the First Amendment and the common law.  See United States v. Sleugh, 896 F.3d 1007, 1013 (9th Cir. 2018).  The Supreme Court instructed that courts consider (1) "whether the place and process have historically been open to the press and general public," and (2) "whether public access plays a significant positive role in the functioning of the particular process in question," when determining whether there is a First Amendment right of access to criminal proceedings.  Press-Enterprise Co. v. Super. Court of Cal. for Riverside County, 478 U.S. 1, 8 (1986).  If the proceeding passes this "experience and logic" test, a qualified First Amendment right of access attaches.  Id. at 9.  The Supreme Court has recognized a First Amendment right of access to criminal trials, Globe Newspaper Co. v. Super. Ct. for Norfolk County, 457 U.S. 596, 604-05 (1982), jury voir dire; Press-Enterprise Co. v. Superior Court, 464 U.S. 501,

(1984); and preliminary hearings before a judicial officer as conducted in California, Press-Enterprise II, 478 U.S. at 13. This right can only be overcome by an "overriding interest ... that closure ... is **narrowly tailored** to serve that interest." Sleugh, 896 F.3d at 1013 (quoting Phoenix Newspapers, Inc. v. U.S. Dist. Court, 156 F.3d 940, 946 (9th Cir. 1998) (emphasis added)).

A separate, common law right to "inspect and copy public records and documents, including judicial records and documents" also exists. Doe, 870 F.3d at 996–97 (quoting United States v. Bus. of Custer Battlefield Museum & Store Located at Interstate 90, Exit 514, S. of Billings, Mont., 658 F.3d 1188, 1192 (9th Cir. 2011)); Nixon v. Warner Commnc'ns, Inc., 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."). The Ninth Circuit has also recognized "a strong presumption in favor of access to court records." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003). The presumption of access is "based on the need for federal courts, although independent — indeed, particularly because they are independent — to have a measure of accountability and for the public to have confidence in the administration of justice." United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir.1995); see also Valley Broad. Co. v. U.S. Dist. Court — D. Nev., 798 F.2d 1289, 1294 (9th Cir. 1986) (explaining that the presumption of public access "promot[es] the public's understanding of the judicial process and of significant public events").

Accordingly, "[a] party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the

3

'compelling reasons' standard." Kamakana, 447 F.3d at 1178.  Under this stringent standard, a court may seal records only when it finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." Id. at 1179. The court must then "conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." Id. (quoting Foltz, 331 F.3d at 1135) (alteration in original) (internal quotation marks omitted).  What constitutes a "compelling reason" is "best left to the sound discretion of the trial court." Nixon, 435 U.S. at 599, 98 S.Ct. 1306.

Here, defendant applies ex parte to seal his objections to the Presentence Investigation report because, according to defendant, his "private financial information, such as his pending bankruptcies and net worth are discussed through his objections." (Application at 1.) Defendant then summarily claims that "access to this information regarding Mr. Puig's financials is outweighed by the need for Mr. Puig to maintain its confidentiality." (Id.)  Through this summary assertion, defendant fails to meet his burden of demonstrating a "compelling reason" that overcomes the strong presumption against sealing his Objections from the public's view.

First, defendant's "financials" and "net worth" are not referenced anywhere in the first or second section of defendant's Objections, which addresses what he calls "The Alleged Offense Conduct."  In this section, defendant simply claims that the facts demonstrated at trial through testimony and evidence, by which the jury convicted defendant of both counts, are not true.  Defendant made these exact claims at his public trial, which the jury rejected.

Defendant may disagree with the jury's verdict, but there is simply no basis, much less a "narrowly tailored" one, for sealing this section of his Objections.

Second, defendant's "financials" and "net worth" are not referenced anywhere in the second section of his Objections, titled, "Offense Level Computation," nor are they referenced in the first two subsections of the third section of his Objections, titled "Mental and Emotional Health," and "Employment" history.  Accordingly, the first four of the seven pages of defendant's Objections have nothing to do with defendant's proclaimed rationale for sealing, and his application to seal these pages should be rejected.

Finally, defendant's references to his personal financial information in the subsection titled "Financial Condition: Ability to Pay," are minimal.  He cites his net worth once.  (Objections at 7.) Further, at lines 1-4 on page 6, he cites legal proceedings involving his properties and finances.  (Id.)  Had defendant made any efforts to meet and confer with the government on his ex parte application (as required), the government would have represented to him, as it represents to the Court now, that it has no objection to defendant sealing these specific references by redacting them on a publicly-filed version of his Objections.  Otherwise, defendant fails to demonstrate an "overriding interest . . . that [sealing] . . . is narrowly tailored to serve [the public's] interest" in access. Sleugh, 896 F.3d at 1013.

//

//

//

5

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court grant in part and deny in part defendant's ex parte application for an order sealing his objections to the presentence investigation report, and that the Court remind defense counsel of their obligation to properly meet-and-confer.