Keri Curtis Axel (Bar No. 186847)
 kaxel@waymakerlaw.com
Jose R. Nuño (Bar No. 312832)
 jnuno@waymakerlaw.com
Riley P. Smith (Bar No. 337598)
 rsmith@waymakerlaw.com
WAYMAKER LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
Telephone: (424) 652-7800
Facsimile:  (424) 652-7850

Brian Klein (Bar No. 258486)
 bklein@cooley.com
Chip Harrison (Bar No. 313028)
 charrison@cooley.com
Viviana Andazola Marquez (Bar No. 354307)
 vandazolamarquez@cooley.com
COOLEY LLP
350 S. Grand Avenue, Suite 3200
Los Angeles, California 90071
Telephone: (213) 561-3250
Facsimile: (213) 561-3244

*Attorneys for Defendant*
*Yasiel Puig Valdes*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>      v.<br><br>YASIEL PUIG VALDES,<br><br>            Defendant. | Case No. CR 22-394-DMG<br><br>**DEFENDANT YASIEL PUIG'S *EX PARTE* APPLICATION TO CONTINUE SENTENCING HEARING**<br><br>*[Filed concurrently with Declaration of Riley P. Smith; and [Proposed] Order]*<br><br>Courtroom of Hon. Dolly M. Gee |

DEFENDANT YASIEL PUIG'S *EX PARTE* APPLICATION TO CONTINUE SENTENCING HEARING

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that defendant Yasiel Puig hereby applies to this Court, on an *ex parte* basis, for an order continuing Mr. Puig's sentencing hearing from June 30, 2026 to July 28, 2026, or on another date thereafter that is convenient for the Court.

Relief cannot be sought via a regularly noticed motion because the sentencing hearing is currently scheduled for June 30.  Accordingly, Mr. Puig seeks the continuance through the filing of the instant *Ex Parte* Application.  Pursuant to Local Rule 7-19.1, Mr. Puig's counsel conferred with the government regarding this Application.  (Smith Decl. ¶¶ 2-5.)  On June 24, the government indicated that it opposes this Application.  (*Id*. ¶ 5.)

This is Mr. Puig's first request to continue the sentencing hearing, which seeks only to extend the sentencing date by one month.  Good cause exists to grant Mr. Puig's Application.

The district court has broad discretion to grant or deny a continuance.  *See United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985).  While courts generally "must impose sentence without unnecessary delay," it may deviate for good cause shown.  *See* Fed. R. Crim. P. 32(b)(1)-(2).  Factors the court may consider in determining whether good cause exists to continue a sentencing hearing are "(1) the defendant's diligence in preparing his case; (2) the likelihood that the continuance would serve a useful purpose; (3) the inconvenience to the court and opposing party; and (4) the harm the defendant suffered as a result of the denial of the continuance." *United States v. Anguiano*, 731 Fed. App'x 699, 700 (2018) (citing *United States v. Mejia*, 69 F.3d 309, 314-15 (9th Cir. 1995)).

Each of the four factors weighs in favor of granting the continuance.  First, courts consider whether the defendant "was diligent in preparing his defense or whether his request for a continuance appears to be a delaying tactic." *United States v. Kloehn*, 620 F.3d 1122, 1127 (9th Cir. 2010).  Mr. Puig has been diligent in

1

preparing for sentencing and this request is not a delay tactic.  Mr. Puig and the defense team have been diligent in its attempts to obtain and provide all helpful and relevant information about Mr. Puig's finances to the Probation Officer despite the complicated foreclosure proceedings Mr. Puig has faced over the last several months, and despite Mr. Puig's reliance on others to manage his finances. Critically, the ongoing foreclosure proceedings made it difficult for Mr. Puig to provide an accurate picture of his net assets for the Personal Financial Statement ("PFS"), including information about the liabilities on, and values of, his properties.

In spite of these hurdles, Mr. Puig, through counsel, has provided most of the financial information required of him, including a signed Cash Flow Statement, (*see* Dkt. 444, PSR Objections, at 6-7), bank records, and authorizations to pull tax returns provided on April 20 (*see* Smith Decl. ¶ 7).  As for the net asset portion of the PFS, the ongoing foreclosure proceedings have made it difficult to provide clarity on Mr. Puig's net assets, including Mr. Puig's liabilities regarding his properties and the properties' values.  Nonetheless, on April 20, Mr. Puig provided the Probation Officer with a Financial Addendum that explained Mr. Puig's evolving financial situation, including as related to his mortgage obligations, and an April 17 letter from foreclosure counsel containing the information he had at the time concerning Mr. Puig's properties.  (*See id*. ¶ 7.)  While the status of his properties has remained in flux, defense counsel has continued to remain apprised of the situation through Mr. Puig's financial assistant and foreclosure counsel, and understands that a recent event in the foreclosure proceedings will now allow Mr. Puig to provide updated and more detailed information to the Probation Office and the Court.  Specifically, on June 22, foreclosure counsel informed defense counsel that pursuant to court order, July 6 has been set for the public sale of one property, and he will be in receipt of more complete information prior to that date.  (*Id*. ¶ 8.) Mr. Puig will be able to use that information to update the Probation Officer concerning his assets and liabilities so it may be considered by this Court at

DEFENDANT YASIEL PUIG'S *EX PARTE* APPLICATION TO CONTINUE SENTENCING HEARING

sentencing.  Mr. Puig respectfully requests the opportunity to include this updated information for sentencing.

The Probation Officer has indicated her willingness to update the PSR once that information is received.  (Smith Decl. ¶ 9.)

This continuance request is not a delay tactic and not made for the purpose of personal convenience.  Mr. Puig has been willing to come to Los Angeles during his season and has team approval to do so.  In fact, Mr. Puig was in Los Angeles when the Court continued sentencing on May 23.  (*See* Dkt. 459.)  This is Mr. Puig's first request to continue the sentencing hearing, and Mr. Puig has not otherwise attempted to delay these proceedings.

Second, a brief, four-week continuance would also serve a useful purpose.  If continued, Mr. Puig would be able to provide this Court with updated information concerning his net assets.  It would also allow the Probation Officer to submit an updated PSR and allow the government time to respond to the updated PSR.  This information will provide this Court with vital information to assist it in determining the appropriate fine at sentencing, if any.

Third, the continuance would not inconvenience the government or the Court.  All parties have submitted their respective sentencing positions.  The government will also have time to respond to this information before the continued hearing date, if it chooses, and the Court will have time to review and consider the parties' positions.

Fourth, Mr. Puig would be prejudiced by a denial.  Without the requested continuance, Mr. Puig will be deprived of the opportunity to provide this Court with a clearer picture of his assets and liabilities.  As such, Mr. Puig would risk the imposition of a fine that is disproportionate to his current assets.

All four factors favor granting Mr. Puig's first request for brief four-week continuance and this Court should find good cause exists to grant the four-week continuance.

DEFENDANT YASIEL PUIG'S *EX PARTE* APPLICATION TO CONTINUE SENTENCING HEARING

The government indicated that it opposes the defense's request, as it has throughout these proceedings.  The government opposes the application for the sole reason that, while Mr. Puig is committing to supplement the information provided concerning his net assets, Mr. Puig does not yet know what format that supplementation will take, given that his financial situation is fluid and he needs to confer with his counsel handling his foreclosure proceedings.  This is not a reason that would support denial of the continuance.  The government of course can respond to the revised PSR and the additional disclosures that are made, in whatever form they ultimately take, and make whatever arguments it wishes to make at sentencing. Good cause exists to grant the continuance to July 28.

For the foregoing reasons, Mr. Puig respectfully requests a continuance of the sentencing hearing by four weeks to July 28, 2026, or on another date convenient for the Court.

Respectfully submitted,

DATED: June 25, 2026                    WAYMAKER LLP


By: _____
KERI CURTIS AXEL
*Attorneys for Defendant Yasiel Puig Valdes*

WAYMAKER

4
DEFENDANT YASIEL PUIG'S *EX PARTE* APPLICATION TO CONTINUE SENTENCING HEARING