Keri Curtis Axel (Bar No. 186847)
 kaxel@waymakerlaw.com
Jose R. Nuño (Bar No. 312832)
 jnuno@waymakerlaw.com
Riley P. Smith (Bar No. 337598)
 rsmith@waymakerlaw.com
WAYMAKER LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
Telephone: (424) 652-7800
Facsimile:  (424) 652-7850

Brian Klein (Bar No. 258486)
 bklein@cooley.com
Chip Harrison (Bar No. 313028)
 charrison@cooley.com
Viviana Andazola Marquez (Bar No. 354307)
 vandazolamarquez@cooley.com
COOLEY LLP
350 S. Grand Avenue, Suite 3200
Los Angeles, California 90071
Telephone: (213) 561-3250
Facsimile: (213) 561-3244

*Attorneys for Defendant*
*Yasiel Puig Valdes*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>YASIEL PUIG VALDES,<br><br>Defendant. | Case No. CR 22-394-DMG<br><br>**DECLARATION OF RILEY P. SMITH IN SUPPORT OF DEFENDANT YASIEL PUIG'S *EX PARTE* APPLICATION TO CONTINUE SENTENCING HEARING**<br><br>Courtroom of Hon. Dolly M. Gee |

DECLARATION OF RILEY P. SMITH

## <u>DECLARATION OF RILEY P. SMITH</u>

I, Riley P. Smith, declare as follows:

1.     I am an attorney licensed to practice in the State of California.  I am an associate with Waymaker LLP, counsel to Defendant Yasiel Puig Valdes in this action.  I make this Declaration in support of Defendant Yasiel Puig's *Ex Parte* Application to Continue Sentencing Hearing in the above-captioned matter.  I have personal knowledge of the facts set forth herein and if called as a witness I could and would testify competently thereto.

2.     At 1:40 p.m. on June 23, 2026, I emailed the government the following: "The defense intends to file an *ex parte* application to continue sentencing for four weeks, until on or about July 28th, to provide more information to the Probation Officer regarding Puig's assets, in particular the properties in foreclosure proceedings. We have reached out to the Probation Officer, who is willing to consider additional information and update the PSR accordingly. We intend to file the *ex parte* tomorrow afternoon (June 24).  Please let us know if the government intends to oppose this request. Alternatively, if the government will stipulate to the extension, please let us know and we can prepare a stip."

3.     At 4:23 p.m., the government responded: "We'd be willing to stipulate to the continuance if your client is willing to provide the probation officer with an updated personal financial statement and documents relating to current and anticipated assets, such as his current baseball contract and other documents related to his financial condition (e.g., incentives, marketing, etc.).  We spoke with the probation officer and she informed us she will be requesting these documents in the near future.  Please let us know."

4.     At 5:16 p.m., my office responded: "The point of the short continuance is for us to try to address the outstanding issues with regarding to the financial statement, but we cannot premise our request for additional time on agreeing to address that in exactly the format the government believes is appropriate.  The

General Order itself provides some flexibility, and we don't know exactly what format the supplemental disclosures will take.  Mr. Puig is under foreclosure, which is a difficult and opaque system, and is consulting . . . counsel, who has been assembling information and advising on his legal strategy.  We will do the best we can to satisfy the Probation Office in accordance with the advice of . . . counsel and Mr. Puig's own limitations, and you can take whatever position you want to take on it, and ultimately any remaining issues will be before Judge Gee.  That's all we can say.  We are happy to enter into a stipulation that indicates that the additional short extension of time is to provide additional information and documents regarding current and anticipated assets, and that we will provide additional disclosures, but I can't agree to more than that."

5.    At 9:35 a.m. on June 24, the government responded: "We cannot stipulate to a continuance premised on providing probation with supplemental financial disclosures that are incomplete or not in accordance with probation's request for financial disclosures and documents.  Please note our opposition."

6.    I am causing or will cause to be served on counsel for the government in this action the *Ex Parte* Application to Continue Sentencing, the supporting declaration, and the [Proposed] Order.

7.    On April 20, 2026, my office provided the Probation Officer via email Mr. Puig's signature forms for the cash flow statement, the Authorization to Release Confidential Information form signed by Mr. Puig, a Financial Addendum, and a letter from Mr. Puig's foreclosure counsel dated April 17, 2026 containing information he had at the time concerning Mr. Puig's properties.

8.    On June 22, 2026, I corresponded with Mr. Puig's foreclosure counsel. He informed me of a court order setting July 6 as the date for the public sale of one of Mr. Puig's properties.  He also informed me that he will be in receipt of more complete information prior to that date.

2

DECLARATION OF RILEY P. SMITH

9.     On June 22, 2026, I spoke with the Probation Officer on the phone.  I informed her that Mr. Puig intended to move *ex parte* to continue sentencing in order to provide her with the information called for in the net asset portion of the PFS.  She indicated willingness to update the PSR in short order once that information is received.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 25th day of June, 2026, at Los Angeles, California.


_____
Riley P. Smith

DECLARATION OF RILEY P. SMITH