TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney &
Chief, Criminal Division
JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
MICHAEL J. MORSE (Cal. Bar No. 291763)
LAURA A. ALEXANDER (Cal. Bar No. 313212)
Assistant United States Attorneys
Public Corruption and Civil Rights Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0304/7367/1019
     Facsimile: (213) 894-0141
     Email:     juan.rodriguez@usdoj.gov
                michael.morse@usdoj.gov
                laura.alexander@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 22-00394-DMG |
|---|---|
| Plaintiff, | GOVERNMENT'S PARTIAL OPPOSITION TO DEFENDANT'S *EX PARTE* APPLICATION TO CONTINUE SENTENCING FROM JUNE 30 TO JULY 28, 2026 |
| v. | |
| YASIEL PUIG VALDES, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney's Office for the Central District of California and Assistant United States Attorneys Juan M. Rodriguez, Michael J. Morse, and Laura A. Alexander, hereby files its partial opposition defendant YASIEL PUIG VALDES' ("defendant") Ex Parte Application to Continue Sentencing from June 30 to July 28, 2026.  (Dkt. 460.)

This Opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated:  June 25, 2026                Respectfully submitted,

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
Acting United States Attorney

JENNIFER L. WAIER
Chief Assistant United States
Attorney &Chief, Criminal Division


/s/
JUAN M. RODRIGUEZ
MICHAEL J. MORSE
LAURA A. ALEXANDER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    INTRODUCTION**

Defendant Yasiel Puig Valdes ("defendant") seeks to continue his sentencing to provide the Court with information supporting his argument that no fine (or a small fine) is appropriate.  As the government told defense counsel (see Dkt. 460-1 at ¶ 3), the government does not oppose the continuance so long as defendant commits to providing documents that show current and anticipated assets —- documents the Probation Officer indicated she would be seeking from the defendant, such as defendant's 2026 "historic" baseball contract with the Toronto Maple Leafs, which was first brought to the Court's attention by the government.  Dkt. 456 at pp. 8-9.

In short, the government's ask was a simple one: commit to providing the Probation Officer with the financial information she seeks and the government will stipulate to the continuance. Shockingly, defense counsel was unwilling to commit to doing so and instead proposed doing "the best we can."  Dkt. 460-1 at ¶ 4.  But it defies logic how defense counsel would be unable to obtain and disclose to this Court a contract to which her client, defendant, is a party.

Indeed, it was only after the government apprised this Court of public reporting related to defendant's "historic" baseball contract that defendant acknowledged it in a filing before this Court.  That acknowledgement took the form of a declaration by defendant's sports agent, Lisette Carnet.  Dkt. 458.  As the declaration makes clear, Ms. Carnet has personal knowledge of the contract, so it's unclear

1

why defense counsel could similarly not obtain the contract from Ms. Carnet.[1]  Id. at ¶ 9.  It is telling that defense counsel is unwilling to commit to providing defendant's 2026 contract (or any other documents requested by the Probation Officer).  The government suspects that production of the contract, which has been publicly reported as the largest contract in the Canadian Baseball League's history, would conclusively show that defendant's finances are significantly better than he claims.

This Court should not allow defendant to stonewall the Probation Officer -- an arm of the Court -- from obtaining the documents she deems necessary to properly apprise the Court of defendant's finances.  These are the same documents required of all defendants. Accordingly, if the Court is going to grant defendant's application to continue sentencing, the government respectfully requests that the Court explicitly order that defendant provide the Probation Officer with an updated executed personal financial statement and any documents she requests, including defendant's current baseball contract with the Toronto Maple Leafs.

---

[1] Indeed, Ms. Carnet provides no specific information related to current or future compensation in defendant's baseball contract, attempting to shield critical information from this Court by referencing a "confidentiality provision[]."  However, Ms. Carnet does volunteer that "any incarceration would negate the contract and all earning capacity with that league."  In this way, defendant attempts to backdoor a collateral consequences argument against incarceration without disclosing the document upon which that argument relies.  Id. at ¶ 9-11.